

1  BRANCART & BRANCART
   Christopher Brancart (SBN 128475)
2     Elizabeth Brancart (SBN 122092)
   Post Office Box 686
3  Pescadero, CA 94060
   Tel:   (650) 879-0141
4     Fax:  (650) 879-1103
   cbrancart@brancart.com
5  ebrancart@brancart.com

*E-filing*

6  Attorneys for Plaintiffs

**JSW**

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10   **C 07    3437**

11  **EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN;**  | Case No.
12  **TIFFANY HUYNH; AURA MENDIETA; WILLIAM LABOY; MIGUEL ACOSTA;**  | **CLASS ACTION COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF; DEMAND FOR**
13  **CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS,**  | **TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR**
14  | **PERSONS**

15       **Plaintiffs,**  | **CLASS ACTION**

16       **vs.**

17  **THOMAS J. TOMANEK; and MARK GARIBALDI, individually**
18  **and doing business as THE GARIBALDI COMPANY,**  | **BY FAX**

19

20       **Defendants.**

21  ### I. INTRODUCTION

22      1.    In this action, plaintiffs, former tenants of the Rancho Luna & Rancho Sol

23  Apartments, a large rental complex located in Fremont, California, claim that defendant

24  Mark Garibaldi, doing business as The Garibaldi Company, violated the Racketeer

25  Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., by

26  engaging in a scheme of misrepresentation and other unlawful acts in connection with

27  retaining tenants' security deposits and demanding additional payments for alleged

28  property damage upon move-out.  Plaintiffs further claim that defendant Mark Garibaldi,

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1  doing business as The Garibaldi Company, and defendant Thomas J. Tomanek, have

2  engaged in unlawful and unfair business practices in the operation and management of

3  the Rancho Luna & Sol Apartments in violation of California Business & Professions

4  Code § 17200, et seq., and other state laws.  The class representative plaintiff brings

5  this action on behalf of herself and similarly situated individuals.

6  <center>**II.  JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**</center>

7      2.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 in

8  that the claims alleged herein arise under the laws of the United States.  This Court has

9  supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiffs'

10  state law claims because those claims are related to plaintiffs'  federal law claims and

11  arise out of a common nucleus of related facts.  Plaintiffs' state law claims are related to

12  plaintiffs' federal law claims such that those claims form part of the same case or

13  controversy under Article III of the United States Constitution.

14      3.      Pursuant to Local Rule 3-2, venue is proper in the San Francisco Division

15  or Oakland Division because the claims alleged herein arose within Alameda County,

16  California.

17  <center>**III.  PARTIES**</center>

18      4.      Plaintiffs Edith Macias and Hoton Duran resided in apartment 246 in the

19  Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between

20  November 1, 2004 and  November 1, 2005.  Plaintiff Edith Macias brings this suit on

21  behalf of herself and a class of similarly situated individuals.

22      5.      Plaintiff Tiffany Huynh resided in apartment 115 in the Rancho Sol section

23  of the Rancho Luna & Rancho Sol Apartments between July 27, 2002, and October 3,

24  2005.

25      6.      Plaintiff Aura Mendieta resided in apartment 104 in the Rancho Luna

26  section of the Rancho Luna & Rancho Sol Apartments between October 19, 2002, and

27  October 31, 2005.

28

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1         7.     Plaintiff William Laboy resided in apartment 108 in the Rancho Sol section

2  of the Rancho Luna & Rancho Sol Apartments between March 30, 2004, and April 1,

3  2005.

4         8.     Plaintiffs Miguel Acosta and Cruz Acosta resided in apartment 202 in the

5  Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between February

6  23, 2002 and April 4, 2006.

7         9.     Plaintiffs Cuauhtemoc Toral and Teresa Villegas resided in apartment 205

8  in the Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between

9  March 13, 2004, and March 30, 2005.

10        10.    Plaintiffs are informed and believe and thereon allege that defendant

11  Thomas J. Tomanek owns the Rancho Luna & Rancho Sol Apartments and has done

12  so at all times relevant herein.

13        11.    Plaintiffs are informed and believe and thereon allege that defendant Mark

14  Garibaldi, doing business as The Garibaldi Company, acts as the property manager

15  operating the Rancho Luna & Rancho Sol Apartments, and has done so at all times

16  relevant herein, employed by defendant Thomas J. Tomanek as his managing agent.

17  Defendant Mark Garibaldi, doing business as The Garibaldi Company employs agents

18  to assist him in the operation of the Rancho Luna & Rancho Sol Apartments.

