1  Sara B. Allman, Esq., CSB #107932
   Steven A. Nielsen, Esq., CSB #133864
2  ■ ALLMAN & NIELSEN ■
   A Professional Corporation
3  100 Larkspur Landing Circle, Suite 212
   Larkspur, CA 94939
4  Telephone: (415) 461-2700
5  Facsimile: (415) 461-2726

6  Attorneys for Defendant
   THOMAS J. TOMANEK
7
                    IN THE UNITED STATES DISTRICT COURT
8
                       NORTHERN DISTRICT OF CALIFORNIA
9

10
   EDITH MACIAS, individually and on behalf        Case No.: C07 3437 JSW
11 of similarly situated individuals; HOTON
   DURAN; TIFFANY HUYNH; AURA
12 MENDIETA: WILLIAM LABOY; MIGUEL                 NOTICE OF MOTION AND MOTION BY
   ACOSTA; CRUZ ACOSTA; CUAUHTEMOC                 DEFENDANT THOMAS J. TOMANEK TO
13 TORAL; and TERESA VILLEGAS,                     DISMISS FOR LACK OF SUBJECT
                                                   MATTER JURISDICTION [FRCP 12(b)(1)]
14
              Plaintiffs,                          DATE:    February 15, 2008
15      vs.                                        TIME:    9:00 a.m.
                                                   COURTROOM: 2, 17th Floor
16 THOMAS J. TOMANEK; and MARK                     JUDGE:   Hon. Jeffrey S. White
   GARIBALDI, individually and doing business
17 as THE GARIBALDI COMPANY,

18            Defendants.

19

                                             -1-

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN to plaintiffs EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS ("Plaintiffs") and to their attorneys of record that on February 15, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 17 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, defendant Thomas J. Tomanek ("Tomanek") will, and hereby does, move this Court to dismiss the complaint herein for lack of subject matter jurisdiction (FRCP 12(b)(1)).

## STATEMENT OF THE RELIEF REQUESTED

The motion seeks relief on the following grounds: (1) plaintiffs have not attempted to state and cannot state a claim for relief under federal law against Tomanek; (2) there is no diversity among the parties for purposes of providing this court with jurisdiction; and (3) plaintiffs have not stated and will not be able to state a claim for relief under federal law against co-defendant Mark Garibaldi (for alleged RICO violations under 18 USC § 1961, et seq.) and, as such, for the reasons set forth in the motion to dismiss of defendant Mark Garibaldi ("Garibaldi"), set for hearing herewith and incorporated herein as if fully set forth, that claim should be dismissed. The remaining seven claims for relief in the complaint (violation of California Business and Professions Code § 17200, et seq.; violation of California Civil Code § 1950.5; common law fraud; breach of the implied covenant of good faith and fair dealing; unjust enrichment; defamation; and common law negligence) are all exclusively state court

-2-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]

claims, and there is no diversity among the parties to this suit. Therefore, if the RICO claim against Garibaldi is dismissed, then the remaining seven claims, and thus the entire complaint, should be dismissed for lack of subject matter jurisdiction pursuant to 28 USC 1367(c)(3).

The motion(s) will be based on this notice of motion, the following memorandum of points and authorities, the papers, records, and file herein, and such evidence and/or argument as may be presented at the hearing of the motion.

MEMORANDUM OF POINTS AND AUTHORITIES

I.

INTRODUCTION

Plaintiffs are nine former residential tenants of the Rancho Sol and/or Rancho Luna apartments in Fremont, California. Moving defendant Thomas J. Tomanek ("Tomanek") is an owner of the properties and defendant Mark Garibaldi, individually and dba The Garibaldi Company, ("Garibaldi") is the property manager. Plaintiffs claim that charges were improperly imposed against their security deposits. The security deposits at issue are less than $1,000 per plaintiff. These claims should have been brought in small claims court, not in federal court.

In a motion to dismiss set for hearing coincident to this motion, Garibaldi seeks dismissal of plaintiffs' RICO claim, for alleged violation of 18 USC § 1961, et seq., pursuant to FRCP 12(b)(6). There is no federal question claim pled against Tomanek. Because the RICO claim is the only federal question claim, once it is dismissed, the complaint should be dismissed in its entirety for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1), as the only remaining claims are all purely state court claims, and there is no diversity among the parties.

-3-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 91939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]

II.

