JOHN S. BLACKMAN (SB#114654)
MARGARET A. BURTON (SB#193386)
FARBSTEIN & BLACKMAN
A Professional Corporation
411 Borel Avenue, Suite 425
San Mateo, California  94402-3518

Telephone: (650) 554-6200
Facsimile: (650) 554-6240

Attorneys for Defendants
MARK GARIBALDI and THE GARIBALDI COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS,<br><br>          Plaintiffs,<br><br>vs.<br><br>THOMAS J. TOMANEK; and MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY,<br><br>          Defendants. | CASE NO. C07 3437 JSW<br><br>**NOTICE OF MOTION AND MOTIONS BY DEFENDANT MARK GARIBALDI INDIVIDUALLY AND dba THE GARIBALDI COMPANY:**<br><br>**1. TO DISMISS RICO CLAIM FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]**<br>**2. TO DISMISS STATE COURT CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]**<br><br>DATE: February 15, 2008<br>TIME:  9:00 a.m.<br>COURTROOM: 2, 17th Floor<br>JUDGE: Hon. Jeffrey S. White |

**NOTICE OF MOTION**

To Plaintiffs EDITH MACIAS, individually and on behalf of similarly situated

individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM

LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and

TERESA VILLEGAS ("Plaintiffs") and their Attorneys of Record:

NOTICE IS HEREBY GIVEN that on February 15, 2008 at 9:00 a.m. or as soon

DEFENDANT GARIBALDI'S MOTION TO
DISMISS UNDER RULES 12(b)(6) and 12(b)(1)

1  thereafter as the matter may be heard, in Courtroom 17 of the United States District Court,

2  Northern District of California, located at 450 Golden Gate Avenue, 16th Floor, San

3  Francisco, CA 94102, Defendant MARK GARIBALDI, individually and dba THE

4  GARIBALDI COMPANY ("Garibaldi") will, and hereby does, move this Court for an

5  order dismissing the Complaint herein for failure to state a claim (Rule 12(b)(6)), and lack

6  of subject matter jurisdiction (Rule 12(b)(1)), on the following grounds:  Plaintiffs have not

7  pleaded and cannot plead essential elements of their first claim for relief, for alleged

8  violation of RICO, 18 USC §1962(c); that claim should therefore be dismissed.  The

9  Complaint's remaining seven claims for relief (violation of California Business and

10  Professions Code §17200, et seq.; violation of California Civil Code §1950.5; common law

11  fraud; breach of the implied covenant of good faith and fair dealing; unjust enrichment;

12  defamation; and common law negligence) raise no federal question.  Nor does the

13  Complaint allege any basis for diversity jurisdiction.  Therefore, following dismissal of the

14  RICO claim, the remaining state law claims, and thus the entire action, should be dismissed

15  for lack of subject matter jurisdiction.

16

17      Defendant Garibaldi's Motion is based on this Notice of Motions, the Memorandum

18  of Points and Authorities that follows, the papers, records, and file herein, and such other

19  evidence and argument as the Court may consider.

20

21                    **MEMORANDUM OF POINTS AND AUTHORITIES**

22                                          I.

23                              **SUMMARY OF THE CASE AND**
                                **SUMMARY OF RELIEF REQUESTED**
24

25      Plaintiffs are nine former tenants of two apartment complexes owned by defendant

26  Thomas Tomanek and managed by defendant Mark Garibaldi dba The Garibaldi

27  Company.  The essence of plaintiffs' claim is that defendants violated California Civil Code

28  §1950.5 by improperly charging them for "ordinary wear and tear" to their apartments at

DEFENDANT GARIBALDI'S MOTION TO
DISMISS UNDER RULES 12(b)(6) and 12(b)(1)

1  the end of their tenancies.  The amounts in controversy range from $400 to $850 per

2  plaintiff.

3

4      This is not a Federal Case.  Its fundamental premise is that defendants violated state

5  law, and it belongs in California state court.

