1    BRANCART & BRANCART
          Christopher Brancart (SBN 128475)
2          Elizabeth Brancart (SBN 122092)
     Post Office Box 686
3    Pescadero, CA 94060
     Tel:    (650) 879-0141
4    Fax:    (650) 879-1103
     cbrancart@brancart.com
5    ebrancart@brancart.com

6    Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11   **EDITH MACIAS, individually and on**     )    **Case No. C07-3437 JSW**
     **behalf of similarly situated**          )
     **individuals; HOTON DURAN;**             )    **FIRST AMENDED CLASS ACTION**
12   **TIFFANY HUYNH; AURA MENDIETA;**         )    **COMPLAINT; DEMAND FOR TRIAL**
     **WILLIAM LABOY; MIGUEL ACOSTA;**         )    **BY JURY; CERTIFICATION OF**
13   **CRUZ ACOSTA; CUAUHTEMOC**               )    **INTERESTED ENTITIES OR**
     **TORAL; TERESA VILLEGAS,**               )    **PERSONS**
14   **KAPIKA SALAMBUE and MARINA**            )
     **DURAN,**                                )    **CLASS ACTION**
15                                             )
                   **Plaintiffs,**             )
16                                             )
             **vs.**                           )
17                                             )
     **THOMAS J. TOMANEK; and**                )
18   **MARK GARIBALDI, individually**          )
     **and doing business as THE**             )
19   **GARIBALDI COMPANY,**                    )
                                               )
20                 **Defendants.**             )
                                               )
21   _____ )

22                         I.  **INTRODUCTION**

23          1.    In this action, plaintiffs, former tenants of the Rancho Luna & Rancho Sol

24   Apartments, a large rental complex located in Fremont, California, claim that defendant

25   Mark Garibaldi, doing business as The Garibaldi Company, violated the Racketeer

26   Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., by

27   engaging in a scheme or artifice to defraud or plan for obtaining money or property by

28   means of false or fraudulent pretenses, representations or promises and other unlawful

1  acts in connection with improperly charging vacating tenants for the ordinary wear and

2  tear in their units, retaining tenants' security deposits and demanding additional

3  payments for alleged property damage upon move-out.  Plaintiffs further claim that

4  defendant Mark Garibaldi, doing business as The Garibaldi Company, and defendant

5  Thomas J. Tomanek, have engaged in unlawful and unfair business practices in the

6  operation and management of the Rancho Luna & Sol Apartments in violation of

7  California Business & Professions Code § 17200, et seq., and other state laws.  The

8  class representative plaintiff brings this action on behalf of herself and similarly situated

9  individuals.

10              **II.  JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

11         2.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 in

12  that the claims alleged herein arise under the laws of the United States.  This Court has

13  supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear and determine

14  plaintiffs' state law claims because those claims are related to plaintiffs'  federal law

15  claims and arise out of a common nucleus of related facts.  Plaintiffs' state law claims

16  are related to plaintiffs' federal law claims such that those claims form part of the same

17  case or controversy under Article III of the United States Constitution.  This Court has

18  supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear and determine

19  plaintiffs' state law claims against defendant Thomas Tomanek because those claims

20  are so related to plaintiffs' federal law claims against defendant Mark Garibaldi that they

21  form part of the same case or controversy under Article III of the United States

22  Constitution.

23         3.      Pursuant to Local Rule 3-2, venue is proper in the San Francisco Division

24  or Oakland Division because the claims alleged herein arose within Alameda County,

25  California.

26                            **III.  PARTIES**

27         4.      Plaintiffs Edith Macias and Hoton Duran resided in apartment 246 in the

28  Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between

November 1, 2004 and  November 1, 2005.  Plaintiff Edith Macias brings this suit on behalf of herself and a class of similarly situated individuals.

5.      Plaintiff Tiffany Huynh resided in apartment 115 in the Rancho Sol section of the Rancho Luna & Rancho Sol Apartments between July 27, 2002, and October 3, 2005.

6.      Plaintiff Aura Mendieta resided in apartment 104 in the Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between October 19, 2002, and October 31, 2005.

7.      Plaintiff William Laboy resided in apartment 108 in the Rancho Sol section of the Rancho Luna & Rancho Sol Apartments between March 30, 2004, and April 1, 2005.

8.      Plaintiffs Miguel Acosta and Cruz Acosta resided in apartment 202 in the Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between February 23, 2002 and April 4, 2006.

9.      Plaintiffs Cuauhtemoc Toral and Teresa Villegas resided in apartment 205 in the Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between March 13, 2004, and March 30, 2005.

10.      Plaintiff  Kapika Salambue resided in apartment 230 in the Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between  August 1, 2004, and August 13, 2005.

11.      Plaintiff Marina Duran resided in apartment 119 in the Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between December 2001 and December 2005.

12.      Plaintiffs are informed and believe and thereon allege that defendant Thomas J. Tomanek owns the Rancho Luna & Rancho Sol Apartments and has done so at all times relevant herein.

13.      Plaintiffs are informed and believe and thereon allege that defendant Mark Garibaldi, doing business as The Garibaldi Company, acts as the property manager

1  operating the Rancho Luna & Rancho Sol Apartments, and has done so at all times

2  relevant herein, employed by defendant Thomas J. Tomanek as his managing agent.

3  Defendant Mark Garibaldi, doing business as The Garibaldi Company employs agents

4  to assist him in the operation of the Rancho Luna & Rancho Sol Apartments.  As used

5  herein, "The Garibaldi Company" refers to Mark Garibaldi, doing business as The

6  Garibaldi Company.

7        14.    Plaintiffs are informed and believe and thereon allege that, at all times

8  mentioned herein, each and every defendant is and was, in doing the things

9  complained of herein, the agent of its co-defendants herein and was acting within the

10 scope of said agency and/or representation, and that each and every defendant herein

11 is jointly and severally responsible and liable to plaintiffs for the damages hereinafter

12 alleged.

## IV.  FACTS

### A. INTRODUCTION

15        15.    Pursuant to California Civil Code § 1950.5(e), a landlord may claim from a

16 tenant's security deposit only those amounts as are reasonably necessary (1) to

17 compensate the landlord for a tenant's default in the payment of rent; (2) to repair

18 damages to the premises, exclusive of ordinary wear and tear, caused by the tenant or

19 by a guest or licensee of the tenant; (3) to clean the premises upon termination of the

20 tenancy as necessary to return the unit to the same level of cleanliness it was in at the

21 inception of the tenancy; or (4) to remedy future defaults by the tenant in any obligation

22 under the rental agreement to restore, replace, or return personal property or

23 appurtenances, exclusive of ordinary wear and tear, if the security deposit is authorized

24 to be applied thereto by the rental agreement.  A landlord "may not assert a claim

25 against the tenant or the security for damages to the premises or any defective

26 conditions that preexisted the tenancy, for ordinary wear and tear or the effects thereof,

27 whether the wear and tear preexisted the tenancy or occurred during the tenancy, or for

28 the cumulative effects of ordinary wear and tear occurring during any one or more

1  tenancies." California Civil Code § 1950.5(e).