19        12.    Plaintiffs are informed and believe and thereon allege that, at all times

20  mentioned herein, each and every defendant is and was, in doing the things

21  complained of herein, the agent of its co-defendants herein and was acting within the

22  scope of said agency and/or representation, and that each and every defendant herein

23  is jointly and severally responsible and liable to plaintiffs for the damages hereinafter

24  alleged.

25                           **IV.  FACTS**

26                       **A. INTRODUCTION**

27        13.    Pursuant to California Civil Code § 1950.5(e), a landlord "may not assert a

28  claim against the tenant or the security for damages to the premises or any defective

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1   conditions that preexisted the tenancy, for ordinary wear and tear or the effects thereof,

2   whether the wear and tear preexisted the tenancy or occurred during the tenancy, or for

3   the cumulative effects of ordinary wear and tear occurring during any one or more

4   tenancies." Defendants have engaged in a pattern and practice of asserting claims

5   against tenants and their security deposits for alleged damages to units at the Rancho

6   Luna & Rancho Sol Apartments that preexisted tenancy or consisted of ordinary wear

7   and tear during the tenancy, by unlawfully misrepresenting amounts due and owing,

8   and by using the United States mails in furtherance of that scheme. Defendants

9   wrongfully withhold the security deposits of vacating tenants as a method of funding

10  renovations and updates to units that have suffered only ordinary wear and tear during

11  the tenancy. This unlawful practice is generally applicable to defendants' former,

12  current and future tenants as a class.

13                          **B. EDITH MACIAS**

14          14.    On October 21, 2004, plaintiffs Edith Macias and Hoton Duran entered

15  into a written agreement with defendants for rental of apartment 246 in the Rancho

16  Luna section of the Rancho Luna & Rancho Sol Apartments. Pursuant to that

17  agreement, Ms Macias and Mr. Duran paid $1,700 as a security deposit before

18  commencing their tenancy.

19          15.    On November 1, 2005, Ms. Macias and Mr. Duran vacated apartment

20  246. Before vacating that apartment, Ms. Macias and Mr. Duran requested an initial

21  inspection by defendants. The purpose of that inspection was to allow Ms. Macias and

22  Mr. Duran the opportunity to remedy deficiencies identified by defendants in order to

23  avoid deductions from his security deposit. But defendants failed or refused to conduct

24  that inspection in accordance with California Civil Code § 1950.5(f)(1). At the time that

25  Ms. Macias and Mr. Duran vacated apartment 246, that dwelling had been returned to

26  the same condition, except for normal wear and tear, and same level of cleanliness as it

27  was at the inception of his tenancy.

28          16.    Nonetheless, defendants unlawfully, and acting in bad faith, charged

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

4

1   $2,818.75 for cleaning and damage to apartment 246, deducting that sum from the

2   security deposit paid by Ms. Macias and Mr. Duran.  Because the charges exceed the

3   amount of the security deposit, defendants claim that Ms. Macias and Mr. Duran owe

4   defendants $1,160.75.  Defendants have sought to collect those unlawful charges from

5   Ms. Macias and Mr. Duran through the use of a collection agency, T.A. Ross

6   Collections.  In July 2006, defendants placed the alleged debt with T.A. Ross

7   Collections for attempted collection.  Since that time, T.A. Ross Collections has made a

8   report regarding Ms. Macias that the alleged debt is in collection to the national credit

9   reporting agencies, resulting in a negative mark on Ms. Macias' credit report.

10                              **C.  TIFFANY HUYNH**

11          17.     On July 27, 2002, plaintiff Tiffany Huynh entered into a written agreement

12   with defendants for rental of apartment 115 in the Rancho Sol section of the Rancho

13   Luna & Rancho Sol Apartments.  Pursuant to that agreement, Ms. Huynh paid $400 as

14   a security deposit before commencing her tenancy.

15          18.     On October 3, 2005, Ms. Huynh vacated apartment 115.  At the time that

16   Ms. Huynh vacated apartment 115, that dwelling had been returned to the same

17   condition, except for normal wear and tear, and same level of cleanliness as it was at

18   the inception of her tenancy.

19          19.     Nonetheless, defendants unlawfully, and acting in bad faith, charged

20   $452.04 for cleaning and damage to apartment 115, deducting that sum from Ms.

21   Huynh's security deposit.  After deducting for those charges from the security deposit,

22   defendant returned only $50.45 to Ms. Huynh.

23                              **D.  AURA MENDIETA**

24          20.     On October 19, 2002, plaintiff Aura Mendieta entered into a written

25   agreement with defendants for rental of apartment 104 in the Rancho Luna section of

26   the Rancho Luna & Rancho Sol Apartments.  Pursuant to that agreement, Ms.