SUMMARY OF ALLEGATIONS PLED AGAINST TOMANEK

Plaintiffs include class action allegations in the complaint (see ¶¶ 32 through 37). They allege eight specific claims which are labeled by the letters A through H, as follows:

A (1st) RICO [18 USC 1961, et seq.];

B (2nd) California Unfair Business Practices [B&P Code § 17200, et seq.];

C (3rd) Cal. Civil Code § 1950.5;

D (4th) Fraud;

E (5th) Breach of Implied Covenant of Good Faith & Fair Dealing;

F (6th) Unjust Enrichment;

G (7th) Defamation; and

H (8th) Negligence

With respect to the RICO claim, the only predicate acts alleged are alleged instances of mail fraud pursuant to 18 USC § 1341. The fact alleged to support the claim for mail fraud is that Garibaldi "used the United States mails" in furtherance of an alleged scheme by mailing closing statements detailing the security deposit charges to the respective plaintiffs. (¶¶ 42 and 43 of the complaint)

While Tomanek is named as a defendant in the state law claims, and is alleged to be the "enterprise" Garibaldi conducted (¶ 40 of the complaint), he is not named as a defendant in the RICO claim. In fact, the RICO claim (the First Claim for Relief) expressly states that it is asserted solely against Garibaldi and clearly (and, obviously intentionally) excludes Tomanek

-4-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]

as a defendant who is charged with RICO violations. There are thus no claims for relief pled against Tomanek that implicate a federal question and there is no diversity among the parties.

III.

### THE RICO CLAIM SHOULD BE DISMISSED BASED ON PLAINTIFFS' INABILITY TO PLEAD ESSENTIAL ELEMENTS OF THE CLAIM

In order to state a civil RICO claim, a plaintiff must allege five elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to plaintiff's "business or property." See, e.g., *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005). The subject of reliance is closely connected to causation, and "[C]ausation lies at the heart of a civil RICO claim." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 664 (9th Cir. 2004); *Menjivar v. Trophy Properties IV DE, LLC*, Slip Copy, 2006 WL 2884396, page 4 (N.D. Cal., 2006). Plaintiffs do not, and cannot, plead that they were 'induced' to give up money or property because of the mailings, or because they received the mailings –i.e., they do not and cannot plead that they were damaged because they relied on Garibaldi's alleged misrepresentations concerning the security deposits. Rather, they plead that Garibaldi incorrectly calculated the disposition of the security deposit due by charging more than plaintiffs subjectively believed should have been charged. For these reasons and those set forth more specifically in the motion of Garibaldi, incorporated by reference herein as if fully set forth, plaintiffs cannot truthfully plead facts to support the RICO claim. Thus, it should be dismissed without leave to amend. *Lopez v. Smith*, 203 F.3d 112, 1130 (9th Cir. 2000).

//

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]

## IV.

## ONCE THE RICO CLAIM IS DISMISSED, THE REMAINDER OF THE CLAIMS SHOULD ALSO BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

The defense of lack of jurisdiction over the subject matter may be made by motion in lieu of answer at the option of the pleader. (FRCP 12 (b) (1)) While federal courts may exercise pendent jurisdiction over state law claims arising from a nucleus of facts common to both the state and federal claims, pursuant to 28 USC § 1367 (a), if the RICO claim is dismissed here this court necessarily will have no subject matter jurisdiction pursuant to 28 USC § 1367 (c) (3), because the remaining seven claims are state court claims. See, e.g., *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966); *Garrick-Aug Associates Store Leasing, Inc. v. Hirschfeld*, 652 F.Supp. 905, 907 (S.D.N.Y. 1986).

For all the foregoing reasons, it is respectfully requested that the motion to dismiss for lack of subject matter jurisdiction be granted.

Respectfully Submitted,

Dated:  September 13, 2007                ALLMAN & NIELSEN, P. C.


By:___/s/  Sara B. Allman
Sara B. Allman, Esq.
Attorneys for Defendant
THOMAS J. TOMANEK

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]

## PROOF OF SERVICE

I am a citizen of the United States and employed in Marin County, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

**NOTICE OF MOTION AND MOTION BY DEFENDANT THOMAS J. TOMANEK TO DISMISS STATE COURT CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]**

on the interested parties in the action by placing [] the original [X] a true copy thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Christopher Brancart<br>Elizabeth Brancart<br>BRANCART & BRANCART<br>PO Box 686<br>Pescadero, CA 94060 | Attorney for Plaintiffs EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA: WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS |
| John S. Blackman<br>Farbstein & Blackman<br>411 Borel Ave #425<br>San Mateo, CA 94402-3518 | Attorneys for Defendant MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY |

[X]  BY MAIL: I deposited such envelope with postage thereon fully prepaid in the United States Postal Service mailbox at Larkspur, California.

[ ]  BY PERSONAL SERVICE: I delivered such envelope by hand to the addressee.

[ ]  BY FACSIMILE: I sent such document via facsimile to the facsimile machine of the addressee.

[ ]  BY EXPRESS MAIL: I deposited such envelope in a mailbox regularly maintained by the United States Postal Service for receipt of Express Mail postage paid to be delivered by Express Mail for overnight courier service to the addressee.

[ ]  BY OVERNIGHT DELIVERY: I deposited the envelope, in an envelope designated by the express service carrier, with delivery fees provided for, in a box regularly maintained by the express service carrier for overnight delivery.

-7-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on September 13, 2007, at Larkspur, California.

_____
NOLI VILLA

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]