6

7      The purported basis for federal jurisdiction is that defendants used the United

8  States mails in furtherance of their alleged scheme to violate Civil Code §1950.5, thus

9  violating the Racketeer Influenced and Corrupt Organizations Act ("RICO").  This is a

10  classic misuse of the RICO statute.  Plaintiffs have not alleged, nor can they allege, facts

11  sufficient to state a civil RICO claim.  Defendant Mark Garibaldi, individually and dba The

12  Garibaldi Company (collectively "Garibaldi") therefore moves pursuant to Rule 12(b)(6)

13  for dismissal of plaintiffs' RICO claim.  Because there is no other basis alleged for the

14  exercise of federal jurisdiction, Garibaldi further moves for dismissal of the entire action for

15  lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

16

17                                    II.

18              **SUMMARY AND DISCUSSION OF**
              **THE ALLEGATIONS OF THE COMPLAINT**

19

20      Plaintiffs are former residents of the Rancho Sol and Rancho Luna apartment

21  complexes ("the Complexes") in Fremont, California.  They bring this suit on their own

22  behalf.  In addition, plaintiff Edith Macias purports to represent a class of tenants who have

23  resided at the Complexes from June 29, 2003 to the present.

24

25      The nine individual plaintiffs (tenants in six units) allege that they entered into

26  written agreements to lease apartments at the Complexes and paid security deposits in the

27  following amounts (see Complaint, 14, 17, 20, 23, 26, 29):

28

DEFENDANT GARIBALDI'S MOTION TO
DISMISS UNDER RULES 12(b)(6) and 12(b)(1)

| | | |
|---|---|---|
| 1 | E. Macias and H. Duran | Amount of security deposit at issue: $1,700 ($850 each plaintiff) |
| 2 | Tiffany Huynh | Amount of security deposit at issue: $400 |
| | Aura Mendieta | Amount of security deposit at issue: $400 |
| 3 | William Laboy | Amount of security deposit at issue: $400 |
| | M. Acosta and C. Acosta | Amount of security deposit at issue: $1,150 ($575 each plaintiff) |
| 4 | C. Toral and T. Villegas | Amount of security deposit at issue: $1,150 ($575 each plaintiff) |

6    Plaintiffs further allege that they each subsequently vacated their apartments, and

7    that each "dwelling had been returned to the same condition, except for normal wear and

8    tear, and same level of cleanliness as it was at the inception of [the] tenancy." Complaint,

9    15, 18, 21, 24, 27, 30. Finally, plaintiffs allege that defendants "unlawfully, and in bad faith"

10    charged various sums to each of them for cleaning and damage, deducting that sum from

11    their security deposits. *Id.* 16, 19, 22, 25, 28, 31.

13    The gravamen of the Complaint is that defendants' actions violated California Civil

14    Code §1950.5, which governs a landlord's handling and disposition of security deposits.

15    Through creative pleading, plaintiffs have expanded their suit to allege eight separate

16    claims for relief, labeled with the letters A through H, as follows:

| | |
|---|---|
| 18    A (1st) | RICO [18 USC 1961, et seq.] |
| B (2nd) | California Unfair Business Practices [B&P Code § 17200, et seq.] |
| 19    C (3rd) | Cal. Civil Code § 1950.5 |
| D (4th) | Fraud |
| 20    E (5th) | Breach of Implied Covenant of Good Faith & Fair Dealing |
| F (6th) | Unjust Enrichment |
| 21    G (7th) | Defamation |
| H (8th) | Negligence |

23    Plaintiffs plead in the alternative, stating that defendants' alleged failure to handle

24    their security deposits properly was either a conspiracy to defraud plaintiffs, or inadvertent

25    and merely negligent.

27    The only claim raising a federal question is the RICO claim. The remaining seven

28    claims arise from state law, and the Complaint alleges no basis for diversity jurisdiction.

DEFENDANT GARIBALDI'S MOTION TO
4    DISMISS UNDER RULES 12(b)(6) and 12(b)(1)

1  On the whole, the factual allegations of the complaint are spare and legally conclusory.

2  There is no indication that plaintiffs can plead facts that would lift this case out of the

3  realm of what it appears to be on its face: a garden variety landlord-tenant dispute over

4  security deposit refunds.