2      16.    Defendants have engaged in a pattern or practice of  wrongfully

3  withholding the security deposits of vacating tenants as a method of funding

4  renovations and updates to units that have suffered only ordinary wear and tear during

5  the tenancy.  Defendants unlawfully assert claims against tenants and their security

6  deposits for alleged damages to units at the Rancho Luna & Rancho Sol Apartments

7  that preexisted tenancy or consisted of ordinary wear and tear during the tenancy.  This

8  unlawful practice is generally applicable to defendants' former, current and future

9  tenants as a class.

10                       **B.  EDITH MACIAS**

11      17.    On October 21, 2004, plaintiffs Edith Macias and Hoton Duran entered

12  into a written lease agreement with The Garibaldi Company at the Rancho Luna &

13  Rancho Sol Apartments for rental of apartment 246 in the Rancho Luna section of the

14  complex. Plaintiffs were assisted in the execution of the lease agreement by an

15  individual, whom plaintiffs are informed and believe was an employee of The Garibaldi

16  Company, who countersigned the lease agreement on behalf of The Garibaldi

17  Company.  Pursuant to the agreement, Ms. Macias and Mr. Duran paid $1,700 as a

18  security deposit before commencing their tenancy.  Under the terms of the agreement,

19  The Garibaldi Company agreed to return the $1,700 security deposit by mail within

20  three weeks of the tenants' vacating the unit, less any charges for damage to the

21  premises, fixtures or furnishings, but not including charges for reasonable wear and

22  tear.

23      18.    In giving The Garibaldi Company the $1,700 security deposit, Ms. Macias

24  and Mr. Duran reasonably relied on The Garibaldi Company to abide by the terms of its

25  representations in the lease agreement and the law, including California Civil Code §

26  1950.5(e), and not to charge them for reasonable wear and tear to the unit.

27      19.    The  representation of The Garibaldi Company in the lease agreement

28  that it would not charge Ms. Macias and Mr. Duran for reasonable wear and tear to the

1    unit was false, or made with reckless disregard to its falsity, because The Garibaldi

2    Company intentionally followed a policy and practice of unlawfully charging vacating

3    tenants for reasonable wear and tear to their unit.

4        20.    On November 1, 2005, Ms. Macias and Mr. Duran vacated apartment

5    246.  Before vacating that apartment, Ms. Macias and Mr. Duran requested an initial

6    inspection by defendants.  The purpose of that inspection was to allow Ms. Macias and

7    Mr. Duran the opportunity to remedy deficiencies identified by defendants in order to

8    avoid deductions from his security deposit.  But defendants failed or refused to conduct

9    that inspection in accordance with California Civil Code § 1950.5(f)(1).  At the time that

10   Ms. Macias and Mr. Duran vacated apartment 246, that dwelling had been returned to

11   the same condition, except for normal wear and tear, and same level of cleanliness as it

12   was at the inception of their tenancy.

13       21.    Nonetheless, defendants unlawfully, and acting in bad faith, charged

14   $2,818.75 for cleaning and damage to apartment 246, deducting that sum from the

15   security deposit paid by Ms. Macias and Mr. Duran.  Defendants retained, and continue

16   to retain, the full amount of plaintiffs' security deposit.  Because the charges exceed the

17   amount of the security deposit, defendants claim that Ms. Macias and Mr. Duran owe

18   defendants $1,160.75.  Defendants have sought to collect those unlawful charges from

19   Ms. Macias and Mr. Duran through the use of a collection agency, T.A. Ross

20   Collections.  In July 2006, defendants placed the alleged debt with T.A. Ross

21   Collections for attempted collection.  Since that time, T.A. Ross Collections has made a

22   report to the national credit reporting agencies regarding Ms. Macias, stating that the

23   alleged debt is in collection, resulting in a negative mark on Ms. Macias' credit report.

### C.  TIFFANY HUYNH

25       22.    On July 27, 2002, plaintiff Tiffany Huynh entered into a written agreement

26   with The Garibaldi Company at the Rancho Luna & Rancho Sol Apartments for rental of

27   apartment 115 in the Rancho Sol section of the complex. Plaintiff was assisted in the

28   execution of the lease agreement by an individual, whom plaintiff is informed and

1  believes was an employee of The Garibaldi Company, who countersigned the lease

2  agreement on behalf of The Garibaldi Company.  Pursuant to that agreement, Ms.

3  Huynh paid $400 as a security deposit before commencing her tenancy.  Under the

4  terms of the agreement, The Garibaldi Company agreed to return the $400 security

5  deposit by mail within three weeks of the tenants' vacating the unit, less any charges for

6  damage to the premises, fixtures or furnishings, but not including charges for

7  reasonable wear and tear.

8      23.    In giving The Garibaldi Company the $400 security deposit, Ms. Huynh

9  reasonably relied on The Garibaldi Company to abide by the terms of its

10  representations in the lease agreement and the law, including California Civil Code §

11  1950.5(e), and not to charge her for reasonable wear and tear to the unit.

12      24.    The  representation of The Garibaldi Company in the lease agreement

13  that it would not charge Ms. Huynh for reasonable wear and tear to the unit was false,

14  or made with reckless disregard to its falsity, because The Garibaldi Company

15  intentionally followed a policy and practice of unlawfully charging vacating tenants for

16  reasonable wear and tear to their unit.

17      25.    On October 3, 2005, Ms. Huynh vacated apartment 115.  At the time that

18  Ms. Huynh vacated apartment 115, that dwelling had been returned to the same

19  condition, except for normal wear and tear, and same level of cleanliness as it was at

20  the inception of her tenancy.

21      26.    Nonetheless, defendants unlawfully, and acting in bad faith, charged

22  $452.04 for cleaning and damage to apartment 115, deducting that sum from Ms.

23  Huynh's security deposit.  After deducting for charges from the security deposit,

24  defendants returned only $50.45 to Ms. Huynh.  Defendants retained, and continue to

25  retain, the remaining balance of plaintiff's security deposit.

26                          **D.  AURA MENDIETA**

27      27.    On October 19,2002, plaintiff Aura Mendieta entered into a written

28  agreement with The Garibaldi Company at the Rancho Luna & Rancho Sol Apartments

1   for rental of apartment 104 in the Rancho Luna section of the complex. Plaintiff was

2   assisted in the execution of the lease agreement by an individual, whom plaintiff is

3   informed and believes was an employee of The Garibaldi Company, who countersigned

4   the lease agreement on behalf of The Garibaldi Company.  Pursuant to that agreement,

5   Ms. Mendieta paid $400 as a security deposit before commencing her tenancy.  Under

6   the terms of the agreement, The Garibaldi Company agreed to return the $400 security

7   deposit by mail within three weeks of the tenants' vacating the unit, less any charges for

8   damage to the premises, fixtures or furnishings, but not including charges for

9   reasonable wear and tear.

10          28.     In giving The Garibaldi Company the $400 security deposit, Ms. Mendieta

11   reasonably relied on The Garibaldi Company to abide by the terms of its

12   representations in the lease agreement and the law, including California Civil Code §

13   1950.5(e), and not to charge her for reasonable wear and tear to the unit.