27   Mendieta paid $400 as a security deposit before commencing her tenancy.

28          21.     On September 30, 2005, Ms. Mendieta gave written notice of intent to

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1    move out and made a written request for an inspection of her unit prior to her move out.

2    The manager refused to conduct that inspection in accordance with California Civil

3    Code § 1950.5(f)(1).  On October 31, 2005, Ms. Mendieta vacated apartment 104.  At

4    the time that Ms. Mendieta vacated apartment 104, that dwelling had been returned to

5    the same condition, except for normal wear and tear, and same level of cleanliness as it

6    was at the inception of her tenancy.

7        22.    Nonetheless, defendant unlawfully, and acting in bad faith, charged

8    $652.16 for cleaning and damage to apartment 104, deducting that sum from Ms.

9    Mendieta's security deposit.  Because the charges exceed the amount of the security

10   deposit, defendants claim that Ms. Mendieta owes defendants $252.16.  Subsequently,

11   defendants referred that alleged debt to T.A. Ross Collections, which attempted to

12   collect it from Ms. Mendieta.

13                          **E.  WILLIAM LABOY**

14       23.    On March 30, 2004, plaintiff William Laboy entered into a written

15   agreement with defendants for rental of apartment 108  in the Rancho Sol section of

16   the Rancho Luna & Rancho Sol Apartments.  Pursuant to that agreement, Mr. Laboy

17   paid $400 as a security deposit before commencing his tenancy.

18       24.    On April 1, 2005, Mr. Laboy vacated apartment 108.  Before vacating that

19   apartment, Mr. Laboy requested an initial inspection by defendant.  The purpose of that

20   inspection was to allow Mr. Laboy the opportunity to remedy deficiencies identified by

21   defendants in order to avoid deductions from his security deposit.  But defendants

22   failed or refused to conduct that inspection in accordance with California Civil Code §

23   1950.5(f)(1).  At the time that Mr. Laboy vacated apartment 108, that dwelling had been

24   returned to the same condition, except for normal wear and tear, and the same level of

25   cleanliness as it was at the inception of his tenancy.

26       25.    Nonetheless, defendants unlawfully, and acting in bad faith, charged

27   $512.20 for cleaning and damage to apartment 108, deducting that sum from Mr.

28   Laboy's security deposit.  Because the charges exceed the amount of the security

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1  deposit, defendants claim that Mr. Laboy owes defendants $112.20 in cleaning and

2  damages charges.

3  ### F.  MIGUEL ACOSTA AND CRUZ ACOSTA

4      26.  On February 22, 2002, plaintiffs Miguel and Cruz Acosta entered into a

5  written agreement with defendants for rental of apartment 202 in the Rancho Luna

6  section of the Rancho Luna & Rancho Sol Apartments.  Pursuant to that agreement,

7  the Acostas paid $1,150 as a security deposit before commencing their tenancy.

8      27.  On April 4, 2006, the Acostas vacated apartment 202.  At the time that the

9  Acostas vacated apartment 202, that dwelling had been returned to the same condition,

10  except for normal wear and tear, and same level of cleanliness as it was at the

11  inception of their tenancy.

12      28.  Nonetheless, defendant unlawfully, and acting in bad faith, charged the

13  Acostas $1,180.43 for cleaning and damage to apartment 202, deducting that sum from

14  the Acostas' security deposit.  Because the charges exceed the amount of the security

15  deposit, defendants claim that the Acostas owe defendants $30.43

16  ### G.  CUAUHTEMOC TORAL AND TERESA VILLEGAS

17      29.  On March 13, 2004, plaintiffs Cuauhtemoc Toral and Teresa Villegas

18  entered into a written agreement with defendants for rental of apartment 205  in the

19  Rancho Luna section of the Rancho Luna & Rancho Sol Apartments.  Pursuant to that

20  agreement, they paid $1,150 as a security deposit before commencing their tenancy.

21      30.  On March 30, 2005, Mr. Villegas and Ms. Villegas vacated apartment 205.

22  Before vacating their apartment, the dwelling had been returned to the same condition,

23  except for normal wear and tear, and same level of cleanliness as it was at the

24  inception of their tenancy.

25      31.  Nonetheless, defendant unlawfully, and acting in bad faith, charged for

26  cleaning and damage to apartment 205, and refused to return any portion of Mr. Toral

27  and Ms. Villegas' security deposit.

28  //

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1

## V.  CLASS ACTION ALLEGATIONS

2      32.    Class.  Plaintiff Edith Macias brings this case on behalf of herself and on

3  behalf of a class of similarly situated individuals.  Ms. Macias, as class representative,

4  seeks to represent a class of tenants who have resided at the Rancho Luna & Rancho

5  Sol Apartments at any time since June 29, 2003, to the present, and future tenants,

6  who have had, or in the future will have, claims asserted against them or their security

7  deposits by defendants for alleged damages to units at the Rancho Luna & Rancho Sol

8  Apartments that preexisted their tenancy or consisted of ordinary wear and tear during

9  the tenancy.