5

6  ## III.

7  ### PLAINTIFFS' RICO CLAIM SHOULD BE DISMISSED

8

9        To state a claim for violation of RICO under 18 U.S.C. 1962(c), plaintiffs must

10  allege (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.

11  *Miller v. Yokohama Tire Corp.*, 358 F.3d 620 (9th Cir. 2004).  In addition, to recover civil

12  RICO damages, plaintiffs must establish proximate cause - that there exists a "direct

13  relation between the injury asserted and the injurious conduct alleged."  *Holmes v.*

14  *Securities Investor Protection Corp.*, 503 U.S. 258, 266 (1992).

15

16        Here, plaintiffs attempt to satisfy these requirements by alleging that defendant

17  Garibaldi conducted an "enterprise" - defendant Tomanek - which engaged in

18  "racketeering activity" - instances of mail fraud - as part of a scheme to wrongfully withhold

19  tenants' security deposits.  Complaint, 40-42.[1]  As "racketeering activity" plaintiffs allege

20  five predicate acts of mail fraud, consisting of the mailing of statements to plaintiffs Macias,

21  Mendieta, Huynh, Toral, and Calixto-Hernandez.  Id. 43.[2]  Significantly, the Complaint

22  does not allege that any plaintiff relied on any representation in any one of these

23  statements, or that the mailing of the statements directly caused plaintiffs any harm at all.

24  _____

25  [1] The Complaint does not name Tomanek as a RICO defendant.  This omission appears to
be a deliberate effort to plead around the requirement that the RICO defendant be separate and
distinct from the RICO "enterprise."  See *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158,

26  161 (2001) ("[T]o establish liability under §1962(c) one must allege and prove the existence of two
distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred

27  to by a different name.").

28        [2] Plaintiffs do not plead that Garibaldi mailed any statements to Plaintiff William Laboy.

DEFENDANT GARIBALDI'S MOTION TO
DISMISS UNDER RULES 12(b)(6) and 12(b)(1)

1  See *id.*

2      As detailed below, plaintiffs' allegations are fatally deficient in two critical respects.

3  First, the allegations of racketeering activity are insufficient because plaintiffs have failed to

4  plead facts establishing the requisite predicate acts of mail fraud.  Second (and relatedly),

5  plaintiffs cannot establish that the alleged instances of mail fraud (mailing of the statements

6  itemizing disposition of their security deposits) proximately caused their claimed damages.

7

8  **A.    Plaintiffs' Allegations Of Mail Fraud Are Fatally Deficient.**

9      To establish RICO liability, plaintiffs must plead at least two statutorily enumerated

10  "predicate acts."  See *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237-38

11  (1989) (pleading of two predicate acts necessary, but not sufficient, to establish a pattern of

12  racketeering activity).  The only predicate acts alleged in support of the RICO claim are

13  alleged instances of mail fraud, in violation of 18 USC §1341.  Specifically, the Complaint

14  alleges that Garibaldi committed mail fraud by mailing closing statements to plaintiffs

15  detailing the cleaning and repair work performed by the landlord, the amounts paid for that

16  work, and the net refund or balance due after applying the security deposit.  See

17  Complaint, 43.  These allegations are insufficient to establish mail fraud.

18

19      As Judge Illston recently explained in dismissing a RICO claim predicated on

20  alleged instances of mail fraud,

21

22          To demonstrate the predicate acts of mail and wire fraud, plaintiffs must
           show a scheme to defraud, involving use of United States wires or mail, with
           the specific intent to defraud.  Mail or wire fraud includes any scheme to

23          deprive another of money or property by means of false or fraudulent
           pretenses, representations, or promises.  "The elements of mail fraud are that

24          (1) the Defendant made up a scheme or plan for obtaining money or
           property by making false statements; (2) the Defendant knew the statements

25          were false; (3) the statements were of a kind that would reasonably influence
           a person to part with the money or property; (4) the Defendant acted with

26          the intent to defraud; and (5) the Defendant used, or caused to be used, the
           mails to carry out the scheme."