14          29.     The  representation of The Garibaldi Company in the lease agreement

15   that it would not charge Ms. Mendieta for reasonable wear and tear to the unit was

16   false, or made with reckless disregard to its falsity, because The Garibaldi Company

17   intentionally followed a policy and practice of unlawfully charging vacating tenants for

18   reasonable wear and tear to their unit.

19          30.     On September 30, 2005, Ms. Mendieta gave written notice of intent to

20   move out and made a written request for an inspection of her unit prior to her move out.

21   The manager refused to conduct that inspection in accordance with California Civil

22   Code § 1950.5(f)(1).  On October 31, 2005, Ms. Mendieta vacated apartment 104.  At

23   the time that Ms. Mendieta vacated apartment 104, that dwelling had been returned to

24   the same condition, except for normal wear and tear, and same level of cleanliness as it

25   was at the inception of her tenancy.

26          31.     Nonetheless, defendant unlawfully, and acting in bad faith, charged

27   $652.16 for cleaning and damage to apartment 104, deducting that sum from Ms.

28   Mendieta's security deposit.  Defendants retained, and continue to retain, the full

1   amount of plaintiff's security deposit.  Because the charges exceed the amount of the

2   security deposit, defendants claim that Ms. Mendieta owes defendants $252.16.

3   Subsequently, defendants referred that alleged debt to T.A. Ross Collections, which

4   attempted to collect it from Ms. Mendieta.

5                              **E.  WILLIAM LABOY**

6          32.     On March 30, 2004, plaintiff William Laboy entered into a written

7   agreement with The Garibaldi Company at the Rancho Luna & Rancho Sol Apartments

8   for rental of apartment 108 in the Rancho Sol section of the complex.  Plaintiff was

9   assisted in the execution of the lease agreement by an individual, whom plaintiff is

10  informed and believes was an employee of The Garibaldi Company, who countersigned

11  the lease agreement on behalf of The Garibaldi Company.  Pursuant to that agreement,

12  Mr. Laboy paid $400 as a security deposit before commencing his tenancy.  Under the

13  terms of the agreement, The Garibaldi Company agreed to return the $400 security

14  deposit by mail within three weeks of the tenants' vacating the unit, less any charges for

15  damage to the premises, fixtures or furnishings, but not including charges for

16  reasonable wear and tear.

17         33.     In giving The Garibaldi Company the $400 security deposit, Mr. Laboy

18  reasonably relied on The Garibaldi Company to abide by the terms of its

19  representations in the lease agreement and the law, including California Civil Code §

20  1950.5(e), and not to charge him for reasonable wear and tear to the unit.

21         34.     The  representation of The Garibaldi Company in the lease agreement

22  that it would not charge Mr. Laboy for reasonable wear and tear to the unit was false, or

23  made with reckless disregard to its falsity, because The Garibaldi Company

24  intentionally followed a policy and practice of unlawfully charging vacating tenants for

25  reasonable wear and tear to their unit.

26         35.     On April 1, 2005, Mr. Laboy vacated apartment 108.  Before vacating that

27  apartment, Mr. Laboy requested an initial inspection by defendant.  The purpose of that

28  inspection was to allow Mr. Laboy the opportunity to remedy deficiencies identified by

1    defendants in order to avoid deductions from his security deposit.  But defendants

2    failed or refused to conduct that inspection in accordance with California Civil Code §

3    1950.5(f)(1).  At the time that Mr. Laboy vacated apartment 108, that dwelling had been

4    returned to the same condition, except for normal wear and tear, and the same level of

5    cleanliness as it was at the inception of his tenancy.

6        36.    Nonetheless, defendants unlawfully, and acting in bad faith, charged

7    $512.20 for cleaning and damage to apartment 108, deducting that sum from Mr.

8    Laboy's security deposit.  Defendants retained, and continue to retain, the full amount

9    of plaintiff's security deposit.  Because the charges exceed the amount of the security

10   deposit, defendants claim that Mr. Laboy owes defendants $112.20 in cleaning and

11   damages charges.

12                        **F.  MIGUEL ACOSTA AND CRUZ ACOSTA**

13       37.    On February 22, 2002, plaintiffs Miguel and Cruz Acosta entered into a

14   written lease agreement with The Garibaldi Company at the Rancho Luna & Rancho

15   Sol Apartments for rental of apartment 202 in the Rancho Luna section of the complex.

16   Plaintiffs were assisted in the execution of the lease agreement by an individual, whom

17   plaintiffs are informed and believe was an employee of The Garibaldi Company, who

18   countersigned the lease agreement on behalf of The Garibaldi Company.  Pursuant to

19   the agreement, the Acostas paid $1,150 as a security deposit before commencing their

20   tenancy.  Under the terms of the agreement, The Garibaldi Company agreed to return

21   the $1,150 security deposit by mail within three weeks of the tenants' vacating the unit,

22   less any charges for damage to the premises, fixtures or furnishings, but not including

23   charges for reasonable wear and tear.

24       38.    In giving The Garibaldi Company the $1,150 security deposit, the Acostas

25   reasonably relied on The Garibaldi Company to abide by the terms of its

26   representations in the lease agreement and the law, including California Civil Code §

27   1950.5(e), and not to charge them for reasonable wear and tear to the unit.

28       39.    The  representation of The Garibaldi Company in the lease agreement

1  that it would not charge the Acostas for reasonable wear and tear to the unit was false,
2  or made with reckless disregard to its falsity, because The Garibaldi Company
3  intentionally followed a policy and practice of unlawfully charging vacating tenants for
4  reasonable wear and tear to their unit.

5      40.     On April 4, 2006, the Acostas vacated apartment 202.  At the time that the
6  Acostas vacated apartment 202, that dwelling had been returned to the same condition,
7  except for normal wear and tear, and same level of cleanliness as it was at the
8  inception of their tenancy.

9      41.     Nonetheless, defendant unlawfully, and acting in bad faith, charged the
10 Acostas $1,180.43 for cleaning and damage to apartment 202, deducting that sum from
11 the Acostas' security deposit.  Defendants retained the full amount of plaintiffs' security
12 deposit.  Because the charges exceed the amount of the security deposit, defendants
13 claimed that the Acostas owe defendants $30.43

14     42.     After the filing of this lawsuit, on or about August 20, 2007 (over one year
15 after they vacated their unit), the Acostas received a check from The Garibaldi
16 Company in the amount of $848.08, and a statement to the effect that the accounting of
17 the damages assessed against their security deposit had been in error.

18                 **G.  CUAUHTEMOC TORAL AND TERESA VILLEGAS**

19     43.     On March 13, 2004, plaintiffs Cuauhtemoc Toral and Teresa Villegas
20 entered into a written lease agreement with The Garibaldi Company at the Rancho
21 Luna & Rancho Sol Apartments for rental of apartment 205 in the Rancho Luna section
22 of the complex. Plaintiffs were assisted in the execution of the lease agreement by an
23 individual, whom plaintiffs are informed and believe was an employee of The Garibaldi
24 Company, who countersigned the lease agreement on behalf of The Garibaldi
25 Company.  Pursuant to the agreement, Mr. Toral and Ms. Villegas paid a total security
26 deposit of $1,100 in connection with their tenancy.  Under the terms of the agreement,
27 The Garibaldi Company agreed to return the $1,100 security deposit by mail within
28 three weeks of the tenants' vacating the unit, less any charges for damage to the

1  premises, fixtures or furnishings, but not including charges for reasonable wear and
2  tear.