10      33.    Numerosity.  The number of members of the class on whose behalf

11  plaintiff sues is unknown, but it is estimated to be so numerous that joinder of all such

12  members is impracticable.  The number of persons possibly affected by defendants'

13  unlawful policies and practices is indeterminate, but it is larger than can be addressed

14  by joinder.

15      34.    Adequacy of Representation.  Plaintiff will fairly and adequately protect

16  the interests of the class because plaintiff's counsel possesses the requisite resources

17  and ability to prosecute this action and because the class representative's interests are

18  consistent with the interests of the class.

19      35.    Commonality and Typicality.  This suit poses questions of law and fact

20  that are common to and affect the rights of all members of the class.  The claims of the

21  class representative are typical of the claims of class members as a whole, because

22  defendants have implemented and pursued a policy or practice of unlawfully asserting

23  claims against class members or their security deposits for alleged damages to units at

24  the Rancho Luna & Rancho Sol Apartments that preexisted their tenancy or consisted

25  of ordinary wear and tear during the tenancy.

26      36.    Superiority.  A class action is superior to other available methods for the

27  fair and efficient adjudication of the controversy of the claims of the class plaintiffs.

28  Common factual and legal questions so clearly predominate that class treatment is

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1  appropriate.  Those common questions include whether defendants have engaged in a

2  pattern and practice of wrongfully withholding security deposits or asserting claims

3  against tenants.  The class as a whole is entitled to declaratory relief and to injunctive

4  relief to enjoin the unlawful policies and practices herein alleged.  The amount of

5  punitive damages also is an issue common to the class.

6      37.    General Applicability.  Defendants have acted or refused to act on

7  grounds generally applicable to each class member by pursuing their policy or practice

8  of unlawfully asserting claims against class members or their security deposits for

9  alleged damages to units at the Rancho Luna & Rancho Sol Apartments that preexisted

10  their tenancy or consisted of ordinary wear and tear during the tenancy, thereby making

11  appropriate final injunctive and declaratory relief with respect to the class as a whole.

## VI.  CLAIMS FOR RELIEF

### A.  FIRST CLAIM FOR RELIEF

### [RICO, 18 U.S.C. § 1961, *et seq.*]

### *All Plaintiffs and the Plaintiff Class v. Mark Garibaldi,*

### *doing business as The Garibaldi Company*

17      38.    Plaintiffs and the plaintiff class reallege and incorporate by reference all

18  previous paragraphs alleged in the complaint herein.

19      39.    Defendant Mark  Garibaldi, doing business as The Garibaldi Company, is

20  a "person" within the meaning of 18 U.S.C. § 1961(3).

21      40.    Thomas J. Tomanek, in his individual capacity, and as controlling owner

22  of certain business entities, is in the business of owning and operating numerous

23  apartment complexes in California and Nevada.  Thomas J. Tomanek, an individual, is

24  an "enterprise" within the meaning of 18 U.S.C. § 1961(4).  In addition, or in the

25  alternative, Thomas J. Tomanek, together with the various business entities which he

26  controls, is an "enterprise" within the meaning of 18 U.S.C. § 1961(4).  Both enterprises

27  affect interstate commerce in that Thomas J. Tomanek is the owner of the multifamily

28  rental housing at Rancho Luna & Rancho Sol Apartments, which receives federal HUD

COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1    subsidies as housing for the elderly and/or under the Section 8 housing voucher

2    program.  Both enterprises, through their agent The Garibaldi Company, advertise the

3    Thomas J. Tomanek apartment complexes, including Rancho Luna & Rancho Sol

4    Apartments, on the internet on The Garibaldi Company website.  In addition, or in the

5    alternative, the enterprises are engaged in interstate commerce, in that Thomas

6    Tomanek & Associates V, Inc. is the general partner of Indigo Creek Apartment, L.P., a

7    Nevada limited partnership, which owns the Indigo Creek Apartments, a complex

8    located in Las Vegas, Nevada, managed by The Garibaldi Company.