27

28  *Menjivar v. Trophy Properties IV DE, LLC*, 2006 WL 2884396, at 4 (N.D. Cal. Oct. 10,

---

                                    DEFENDANT GARIBALDI'S MOTION TO
                            6      DISMISS UNDER RULES 12(b)(6) and 12(b)(1)

1    2006) (quoting *United States v. Marconi*, 899 F. Supp. 458, 461 (C.D. Cal. 1995)) (internal
     quotations and citations omitted); see also *Miller v. Yokohama Tire Corp.*, 358 F.3d at 620
2    ("To allege a violation of mail fraud under §1341, 'it is necessary to show that (1) the
     defendants formed a scheme or artifice to defraud;  (2) the defendants used the United
3    States mails or caused a use of the United States mails in furtherance of the scheme;  and
     (3) the defendants did so with the specific intent to deceive or defraud.'") (quoting
4    *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir.1986)).

5

6          Here, plaintiffs' mail fraud allegations suffer three elemental flaws.  First, plaintiffs

7    have failed to comply with Rule 9(b), which requires that the circumstances constituting the

8    alleged fraud be alleged with particularity.  Fed.R.Civ.Pro. 9(b) ("In all averments of fraud

9    . . . the circumstances constituting fraud . . . shall be stated with particularity."); *Edwards v.*

10   *Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) ("Rule 9(b)'s requirement that

11   '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall

12   be stated with particularity' applies to civil RICO fraud claims.").  In particular, the

13   Complaint does not set forth the specific content of any allegedly false representations, nor

14   does it describe how and why any such representation was false.  Instead, plaintiffs simply

15   allege in general terms that each statement advised the tenant that a certain amount of

16   money had been withheld from his or her security deposit.  See Complaint, 43.  These

17   allegations are manifestly insufficient to meet Rule 9(b)'s heightened pleading

18   requirements.  See *Edwards*, 356 F.3d at 1066 (to avoid dismissal, Complaint must "state

19   the time, place, and specific content of the false representations as well as the identities of

20   the parties to the misrepresentation").

21

22         Second, the purportedly false statements were not "of a kind that would reasonably

23   influence a person to part with the money or property."  To the contrary, the statements

24   simply describe the disposition of funds which had previously been deposited with

25   Garibaldi.  As such, the statements could not have been meant to "trick" plaintiffs, but

26   were rather merely""confirmatory in nature."  *Garrick-Aug Associates Store Leasing, Inc.*

27   *v. Hirschfeld*, 652 F.Supp. 905, 906 (S.D.N.Y. 1986).  See also *Miller*, 358 F.3d at 621-22

28   (dismissing RICO claim predicated on mail fraud where nature of statements were such

DEFENDANT GARIBALDI'S MOTION TO
         DISMISS UNDER RULES 12(b)(6) and 12(b)(1)

1  that defendants could not reasonably have expected plaintiff to rely on them).

2

3      In other words, the statements mailed by Garibaldi were "simply notifications" of

4  the result of the alleged scheme; instead of furthering a clandestine fraud, they were

5  "disclosure documents which would tend to put [plaintiffs] on notice of the alleged scheme,

6  rather than to conceal it." *Garrick-Aug*, 652 F. Supp. at 906-907. Where, as here,

7  "mailings relied upon by the plaintiffs to establish the predicate acts under RICO are not in

8  furtherance of the alleged scheme to defraud, the RICO claims must be dismissed." *Id.* at

9  907.