3       44.     In giving The Garibaldi Company the $1,100 security deposit, Mr. Toral
4  and Ms. Villegas reasonably relied on The Garibaldi Company to abide by the terms of
5  its representations in the lease agreement and the law, including California Civil Code §
6  1950.5(e), and not to charge them for reasonable wear and tear to the unit.

7       45.     The  representation of The Garibaldi Company in the lease agreement
8  that it would not charge Mr. Toral an Ms. Villegas for reasonable wear and tear to the
9  unit was false, or made with reckless disregard to its falsity, because The Garibaldi
10  Company intentionally followed a policy and practice of unlawfully charging vacating
11  tenants for reasonable wear and tear to their unit.

12       46.     On March 30, 2005, Mr. Villegas and Ms. Villegas vacated apartment 205.
13  Before vacating their apartment, the dwelling had been returned to the same condition,
14  except for normal wear and tear, and same level of cleanliness as it was at the
15  inception of their tenancy.

16       47.     Nonetheless, defendant unlawfully, and acting in bad faith, charged for
17  cleaning and damage to apartment 205, and refused to return any portion of Mr. Toral
18  and Ms. Villegas' security deposit.  Defendants retained, and continue to retain, the full
19  amount of plaintiffs' security deposit.

20  **H.  KAPIKA SALAMBUE**

21       48.     On or about August 2, 2004, plaintiff Kapika Salambue entered into a
22  written agreement with The Garibaldi Company at the Rancho Luna & Rancho Sol
23  Apartments for rental of apartment 230 in the Rancho Luna section of the complex.
24  Plaintiff was assisted in the execution of the lease agreement by an individual, whom
25  plaintiff is informed and believes was an employee of The Garibaldi Company, who
26  countersigned the lease agreement on behalf of The Garibaldi Company.  Pursuant to
27  that agreement, Ms. Salambue paid $500 as a security deposit before commencing her
28  tenancy.  Under the terms of the agreement, The Garibaldi Company agreed to return

1  the $500 security deposit by mail within three weeks of the tenants' vacating the unit,

2  less any charges for damage to the premises, fixtures or furnishings, but not including

3  charges for reasonable wear and tear.

4        49.    In giving The Garibaldi Company the $500 security deposit, Ms.

5  Salambue reasonably relied on The Garibaldi Company to abide by the terms of its

6  representations in the lease agreement and the law, including California Civil Code §

7  1950.5(e), and not to charge her for reasonable wear and tear to the unit.

8        50.    The  representation of The Garibaldi Company in the lease agreement

9  that it would not charge Ms. Salambue for reasonable wear and tear to the unit was

10  false, or made with reckless disregard to its falsity, because The Garibaldi Company

11  intentionally followed a policy and practice of unlawfully charging vacating tenants for

12  reasonable wear and tear to their unit.

13        51.    On July 13, 2005, Ms. Salambue gave written notice of intent to move.

14  On August 13, 2005, Ms. Salambue vacated apartment 230.  At the time that Ms.

15  Salambue vacated apartment 230, that dwelling had been returned to the same

16  condition, except for normal wear and tear, and same level of cleanliness as it was at

17  the inception of her tenancy.

18        52.    Nonetheless, defendant unlawfully, and acting in bad faith, charged

19  $1,415.73 for cleaning and damage to apartment 230, deducting that sum from Ms.

20  Salambue's security deposit.  Defendants retained, and continue to retain, the full

21  amount of plaintiff's security deposit.  Because the charges exceed the amount of the

22  security deposit, defendants claim that Ms. Salambue owes defendants $915.73.

23        53.    Ms. Salambue recently received a communication from T.A. Ross

24  Collections demanding payment of that $915.73.

25                     **I. MARINA DURAN**

26        54.    In December 2001, plaintiff Marina Duran entered into a written

27  agreement with The Garibaldi Company at the Rancho Luna & Rancho Sol Apartments

28  for rental of apartment 119 in the Rancho Luna section of the complex. Plaintiff was

1  assisted in the execution of the lease agreement by an individual, whom plaintiff is

2  informed and believes was an employee of The Garibaldi Company.  Pursuant to that

3  agreement, Ms. Duran paid $99 as a security deposit before commencing her tenancy.

4  Under the terms of the agreement, The Garibaldi Company agreed to return the $99

5  security deposit by mail within three weeks of the tenants' vacating the unit, less any

6  charges for damage to the premises, fixtures or furnishings, but not including charges

7  for reasonable wear and tear.

8         55.    In giving The Garibaldi Company the $99 security deposit, Ms. Duran

9  reasonably relied on The Garibaldi Company to abide by the terms of its

10  representations in the lease agreement and the law, including California Civil Code §

11  1950.5(e), and not to charge her for reasonable wear and tear to the unit.

12         56.    The  representation of The Garibaldi Company in the lease agreement

13  that it would not charge Ms. Mendieta for reasonable wear and tear to the unit was

14  false, or made with reckless disregard to its falsity, because The Garibaldi Company

15  intentionally followed a policy and practice of unlawfully charging vacating tenants for

16  reasonable wear and tear to their unit.

17         57.    In December 2005, Ms. Duran gave notice and moved out of apartment

18  119.  At the time that Ms. Duran vacated apartment 119, that dwelling had been

19  returned to the same condition, except for normal wear and tear, and same level of

20  cleanliness as it was at the inception of her tenancy.

21         58.    Nonetheless, defendant unlawfully, and acting in bad faith, charged

22  $1,084.86 for cleaning and damage to apartment 119, deducting that sum from Ms.

23  Duran's security deposit.  Because the charges exceed the amount of the security

24  deposit, defendants claimed that Ms. Duran owes defendants $985.86.

25         59.    Thereafter, Ms. Duran received a demand for payment of the $985.86

26  from defendants or their agent.  She paid that amount for fear of being sent to

27  collections.

28  //

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR TRIAL BY JURY;**
**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS; CASE NO. C07-3437 JSW**                    14

1

## V. **CLASS ACTION ALLEGATIONS**

2      60.    Class.  Plaintiff Edith Macias seeks to bring this case on behalf of herself

3   and on behalf of a class of similarly situated individuals.  Ms. Macias, as class

4   representative, seeks to represent a class of tenants who have resided at the Rancho

5   Luna & Rancho Sol Apartments at any time since June 29, 2003, to the present, and

6   future tenants, who have had, or in the future will have, claims asserted against them or

7   their security deposits by defendants for alleged damages to units at the Rancho Luna

8   & Rancho Sol Apartments.