9         41.    Mark Garibaldi is "associated" with Thomas J. Tomanek, an "enterprise,"

10   within the meaning of 18 U.S.C. § 1962(c), in that, doing business as The Garibaldi

11   Company, he has responsibility and control over the management of the Rancho Luna

12   & Rancho Sol Apartments, including collecting monthly rent payments, enforcing lease

13   provisions, operating the property, and refunding security deposits.  Mark Garibaldi,

14   doing business as The Garibaldi Company, conducted or participated in the affairs of

15   Thomas J. Tomanek directly or indirectly, by managing and controlling the operation of

16   the apartment complexes owned by Thomas J. Tomanek, including but not limited to,

17   the Rancho Sol and Rancho Luna Apartments in Fremont, California, the Austin Creek

18   Apartments and Seabreeze Apartments in Vallejo, California, the Evergreen

19   Apartments and Orange Village Apartments in Redlands, California, the Golden Sands

20   and The Colony Apartments in Victorville, and the Indigo Creek Apartments in Las

21   Vegas, Nevada.

22        42.    Mark Garibaldi, doing business as The Garibaldi Company, conducts or

23   participates, directly or indirectly, in the conduct of the enterprise's affairs through a

24   pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).  Mark Garibaldi,

25   doing business as The Garibaldi Company, has engaged in a pattern of racketeering

26   activity within the meaning of 18 U.S.C. § 1961(5), namely violations of 18 U.S.C. §

27   1341 (mail fraud).  Mark Garibaldi, doing business as The Garibaldi Company, has

28   knowingly, wilfully and intentionally devised and implemented a scheme or artifice to

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1    defraud, or for obtaining money or property from tenants of Rancho Sol and Rancho

2    Luna Apartments by means of false or fraudulent pretenses, representations or

3    promises within the meaning of 18 U.S.C. § 1341.  In furtherance of that scheme, Mark

4    Garibaldi, doing business as The Garibaldi Company, uses the United States mails.

5         43.    The specific facts on which plaintiffs and the plaintiff class base their

6    allegation of a scheme to defraud or to obtain money by false pretenses are as follows:

7         a.     On or about November 13, 2005, The Garibaldi Company mailed a

8    statement to Edith Macias, stating that she owed $2,840.75 in damages for painting,

9    carpet and vinyl replacement and 11 hours of cleaning upon her move out from

10   apartment 246.  After applying her $1,700.00 security deposit toward those alleged

11   damages, the Garibaldi Company demanded that Ms. Macias pay the remaining

12   balance of $1,140.75.  The mailing to Ms. Macias was part of defendants' scheme to

13   defraud tenants out of rightful return of their security deposits.  Mark Garibaldi, doing

14   business as The Garibaldi Company, used the United States mails in furtherance of the

15   scheme, and did so with the specific intent to deceive or defraud plaintiffs and the

16   plaintiff class.  When Ms. Macias refused to pay the additional amounts claimed due,

17   The Garibaldi Company referred the matter to its collections agency T.A. Ross

18   Collections in July 2006.  Thereafter, T.A. Ross Collections used the United States

19   mails to attempt to collect the amounts claimed due to defendants.

20        b.     On or about November 7, 2005, The Garibaldi Company mailed a

21   statement to Aura Mendieta, stating that she owed $652.16 for damages to carpets and

22   vinyl and for eight hours of cleaning.  After applying her $400.00 security deposit toward

23   those alleged damages, The Garibaldi Company demanded that Ms. Mendieta pay the

24   remaining balance of $252.16 in full within 30 days.  The mailing to Ms. Mendieta was

25   part of defendants' scheme to defraud tenants out of rightful return of their security

26   deposits.  Mark Garibaldi, doing business as The Garibaldi Company, used the United

27   States mails in furtherance of the scheme, and did so with the specific intent to deceive

28   or defraud plaintiffs and the plaintiff class.

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1        c.    On or about October 10, 2005, The Garibaldi Company mailed a

2    statement to Tiffany Huynh, stating that she owed $349.55 for carpet cleaning,

3    housekeeping and dishwasher replacement upon her move out from Apartment 115.

4    The Garibaldi Company refunded only $50.45 of Ms. Huynh's $400.00 security deposit.

5    The mailing to Ms. Huynh was part of defendants' scheme to defraud tenants out of

6    rightful return of their security deposits.  Mark Garibaldi, doing business as The

7    Garibaldi Company, used the United States mails in furtherance of the scheme, and did

8    so with the specific intent to deceive or defraud plaintiffs and the plaintiff class.

9        d.    On or about April 8, 2004, The Garibaldi Company mailed a statement to

10    Cuauhtemoc Toral, stating that he owed $156.52 for apartment cleaning, carpet

11    cleaning and spot painting upon his move out from Apartment 103.  The Garibaldi

12    Company refunded only $193.48 of Mr. Toral's $350.00 security deposit.  The mailing

13    to Mr. Toral was part of defendants' scheme to defraud tenants out of rightful return of

14    their security deposits.  Mark Garibaldi, doing business as The Garibaldi Company,

15    used the United States mails in furtherance of the scheme, and did so with the specific

16    intent to deceive or defraud plaintiffs and the plaintiff class.