10

11      Finally, because the statements related to plaintiffs" own conduct - in particular,

12  whether plaintiffs had damaged their apartments - Garibaldi could not have intended that

13  plaintiffs be deceived by them. In *Sosa v. DIRECTV*, 437 F.3d 923 (9th Cir. 2006), the

14  Ninth Circuit recently confronted directly analogous facts. Defendant DIRECTV mailed

15  plaintiff Sosa a letter asserting that Sosa had obtained unauthorized access to DIRECTV's

16  satellite signal and programming. Sosa brought a RICO claim, alleging that the assertion of

17  unauthorized access was false and that DIRECTV's mailing of the letter thus constituted

18  mail fraud. The Court rejected Sosa's argument:

19

20      Sosa further contends that DIRECTV's assertion that it had documents showing that he had "purchased . . . signal theft equipment to gain unauthorized access to DIRECTV's programming" and its other allegations
21      concerning Sosa's unauthorized access to its signal were false and amounted to a scheme or artifice to defraud. He argues that as a result of these
22      statements, he was induced to settle with DIRECTV. As in *Pendergraft*, DIRECTV's statements asserting that Sosa had modified smart cards and
23      used smart card programming equipment to access its signal without paying for it cannot constitute mail or wire fraud. **Because these statements
24      concerned Sosa's own conduct, DIRECTV could not have intended that he would be deceived by them and was therefore necessarily lacking in the
25      intent requisite to have committed mail or wire fraud.**

26  *Sosa*, 437 F.3d at 941 (emphasis added) (citing *U.S. v. Pendergraft*, 297 F.3d 1198, 1209
27  (11th Cir. 2002)). Likewise, because the statements mailed by Garibaldi concerned plaintiffs' own conduct, Garibaldi could not have intended that plaintiffs would be deceived by them and the intent required to commit mail fraud was therefore necessarily lacking.
28

**B.     Plaintiffs Cannot Establish Proximate Cause.**

"It is well settled that, to maintain a civil RICO claim predicated on mail fraud, a plaintiff must show that the defendants' alleged misconduct proximately caused the injury." *Poulos v. Caesar's World, Inc.*, 379 F.3d 654, 664 (9th Cir. 2004); accord *Anza v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991, 1998 (2006).

This requirement is generally interpreted to require that plaintiff plead reliance - i.e., that he or she detrimentally relied on the statements allegedly constituting fraud. *Poulos*, 379 F.3d at 664-65 ("[R]eliance may be 'a milepost on the road to causation.' This case fits that description to a tee.") (quoting *Blackie v. Barrack*, 524 F.2d 891, 906 n. 22 (9th Cir.1975)).[3]

Here, plaintiffs have utterly failed to plead - through reliance or otherwise - that their injuries were proximately caused by Garibaldi's alleged instances of mail fraud. In particular, plaintiffs do not plead that they were 'induced' to part with any money because of the statements that Garibaldi mailed or that their receipt of these statements otherwise directly caused them harm. Rather, what they have pleaded is simply that defendants provided them with written notices, after the fact, stating that certain charges had been imposed. While plaintiffs may dispute the legitimacy of those charges, the mere act of placing a disputed statement in the mail does not constitute mail fraud.

---

[3] The majority of circuits to have addressed the issue have held that to establish proximate cause, the plaintiff **must** allege detrimental reliance. For instance, in the Fourth Circuit, "To recover civil RICO damages . . . an individual must also allege that he was injured 'by reason of' the pattern of racketeering activity. To meet this burden with respect to mail fraud and wire fraud, a plaintiff must 'plausibly allege both that [he] detrimentally relied in some way on the fraudulent mailing [or wire] ... and that the mailing [or wire] was a proximate cause of the alleged injury to [his] business or property.'" *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 233 (4th Cir. 2004) (quoting *Chisolm v. Transouth Financial Corp.*, 95 F.3d 331, 337 (4th Cir. 1996); internal citations omitted). Both the United States Supreme Court and the Ninth Circuit have declined to reach this issue. See *Anza*, 126 S. Ct. at 1998 ("Because Ideal has not satisfied the proximate-cause requirement articulated in Holmes, we have no occasion to address the substantial question whether a showing of reliance is required."); *Poulos*, 379 F.3d at 666 ("Because it is neither necessary nor prudent to reach the issue of whether reliance is the only way plaintiffs can establish causation in a civil RICO claim predicated on mail fraud, we decline to do so.").