9      61.    Numerosity.  The number of members of the class on whose behalf

10   plaintiff sues is unknown, but it is estimated to be so numerous that joinder of all such

11   members is impracticable.  The number of persons possibly affected by defendants'

12   unlawful policies and practices is indeterminate, but it is larger than can be addressed

13   by joinder.

14      62.    Commonality and Typicality.  This suit poses questions of law and fact

15   that are common to and affect the rights of all members of the class.  The claims of the

16   class representative are typical of the claims of class members as a whole, because

17   defendants have implemented and pursued a policy or practice of unlawfully asserting

18   claims against class members or their security deposits for alleged damages to units at

19   the Rancho Luna & Rancho Sol Apartments that preexisted their tenancy or consisted

20   of ordinary wear and tear during the tenancy, or to clean the premises beyond the same

21   level of cleanliness it was in at the inception of the tenancy.

22      63.    Adequacy of Representation.  Plaintiff will fairly and adequately protect

23   the interests of the class because plaintiff's counsel possesses the requisite resources

24   and ability to prosecute this action and because the class representative's interests are

25   consistent with the interests of the class.

26      64.    Superiority.  A class action is superior to other available methods for the

27   fair and efficient adjudication of the controversy of the claims of the class plaintiffs.

28   Common factual and legal questions so clearly predominate that class treatment is

1  appropriate.  Those common questions include whether defendants have engaged in a

2  pattern and practice of wrongfully withholding security deposits or asserting claims

3  against tenants, and whether defendants engage in that practice in bad faith.  The

4  amount of punitive damages also is an issue common to the class.

5         65.    General Applicability.  Defendants have acted or refused to act on

6  grounds generally applicable to each class member by pursuing their policy or practice

7  of unlawfully asserting claims against class members or their security deposits for

8  alleged damages to units at the Rancho Luna & Rancho Sol Apartments, thereby

9  making appropriate final injunctive and declaratory relief with respect to the as a whole.

10                          **VI.  CLAIMS FOR RELIEF**

11                        **A.  FIRST CLAIM FOR RELIEF**

12                    **[RICO, 18 U.S.C. § 1961, *et seq.*]**

13           ***All Plaintiffs and the Plaintiff Class v. Mark Garibaldi,***

14                 ***doing business as The Garibaldi Company***

15         66.    Plaintiffs and the plaintiff class reallege and incorporate by reference all

16  previous paragraphs alleged in the complaint herein.

17         67.    Defendant Mark  Garibaldi, doing business as The Garibaldi Company, is

18  a "person" within the meaning of 18 U.S.C. § 1961(3).

19         68.    Thomas J. Tomanek, in his individual capacity, and as controlling owner

20  of certain business entities, is in the business of owning and operating numerous

21  apartment complexes in California and Nevada.  Thomas J. Tomanek, an individual, is

22  an "enterprise" within the meaning of 18 U.S.C. § 1961(4).  In addition, or in the

23  alternative, Thomas J. Tomanek, together with the various business entities which he

24  controls, is an "enterprise" within the meaning of 18 U.S.C. § 1961(4).  Both enterprises

25  affect interstate commerce in that Thomas J. Tomanek is the owner of the multifamily

26  rental housing at Rancho Luna & Rancho Sol Apartments, which receives federal HUD

27  subsidies as housing for the elderly and/or under the Section 8 housing voucher

28  program.  Both enterprises, through their agent The Garibaldi Company, advertise the

1   Thomas J. Tomanek apartment complexes, including Rancho Luna & Rancho Sol

2   Apartments, on the internet on The Garibaldi Company website.  In addition, or in the

3   alternative, the enterprises are engaged in interstate commerce, in that Thomas

4   Tomanek & Associates V, Inc. is the general partner of Indigo Creek Apartment, L.P., a

5   Nevada limited partnership, which owns the Indigo Creek Apartments, a complex

6   located in Las Vegas, Nevada, managed by The Garibaldi Company.

7        69.    Mark Garibaldi is "associated" with Thomas J. Tomanek, an "enterprise,"

8   within the meaning of 18 U.S.C. § 1962(c), in that, doing business as The Garibaldi

9   Company, he has responsibility and control over the management of the Rancho Luna

10  & Rancho Sol Apartments, including collecting monthly rent payments, enforcing lease

11  provisions, operating the property, and refunding security deposits.  Mark Garibaldi,

12  doing business as The Garibaldi Company, conducted or participated in the affairs of

13  Thomas J. Tomanek directly or indirectly, by managing and controlling the operation of

14  the apartment complexes owned by Thomas J. Tomanek, including but not limited to,

15  the Rancho Sol and Rancho Luna Apartments in Fremont, California, the Austin Creek

16  Apartments and Seabreeze Apartments in Vallejo, California, the Evergreen

17  Apartments and Orange Village Apartments in Redlands, California, the Golden Sands

18  and The Colony Apartments in Victorville, and the Indigo Creek Apartments in Las

19  Vegas, Nevada.

20       70.    Mark Garibaldi, doing business as The Garibaldi Company, conducts or

21  participates, directly or indirectly, in the conduct of the enterprise's affairs through a

22  pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).  Mark Garibaldi,

23  doing business as The Garibaldi Company, has engaged in a pattern of racketeering

24  activity within the meaning of 18 U.S.C. § 1961(5), namely violations of 18 U.S.C. §

25  1341 (mail fraud).  Mark Garibaldi, doing business as The Garibaldi Company, has

26  knowingly, wilfully and intentionally devised and implemented a scheme or artifice to

27  defraud, or for obtaining money or property from tenants of Rancho Sol and Rancho

28  Luna Apartments by means of false or fraudulent pretenses, representations or

1    promises within the meaning of 18 U.S.C. § 1341.  Mark Garibaldi, doing business as

2    The Garibaldi Company, knowingly uses or causes the use of the United States mails in

3    order to further that fraudulent scheme.

4        71.    The specific facts on which plaintiffs and the plaintiff class base their

5    allegation of a scheme to defraud or to obtain money by false pretenses are as follows:

6        a.    As set forth in paragraphs 17-21, above, and reincorporated herein, at the

7        commencement of their tenancy at the Rancho Luna & Rancho Sol Apartments,

8        plaintiffs Edith Macias and Hoton Duran paid a $1,700 security deposit to The

9        Garibaldi Company, in reasonable reliance on The Garibaldi Company's

10       representation that it would return the $1,700 security deposit by mail within

11       three weeks of the tenants' vacating the unit, less any charges for damage to the

12       premises, fixtures or furnishings, but not including charges for reasonable wear

13       and tear.  The  representation of The Garibaldi Company in the lease agreement

14       that it would not charge Ms. Macias and Mr. Duran for reasonable wear and tear

15       to the unit was false, or made with reckless disregard to its falsity, because The

16       Garibaldi Company intentionally followed a policy and practice of unlawfully

17       charging vacating tenants for reasonable wear and tear to their unit.