17        e.    On or about August 9, 2005, The Garibaldi Company mailed a statement

18    to Nestor Calixto-Hernandez, stating that he owed $1,439.04 in alleged "move out

19    damages," upon his move out from apartment.  The Garibaldi Company demanded that

20    Mr. Calixto-Hernandez make payment within 24 hours, and further instructed him to

21    "contact the office to set up payment arrangements."  The mailing to Mr. Calixto-

22    Hernandez was part of defendants' scheme to defraud tenants out of rightful return of

23    their security deposits.  Mark Garibaldi, doing business as The Garibaldi Company,

24    used the United States mails in furtherance of the scheme, and did so with the specific

25    intent to deceive or defraud plaintiffs and the plaintiff class.

26        44.    As a result of the racketeering activity of Mark Garibaldi, doing business

27    as The Garibaldi Company, plaintiffs and each member of the plaintiff class suffered

28    injury, including injury to their property, by reason of his violation of 18 U.S.C. § 1962.

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1   Accordingly, plaintiffs and each member of the plaintiff class are entitled to and seek

2   treble damages.

3        45.      There now exists an actual controversy between the parties regarding

4   defendant Mark Garibaldi's duties under the applicable laws.  Accordingly, plaintiffs and

5   class plaintiffs are entitled to declaratory relief.

6        46.      Unless enjoined, defendant will continue to engage in the unlawful acts

7   and practices described above.  Plaintiffs and class plaintiffs have no adequate remedy

8   at law.  Plaintiffs and class plaintiffs are now suffering and will continue to suffer

9   irreparable injury from defendant Mark Garibaldi's unlawful acts practices unless relief

10  is provided by this Court.  Accordingly, plaintiffs and class plaintiffs are entitled to

11  injunctive relief.

12                        **B.  SECOND CLAIM FOR RELIEF**

13                   **[California Unfair Business Practices]**

14              ***All Plaintiffs and the Plaintiff Class v. All Defendants***

15       47.      Plaintiffs and the plaintiff class reallege and incorporate by reference all

16  previous paragraphs alleged in the complaint herein.

17       48.      In acting as herein alleged, defendants have engaged in a pattern or

18  practice of unlawful conduct in the operation of the Rancho Luna & Rancho Sol

19  Apartments, and therefore have engaged in acts of unfair competition as the same is

20  defined in California Business and Professions Code § 17200, et seq.

21       49.      The acts of unfair competition in which defendants have engaged include,

22  but is not limited to, violating Civil Code § 1950.5 governing the return and retention of

23  security deposits, and engaging in acts of misrepresentation and fraud regarding

24  amounts due and owing.

25       50.      In bringing this action, plaintiffs and the plaintiff class are acting in the

26  interest of themselves and the general public pursuant to the California Business and

27  Professions Code § 17204.

28       51.      Plaintiffs and the plaintiff class seek injunctive relief ordering defendants

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1   to stop their unlawful practices and restitution of the security deposits wrongfully

2   withheld and the charges unlawfully assessed against them by defendants.

3               **C.  THIRD CLAIM FOR RELIEF**

4               **[California Civil Code § 1950.5]**

5               ***All Plaintiffs and the Plaintiff Class v. All Defendants***

6       52.     Plaintiffs and the plaintiff class reallege and incorporate by reference all

7   previous paragraphs alleged in the complaint herein.

8       53.     Defendants' course of conduct described above injured plaintiffs and the

9   plaintiff class by failing to comply with the requirements of Civil Code § 1950.5, making

10  defendants liable for actual damages.

11      54.     Defendants acted in bad faith towards plaintiffs and the plaintiff class

12  within the meaning of Civil Code § 1950.5(l), entitling plaintiffs and the plaintiff class to

13  damages of up to twice the amount of their security deposits, in addition to actual

14  damages.

15      55.     Defendants acted with oppression, fraud and malice in engaging in the

16  business practices described above, such that plaintiffs and the plaintiff class are

17  entitled to punitive damages in an amount to be established at trial.

18              **D.  FOURTH CLAIM FOR RELIEF**

19              **[Fraud]**

20              ***All Plaintiffs and the Plaintiff Class v. All Defendants***

21      56.     Plaintiffs and the plaintiff class reallege and incorporate by reference all

22  previous paragraphs alleged in the complaint herein.