---

DEFENDANT GARIBALDI'S MOTION TO

9     DISMISS UNDER RULES 12(b)(6) and 12(b)(1)

1    The foregoing defects in the pleading are fundamental, and cannot be cured by

2  pleading any additional facts, therefore dismissal of the RICO claim without leave to

3  amend is appropriate.  *Lopez v. Smith*, 203 F.3d 112, 1130 (9th Cir. 2000).

4

5                              IV.

6        **THE REMAINDER OF THE ACTION SHOULD BE**
         **DISMISSED, FOR LACK OF SUBJECT MATTER JURISDICTION**
7

8    Absent the RICO claim, there is no independent basis for the exercise of federal

9  jurisdiction.  Accordingly, Garibaldi respectfully requests dismissal of plaintiffs'

10  supplemental state law claims pursuant to 28 U.S.C. §1367©)(3).

11                             V.

12                         **CONCLUSION**

13

14    The deficiencies in plaintiffs' RICO claim are not mere pleading mistakes, easily

15  corrected through amendment.  Rather, they reflect a fundamental problem:  This is a state

16  law case, a dispute between landlord and tenants, founded on alleged violations of

17  California Civil Code §1950.5.  The relevant facts simply cannot be squeezed into the

18  framework of a federal RICO claim.  Plaintiffs' state law remedies are more than adequate.

19  See Cal. Civ. Code §1950.5(l) (allowing imposition of a penalty of up to twice the amount

20  of tenant's deposit, plus actual damages, for "bad faith" retention of a security deposit).

21  Garibaldi respectfully requests that this motion be granted.

22

23  DATED:  September 14, 2007        EARBSTEIN & BLACKMAN, APC

24

25                                       JOHN S. BLACKMAN
                                        Attorneys for Mark Garibaldi and
26                                        The Garibaldi Company

27

28

                                        DEFENDANT GARIBALDI'S MOTION TO
                                  10    DISMISS UNDER RULES 12(b)(6) and 12(b)(1)

PROOF OF SERVICE

<u>Macias v. Tomanek, , Mark Garibaldi, The Garibaldi Company</u>

USDC, Northern California, Case No. C 07-3437 JSW

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is 411 Borel Avenue, Suite 425, San Mateo, California 94402-3518. My electronic notification address is stf@farbstein.com. On September 14, 2007, I served the following document(s):

**NOTICE OF MOTION AND MOTIONS BY DEFENDANT MARK GARIBALDI INDIVIDUALLY AND dba THE GARIBALDI COMPANY:**

**1.  TO DISMISS RICO CLAIM FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]**

**2.  TO DISMISS STATE COURT CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]**

on the following person(s) by the method(s) indicated below:

| | |
|---|---|
| Elizabeth Noonan Brancart, Esq.<br>Christopher A. Brancart, Esq.<br>Brancart & Brancart<br>P. O. Box 686<br>Pescadero, CA 94060 | Attorneys for plaintiffs<br>Tel: 650-879-0141<br>Fax: 650-879-1103<br>email: cbrancart@brancart.com<br>ebrancart@brancart.com |
| Sara B. Allman, Esq.<br>Allman & Nielsen<br>100 Larkspur Lndg Cir #212<br>Larkspur, CA 94939 | Farmers attorney<br>Tel: 415-461-2700<br>Fax: 1-415-461-2726<br>all-niel@pacbell.net |

[ ]   by transmitting via facsimile on this date from fax number (650) 554-6240 the document(s) listed above to the fax number(s) set forth herein. The transmission was completed before 5:00 p.m. and was reported complete and without error.  The transmission report is attached to this proof of service.  Service by fax was made by agreement of the parties confirmed in writing.

[X]   by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, for deposit in the United States mail at San Mateo, California addressed as set forth herein.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid in the ordinary course of business.

[X]   by transmitting the document(s) listed above via the Court's ECF system to the persons at the email address(es) set forth herein. The transmission was completed before 5:00 p.m. and was reported complete and without error.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct.  Executed at San Mateo, California, on September 14, 2007.

*Suzanne J Farbstein*

SUZANNE T. FARBSTEIN

DEFENDANT GARIBALDI'S MOTION TO
11   DISMISS UNDER RULES 12(b)(6) and 12(b)(1)