18       b.    On or about November 13, 2005, in furtherance of its scheme to defraud

19       or to obtain money from tenants of Rancho Sol and Rancho Luna Apartments by

20       means of false or fraudulent pretenses, representations or promises, The

21       Garibaldi Company mailed a statement to Edith Macias, stating that she owed

22       $2,840.75 in damages for painting, carpet and vinyl replacement and 11 hours of

23       cleaning upon her move out from apartment 246.  After applying her $1,700.00

24       security deposit toward those alleged damages, the Garibaldi Company

25       demanded that Ms. Macias pay the remaining balance of $1,140.75.  The

26       November 13, 2005, mailing was in furtherance of the scheme to defraud

27       because the use of the United States mails was foreseeable and incident to an

28       essential part of the scheme – asserting defendant's claim to some or all of the

1   security deposit and for any additional funds due.  California Civil Code §

2   1950.5(e) & (g).

3   c.      When Ms. Macias refused to pay the additional amounts claimed due,

4   The Garibaldi Company referred the matter to its collections agency T.A. Ross

5   Collections in July 2006.  Thereafter, T.A. Ross Collections used the United

6   States mails to attempt to collect the amounts claimed due to defendants.

7   d.      As set forth in paragraphs 22-26, above, and reincorporated herein, at the

8   commencement of her tenancy at the Rancho Luna & Rancho Sol Apartments,

9   plaintiff Aura Mendieta paid a $400 security deposit to The Garibaldi Company,

10  in reasonable reliance on The Garibaldi Company's representation that it would

11  return the $400 security deposit by mail within three weeks of the tenants'

12  vacating the unit, less any charges for damage to the premises, fixtures or

13  furnishings, but not including charges for reasonable wear and tear.  The

14  representation of The Garibaldi Company in the lease agreement that it would

15  not charge Ms. Mendieta for reasonable wear and tear to the unit was false, or

16  made with reckless disregard to its falsity, because The Garibaldi Company

17  intentionally followed a policy and practice of unlawfully charging vacating

18  tenants for reasonable wear and tear to their unit.

19  e.      On or about November 7, 2005, in furtherance of its scheme to defraud or

20  to obtain money from tenants of Rancho Sol and Rancho Luna Apartments by

21  means of false or fraudulent pretenses, representations or promises, The

22  Garibaldi Company mailed a statement to Aura Mendieta, stating that she owed

23  $652.16 for damages to carpets and vinyl and for eight hours of cleaning.  After

24  applying her $400.00 security deposit toward those alleged damages, The

25  Garibaldi Company demanded that Ms. Mendieta pay the remaining balance of

26  $252.16 in full within 30 days.  The November 7, 2005, mailing was in

27  furtherance of the scheme to defraud because the use of the United States mails

28  was foreseeable and incident to an essential part of the scheme – asserting

1  defendant's claim to some or all of the security deposit and for any additional

2  funds due.  California Civil Code § 1950.5(e) & (g).

3  f.      As set forth in paragraphs 27-31, above, and reincorporated herein, at the

4  commencement of her tenancy at the Rancho Luna & Rancho Sol Apartments,

5  plaintiff Tiffany Huynh paid a $400 security deposit to The Garibaldi Company, in

6  reasonable reliance on The Garibaldi Company's representation that it would

7  return the $400 security deposit by mail within three weeks of the tenants'

8  vacating the unit, less any charges for damage to the premises, fixtures or

9  furnishings, but not including charges for reasonable wear and tear.  The

10  representation of The Garibaldi Company in the lease agreement that it would

11  not charge Ms. Mendieta for reasonable wear and tear to the unit was false, or

12  made with reckless disregard to its falsity, because The Garibaldi Company

13  intentionally followed a policy and practice of unlawfully charging vacating

14  tenants for reasonable wear and tear to their unit.

15  g.      On or about October 10, 2005, in furtherance of its scheme to defraud or

16  to obtain money from tenants of Rancho Sol and Rancho Luna Apartments by

17  means of false or fraudulent pretenses, representations or promises, The

18  Garibaldi Company mailed a statement to Tiffany Huynh, stating that she owed

19  $349.55 for carpet cleaning, housekeeping and dishwasher replacement upon

20  her move out from Apartment 115.  The Garibaldi Company refunded only

21  $50.45 of Ms. Huynh's $400.00 security deposit.  The October 10, 2005, mailing

22  was in furtherance of the scheme to defraud because the use of the United

23  States mails was foreseeable and incident to an essential part of the scheme –

24  asserting defendant's claim to some or all of the security deposit and for any

25  additional funds due.  California Civil Code § 1950.5(e) & (g).

26  h.      On or about August 9, 2005, in furtherance of its scheme to defraud or to

27  obtain money from tenants of Rancho Sol and Rancho Luna Apartments by

28  means of false or fraudulent pretenses, representations or promises, The

Garibaldi Company mailed a statement to Nestor C.-H., stating that he owed $1,439.04 in alleged "move out damages," upon his move out from apartment. The Garibaldi Company demanded that Mr. C.-H. make payment within 24 hours, and further instructed him to "contact the office to set up payment arrangements."  The August 9, 2005, mailing was in furtherance of the scheme to defraud because the use of the United States mails was foreseeable and incident to an essential part of the scheme – asserting defendant's claim to some or all of the security deposit and for any additional funds due.  California Civil Code § 1950.5(e) & (g).

i.      As set forth in paragraphs 32-59, above, and reincorporated herein, at the commencement of their tenancies at the Rancho Luna & Rancho Sol Apartments, plaintiffs William Laboy, Cuauhtemoc Toral, Teresa Villegas, Miguel Acosta, Cruz Acosta, Kapika Salambue and Marina Duran, and the members of the plaintiff class, each paid security deposits to The Garibaldi Company, in reasonable reliance on The Garibaldi Company's representation that it would return those security deposit by mail within three weeks of the tenants' vacating the unit, less any charges for damage to the premises, fixtures or furnishings, but not including charges for reasonable wear and tear.  The  representation of The Garibaldi Company in the lease agreement that it would not charge plaintiffs for reasonable wear and tear to the unit was false, or made with reckless disregard to its falsity, because The Garibaldi Company intentionally followed a policy and practice of unlawfully charging vacating tenants for reasonable wear and tear to their unit.  Plaintiffs are informed and believe that The Garibaldi Company mailed security deposit accountings to each of the other individual plaintiffs and the members of the plaintiff class, asserting defendant's claim to some or all of the security deposit and for any additional funds due, and that those mailings were in furtherance of defendant's scheme to defraud or to obtain money from tenants of Rancho Sol and Rancho Luna Apartments by means of false or fraudulent

1    pretenses, representations or promises.  Defendant, however, is in possession of

2    the documents showing those mailings, which plaintiffs do not have access to at

3    this time.

4    72.    As a result of the racketeering activity of Mark Garibaldi, doing business

5    as The Garibaldi Company, plaintiffs and members of the plaintiff class who have

6    vacated their units at the complex have suffered injury, including injury to their property,

7    by reason of his violation of 18 U.S.C. § 1962.  The security deposits withheld by

8    defendant, and the additional amounts claimed, were all or in part based on damage

9    due to reasonable wear and tear.  Accordingly, plaintiffs and members of the plaintiff

10   class who have vacated the complex are entitled to and seek treble damages.