23      57.     As alleged above in paragraph 43, defendant Mark Garibaldi, doing

24  business as The Garibaldi Company, has engaged in a practice of making false

25  representations to plaintiffs with respect to refund of their security deposits and the

26  amounts due and owing.  Defendant and his agents knew the representations were

27  false, or acted with reckless disregard as to their falsity.

28      58.     By making those representations, defendant and his agents intended to

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1    induce plaintiffs and the plaintiff class to make payments to them that were not due and

2    owing.  Plaintiffs and the plaintiff class justifiably relied upon those misrepresentations.

3          59.    As a result of defendants' wrongful conduct, plaintiffs have suffered and

4    continue to suffer economic losses, and other general and specific damages, all in an

5    amount to be determined according to proof at the time of trial.

6          60.    In doing those unlawful acts and making those representations, defendant

7    Mark Garibaldi, doing business as The Garibaldi Company, was acting as the agent of

8    Thomas J. Tomanek within the scope of his agency, thus making Thomas J. Tomanek

9    vicariously liable for that conduct as principal.

10         61.    Defendants acted with oppression, fraud and malice in engaging in the

11   business practices described above, such that plaintiffs and the plaintiff class are

12   entitled to punitive damages in an amount to be established at trial.

13         62.    Defendant Thomas J. Tomanek, as principal, is vicariously liable for the

14   fraudulent acts of its agent, Mark Garibaldi, doing business as The Garibaldi Company,

15   conducted in the course of their agency relationship, and for all compensatory damages

16   awarded by the jury.  Thomas J. Tomanek, as owner of the  Rancho Luna & Rancho

17   Sol Apartments , knew or should have known of the fraudulent conduct of its agent

18   Mark Garibaldi, doing business as The Garibaldi Company, but continued to employ

19   him to manage the Rancho Luna & Rancho Sol Apartments, thus making Thomas J.

20   Tomanek vicariously liable for punitive damages.

21                          **E.  FIFTH CLAIM FOR RELIEF**

22                  **[Breach of the Implied Covenant of Good Faith**

23                    **and Fair Dealing re Lease Agreements]**

24              ***All Plaintiffs and the Plaintiff Class v. All Defendants***

25         63.    Plaintiffs and the plaintiff class reallege and incorporate by reference all

26   previous paragraphs alleged in the complaint herein.

27         64.    Defendants breached the implied covenant of good faith and fair dealing

28   implied in the lease agreements with plaintiffs and the plaintiff class, their tenants at the

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1   Rancho Luna & Rancho Sol Apartments by allowing Mark Garibaldi, doing business as

2   The Garibaldi Company, to carry out its fraudulent scheme against plaintiffs and the

3   plaintiff class.

4       65.     Plaintiffs and the plaintiff class performed their obligations under the

5   parties' lease agreements, but defendants' fraudulent scheme unfairly deprived

6   plaintiffs and the plaintiff class of the benefits of the lease agreement, namely the right

7   not to be charged for ordinary wear and tear to the property, for damages preexisting

8   their tenancy, or cleaning to bring the unit to a higher level of cleanliness than at the

9   inception of the lease.

10      66.     As a result of defendants' wrongful conduct, plaintiffs and the plaintiff

11  class have suffered and continue to suffer economic losses and other general and

12  specific damages, including emotional distress damages, all in an amount to be

13  determined according to proof at the time of trial.

14      67.     Defendants acted with oppression, fraud and malice in engaging in the

15  business practices described above, such that plaintiffs are entitled to punitive

16  damages in an amount to be established at trial.

17      68.     In addition, or in the alternative, Garibaldi & Company, Inc., as owner of

18  the Rancho Luna and Rancho Sol Apartments, knew or should have known of the

19  fraudulent, deceitful conduct of  Thomas Tomanek & Associates I  and its agents and

20  continued to employ it to manage the Rancho Luna and Rancho Sol Apartments, thus

21  making Garibaldi & Company, Inc. vicariously liable for punitive damages.

22                      **F.  SIXTH CLAIM FOR RELIEF**

23                         **[UNJUST ENRICHMENT]**

24          ***All Plaintiffs and the Plaintiff Class v. All Defendants***

25      69.     Plaintiffs reallege and incorporate by reference all previous paragraphs

26  alleged in the complaint herein.

27      70.     In doing the wrongful acts alleged herein, defendants unjustly obtained a

28  benefit from plaintiffs in the form of payments neither due nor owing, which defendants

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1    retained.  Defendants accepted and has retained those payments from plaintiffs for

2    their own use, unjustly depriving plaintiffs of those funds.  Allowing defendants to retain

3    those benefits would be inequitable.  Those benefits belong, in equity and good

4    conscience, to plaintiffs.