11   73.    There now exists an actual controversy between the parties regarding

12   defendant Mark Garibaldi's duties under the applicable laws.  Accordingly, plaintiffs and

13   members of the plaintiff class are entitled to declaratory relief.

14   74.    Unless enjoined, defendant will continue to engage in the unlawful acts

15   and practices described above.  Plaintiffs and members of the plaintiff class have no

16   adequate remedy at law.  Plaintiffs and class plaintiffs are now suffering and will

17   continue to suffer irreparable injury from defendant Mark Garibaldi's unlawful acts

18   practices unless relief is provided by this Court.  The alleged debts of Ms. Macias and

19   other plaintiffs and class members have been sent to collections, and collection activity

20   is ongoing.  Accordingly, plaintiffs and class plaintiffs are entitled to injunctive relief.

## B.  SECOND CLAIM FOR RELIEF

### [California Unfair Business Practices]

### *All Plaintiffs and the Plaintiff Class v. All Defendants*

24   75.    Plaintiffs and the plaintiff class reallege and incorporate by reference all

25   previous paragraphs alleged in the complaint herein.

26   76.    In acting as herein alleged, defendants have engaged in a pattern or

27   practice of unlawful and unfair conduct in the operation of the Rancho Luna & Rancho

28   Sol Apartments, and therefore have engaged in acts of unfair competition as the same

1    is defined in California Business and Professions Code § 17200, et seq.

2    77.    The acts of unfair competition in which defendants have engaged include,

3    but are not limited to, violating Civil Code § 1950.5 governing the return and retention of

4    security deposits, and by engaging in unfair policies and practices with respect to

5    making claims against vacating tenants and vacating tenants' security deposits for

6    alleged damage to their units.

7    78.    In bringing this action, plaintiffs and the plaintiff class are acting in the

8    interest of themselves and the general public pursuant to the California Business and

9    Professions Code § 17204.

10    79.    Plaintiffs and the plaintiff class seek injunctive relief ordering defendants

11    to stop their unlawful practices and restitution of the security deposits wrongfully

12    withheld and the charges unlawfully assessed against them by defendants.

### C.  THIRD CLAIM FOR RELIEF

### [California Civil Code § 1950.5]

### *All Plaintiffs and the Plaintiff Class v. All Defendants*

16    80.    Plaintiffs and the plaintiff class reallege and incorporate by reference all

17    previous paragraphs alleged in the complaint herein.

18    81.    Defendants' course of conduct described above injured plaintiffs and the

19    members of the plaintiff class who have vacated the complex by failing to comply with

20    the requirements of Civil Code § 1950.5, making defendants liable for actual damages.

21    82.    Defendants acted in bad faith towards plaintiffs and the members of the

22    plaintiff class who have vacated the complex within the meaning of Civil Code §

23    1950.5(l), entitling plaintiffs and those members of the plaintiff class to damages of up

24    to twice the amount of their security deposits, in addition to actual damages.

25    83.    Defendants acted with oppression, fraud and malice in engaging in the

26    business practices described above, such that plaintiffs and those members of the

27    plaintiff class are entitled to punitive damages in an amount to be established at trial.

28    //

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR TRIAL BY JURY;**
**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS; CASE NO. C07-3437 JSW**                    23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### D.  FOURTH CLAIM FOR RELIEF

### [Fraud]

### *All Plaintiffs and the Plaintiff Class v. All Defendants*

84.    Plaintiffs and the plaintiff class reallege and incorporate by reference all previous paragraphs alleged in the complaint herein.

85.    As alleged above in paragraph 71 and the previous paragraphs incorporated therein, defendant Mark Garibaldi, doing business as The Garibaldi Company, has engaged in a practice of making false representations to plaintiffs and members of the plaintiff class with respect to the return of their security deposits. Defendant and his agents knew that those representations were false, or acted with reckless disregard as to their falsity.

86.    By making those representations, defendant and his agents intended to induce plaintiffs and the plaintiff class to entrust defendant with their security deposits, as alleged above in paragraph 71 and the previous paragraphs incorporated therein. Plaintiffs and the plaintiff class justifiably relied upon those misrepresentations.

87.    As a result of defendants' wrongful conduct, plaintiffs and the members of the plaintiff class who have vacated the complex have suffered and continue to suffer economic losses, and other general and specific damages, all in an amount to be determined according to proof at the time of trial.

88.    In doing those unlawful acts and making those representations, defendant Mark Garibaldi, doing business as The Garibaldi Company, was acting as the agent of Thomas J. Tomanek within the scope of his agency, thus making Thomas J. Tomanek vicariously liable for that conduct as principal.

89.    Defendants acted with oppression, fraud and malice in engaging in the business practices described above, such that plaintiffs and the plaintiff class are entitled to punitive damages in an amount to be established at trial.

90.    Defendant Thomas J. Tomanek, as principal, is vicariously liable for the fraudulent acts of its agent, Mark Garibaldi, doing business as The Garibaldi Company,

1   conducted in the course of their agency relationship, and for all compensatory damages

2   awarded by the jury.  Thomas J. Tomanek, as owner of the  Rancho Luna & Rancho

3   Sol Apartments, knew or should have known of the fraudulent conduct of its agent Mark

4   Garibaldi, doing business as The Garibaldi Company, but continued to employ him to

5   manage the Rancho Luna & Rancho Sol Apartments, thus making Thomas J. Tomanek

6   vicariously liable for punitive damages.

7                              **E.  FIFTH CLAIM FOR RELIEF**

8                       **[Breach of the Implied Covenant of Good Faith**

9                         **and Fair Dealing re Lease Agreements]**

10                  ***All Plaintiffs and the Plaintiff Class v. All Defendants***

11          91.    Plaintiffs and the plaintiff class reallege and incorporate by reference all

12   previous paragraphs alleged in the complaint herein.

13          92.    Defendants breached the implied covenant of good faith and fair dealing

14   implied in the lease agreements with plaintiffs and the plaintiff class, their tenants at the

15   Rancho Luna & Rancho Sol Apartments by allowing Mark Garibaldi, doing business as

16   The Garibaldi Company, to carry out the fraudulent scheme against plaintiffs and the

17   plaintiff class.

18          93.    Plaintiffs and the plaintiff class performed their obligations under the

19   parties' lease agreements, but defendants' fraudulent scheme unfairly deprived

20   plaintiffs and the plaintiff class of the benefits of the lease agreement, namely the right

21   not to be charged for ordinary wear and tear to the property, for damages preexisting

22   their tenancy, or cleaning to bring the unit to a higher level of cleanliness than at the

23   inception of the lease.

24          94.    As a result of defendants' wrongful conduct, plaintiffs and the members of

25   the plaintiff class who have vacated the complex have suffered and continue to suffer

26   economic losses and other general and specific damages, including emotional distress

27   damages, all in an amount to be determined according to proof at the time of trial.

28          95.    Defendants acted with oppression, fraud and malice in engaging in the

1   business practices described above, such that plaintiffs and the plaintiff class are

2   entitled to punitive damages in an amount to be established at trial.

3       96.    Defendant Thomas J. Tomanek, as principal, is vicariously liable for the

4   unlawful conduct of his agent, Mark Garibaldi, doing business as The Garibaldi

5   Company, conducted in the course of their agency relationship, and for all

6   compensatory damages awarded by the jury.  Thomas J. Tomanek, as owner of the

7   Rancho Luna & Rancho Sol Apartments, knew or should have known of the unlawful

8   conduct of its agent Mark Garibaldi, doing business as The Garibaldi Company, but

9   continued to employ him to manage the Rancho Luna & Rancho Sol Apartments, thus

10  making Thomas J. Tomanek vicariously liable for punitive damages.

11  **F.  SIXTH CLAIM FOR RELIEF**

12  **[UNJUST ENRICHMENT]**

13  ***All Plaintiffs and the Plaintiff Class v. All Defendants***

14      97.    Plaintiffs reallege and incorporate by reference all previous paragraphs

15  alleged in the complaint herein.

16      98.    In doing the wrongful acts alleged herein, defendants unjustly obtained a

17  benefit from plaintiffs in the form of payments neither due nor owing, which defendants

18  retained.  Defendants accepted and has retained those payments from plaintiffs for

19  their own use, unjustly depriving plaintiffs of those funds.  Allowing defendants to retain

20  those benefits would be inequitable.  Those benefits belong, in equity and good

21  conscience, to plaintiffs.

22      99.    Accordingly, plaintiffs and the plaintiff class pray for an order of this Court

23  directing defendants to disgorge all profits, benefits and other compensation obtained

24  by defendants from plaintiff and the plaintiff class by their unlawful conduct, and

25  imposing a constructive trust thereon.

26  //

27  //

28  //

### G.  SEVENTH CLAIM FOR RELIEF

### [DEFAMATION]

*Plaintiffs Edith Macias, Hoton Duran, Aura Mendieta*

*and Kapika Salambue v. All Defendants*

100.    Plaintiffs Edith Macias, Hoton Duran, Aura Mendieta and Kapika Salambue reallege and incorporate by reference all previous paragraphs alleged in the complaint herein.

101.    In or about July 2006, defendants defamed plaintiff Edith Macias and plaintiff Hoton Duran and plaintiff Aura Mendieta by communicating to T.A. Ross Collections that each refused to pay a just debt, and authorizing T.A. Ross Collections to commence collection efforts against them.  At some time within the last 12 months, at a time unknown to plaintiffs, defendants defamed plaintiff Kapika Salambue by communicating to T.A. Ross Collections that she refused to pay a just debt, and authorizing T.A. Ross Collections to commence collection efforts against her.  Those alleged debts were not just debts, in that they were the result of defendants' unlawful pattern and practice of withholding tenants' security deposits and making unlawful claims against those deposits, as set forth herein.  Each of those communications was defamatory on its face, causing damage to plaintiffs' credit ratings, and causing them to suffer general and special damages to be proved at trial.

### H.  EIGHTH CLAIM FOR RELIEF

### [Negligence]

*All Plaintiffs and the Plaintiff Class v. All Defendants*

102.    Plaintiffs and the plaintiff class reallege and incorporate by reference all previous paragraphs alleged in the complaint herein.

103.    Defendants owed plaintiffs and the plaintiff class a duty to operate Rancho Luna & Rancho Sol Apartments in a manner that was free from unlawful conduct and consistent with the duty of care, and to hire, train, supervise and discipline their employees to fulfill that duty.  Defendants, acting individually and through their

1   agents, negligently violated those duties by unlawfully withholding plaintiffs' security

2   deposits.

3        104.   As a legal result of defendants' negligent conduct, plaintiffs and the

4   plaintiff class suffered  economic losses, emotional distress, including bodily injury such

5   as headaches, stomachaches and loss of sleep, and other special and general

6   damages according to proof.

7                           **VII.  <u>RELIEF</u>**

8        Wherefore, plaintiffs and all class members pray for the following relief against

9   defendants:

10       1.   That the classes described above be certified in this action pursuant to

11   Rule 23 of the Federal Rules of Civil Procedure;

12       2.   For an order declaring unlawful defendants' pattern and practices

13   complained of herein;

14       3.   For an order enjoining all unlawful practices complained about herein;

15       4.   For an order requiring defendants to make restitution to plaintiffs and the

16   plaintiff class;

17       5.   For an order awarding actual or compensatory damages to plaintiffs and

18   the plaintiff class according to proof;

19       6.   For an order awarding statutory damages and treble damages to plaintiffs

20   and the plaintiff class according to proof;

21       7.   For an order awarding punitive damages to plaintiffs and the plaintiff class

22   according to proof;

23       8.   For an order requiring defendants to disgorge their profits and benefits

24   obtained unjustly from plaintiffs and the plaintiff class, and imposing a constructive trust

25   thereon;

26   //

27   //

28   //

FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR TRIAL BY JURY;
CERTIFICATION OF INTERESTED ENTITIES OR PERSONS; CASE NO. C07-3437 JSW                    28

9.    For costs of suit, including reasonable attorneys' fees; and,

10.    For all such other relief as the Court deems just.

Dated:  September 28, 2007.

Respectfully submitted,

BRANCART & BRANCART

/s/ Elizabeth Brancart
Elizabeth Brancart
Attorneys for Plaintiffs

## VIII.  JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a trial by jury.

Dated:  September 28, 2007.

Respectfully submitted,

BRANCART & BRANCART

/s/ Elizabeth Brancart
Elizabeth Brancart
Attorneys for Plaintiffs

## IX.  CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated:  September 28, 2007.

Respectfully submitted,

BRANCART & BRANCART

/s/ Elizabeth Brancart
Elizabeth Brancart
Attorneys for Plaintiffs

## PROOF OF SERVICE

I am over the age of 18 and am not a party to the within action.  My business address is 8205 Pescadero Road, Loma Mar, California  94021.

On September 28, 2007, I served a true and correct copy of the following document(s):

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

upon the following person(s):

Ms. Sara Allman, Allman & Nielsen, 100 Larkspur Landing Circle, Suite 212 Larkspur, CA 94939; and

Mr. John S. Blackman, Farbstein & Blackman, 411 Borel Ave., Suite 425, San Mateo, CA  94402

|    |    |
|----|----|
|    | **BY HAND DELIVERY**:  By causing such document(s) to be delivered by hand to the above person(s) at the address(es) set forth above. |
|    | **BY MAIL**:  By placing a copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Loma Mar, California, addressed as set forth above. |
|    | **BY THIRD-PARTY COMMERCIAL CARRIER (OVERNIGHT DELIVERY)**:  By delivering a copy thereof to a third-party commercial carrier, addressed as set forth above, for delivery on the next business day. |
|    | **BY FACSIMILE**:  By transmitting the above document(s) to the facsimile number(s) of the addressee(s) designated above. |
| xx | **BY ELECTRONIC TRANSMISSION OF THE "NOTICE OF ELECTRONIC FILING:"** By electronically filing the document(s) (All counsel are "Filing Users") |

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 28, 2007, at Loma Mar, California.

/s/ Elizabeth Brancart
Elizabeth Brancart