5        71.    Accordingly, plaintiffs and the plaintiff class pray for an order of this Court

6    directing defendants to disgorge all profits, benefits and other compensation obtained

7    by defendants from plaintiff and the plaintiff class by their unlawful conduct, and

8    imposing a constructive trust thereon.

9    **G.  SEVENTH CLAIM FOR RELIEF**

10   **[DEFAMATION]**

11   ***Plaintiff Edith Macias on behalf of herself and a***

12   ***Plaintiff Sub-Class, and plaintiffs Hoton Duran and***

13   ***Aura Mendieta v. All Defendants***

14       72.    Plaintiff Edith Macias, on behalf of herself and a plaintiff sub-class, and

15   plaintiffs Hoton Duran and Aura Mendieta reallege and incorporate by reference all

16   previous paragraphs alleged in the complaint herein.

17       73.    In or about July 2006, defendants defamed plaintiff Edith Macias and

18   plaintiff Hoton Duran and plaintiff Aura Mendieta by communicating to T.A. Ross

19   Collections that each refused to pay a just debt, and authorizing T.A. Ross Collections

20   to commence collection efforts against them.  Those alleged debts were not just debts,

21   in that they were the result of defendants' unlawful pattern and practice of withholding

22   tenants' security deposits and misrepresenting amounts due and owing, as set forth

23   herein.  Each of those communications was defamatory on its face, causing damage to

24   plaintiffs' credit ratings, and causing them to suffer general and special damages to be

25   proved at trial.

26       74.    Plaintiff Edith Macias brings this claim on behalf of herself and a sub-class

27   of all persons similarly situated who were defamed by defendants from June 30, 2006,

28   to present, when defendants made communications to collection agents that class

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1  plaintiffs refused to pay a just debt, and authorized collections agents to commence
2  collection efforts against them.

3  **H.  EIGHTH CLAIM FOR RELIEF**

4  **[Negligence]**

5  ***All Plaintiffs and the Plaintiff Class v. All Defendants***

6  75.    Plaintiffs and the plaintiff class reallege and incorporate by reference all
7  previous paragraphs alleged in the complaint herein.

8  76.    Defendants owed plaintiffs and the plaintiff class a duty to operate
9  Rancho Luna & Rancho Sol Apartments in a manner that was free from unlawful
10 conduct and consistent with the duty of care, and to hire, train, supervise and discipline
11 their employees to fulfill that duty.  Defendants, acting individually and through their
12 agents, negligently violated those duties by unlawfully withholding plaintiffs' security
13 deposits.

14 77.    As a legal result of defendants' negligent conduct, plaintiffs and the
15 plaintiff class suffered  economic losses, emotional distress, including bodily injury such
16 as headaches, stomachaches and loss of sleep, and other special and general
17 damages according to proof.

18 **VII.  RELIEF**

19 Wherefore, plaintiffs and all class members pray for the following relief against
20 defendants:

21 1.    That the class and sub-classes described above be certified in this action
22 pursuant to Rule 23 of the Federal Rules of Civil Procedure;

23 2.    For an order declaring unlawful defendants' pattern and practices
24 complained of herein;

25 3.    For an order enjoining all unlawful practices complained about herein;

26 4.    For an order requiring defendants to make restitution to plaintiffs and the
27 plaintiff class;

28 5.    For an order awarding actual or compensatory damages to plaintiffs and

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;**
**DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1   the plaintiff class according to proof;

2       6.    For an order awarding statutory damages and treble damages to plaintiffs

3   and the plaintiff class according to proof;

4       7.    For an order awarding punitive damages to plaintiffs and the plaintiff class

5   according to proof;

6       8.    For an order requiring defendants to disgorge their profits and benefits

7   obtained unjustly from plaintiffs and the plaintiff class, and imposing a constructive trust

8   thereon;

9       9.    For costs of suit, including reasonable attorneys' fees; and,

10      10.   For all such other relief as the Court deems just.

11      Dated:  June 28, 2007.

12                              Respectfully submitted,

13                              BRANCART & BRANCART

14

15                              Elizabeth Brancart
                                Attorneys for Plaintiffs
16

17                  **VIII.  JURY DEMAND**

18      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby

19   request a trial by jury.

20      Dated:  June 28, 2007.

21

22                              Respectfully submitted,

23                              BRANCART & BRANCART

24

25                              Elizabeth Brancart
                                Attorneys for Plaintiffs
26

27   //

28   //

COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1    **IX.  CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2         Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other

3    than the named parties, there is no such interest to report.

4         Dated: June 28, 2007.

5                                        Respectfully submitted,

6                                        BRANCART & BRANCART

7

8                                        _____
                                         Elizabeth Brancart
9                                        Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS