Sara B. Allman, Esq., CSB #107932
Steven A. Nielsen, Esq., CSB #133864
■ ALLMAN & NIELSEN ■
A Professional Corporation
100 Larkspur Landing Circle, Suite 212
Larkspur, CA  94939
Telephone:   (415) 461-2700
Facsimile:     (415) 461-2726

Attorneys for Defendant
THOMAS J. TOMANEK

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA: WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS, KAPIKA SALAMBUE and MARINA DURAN<br><br>            Plaintiffs,<br>     vs.<br><br>THOMAS J. TOMANEK; and MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY,<br><br>            Defendants. | Case No.: C07 3437 JSW<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT THOMAS J. TOMANEK TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]**<br><br>DATE:   January 11, 2008<br>TIME:         9:00 a.m.<br>COURTROOM:   2, 17th Floor<br>JUDGE:   Hon. Jeffrey S. White |

-1-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN to plaintiffs EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS, KAPIKA SALAMBUE and MARINA DURAN ("Plaintiffs") and to their attorneys of record that on January 11, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 17 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, defendant Thomas J. Tomanek ("Tomanek") will, and hereby does, move this Court to dismiss the first amended complaint herein for lack of subject matter jurisdiction (FRCP 12(b)(1)).

## STATEMENT OF THE RELIEF REQUESTED

The first amended complaint was filed in response to defendants' motions to dismiss the original complaint. This motion seeks relief on the following grounds: (1) plaintiffs have not attempted to state and cannot state a claim for relief under federal law against Tomanek; (2) there is no diversity among the parties for purposes of providing this court with jurisdiction; and (3) plaintiffs have not stated and will not be able to state a claim for relief under federal law against co-defendant Mark Garibaldi (for alleged RICO violations under 18 USC § 1961, et seq.) and, as such, for the reasons set forth in the motion to dismiss of defendant Mark Garibaldi ("Garibaldi"), set for hearing herewith and incorporated herein as if fully set forth, that claim should be dismissed. The remaining seven claims for relief in the complaint (violation of California Business and Professions Code § 17200, et seq.; violation of California

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FIRSTAMENDED
COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION [FRCP 12(b)(1)]

Civil Code § 1950.5; common law fraud; breach of the implied covenant of good faith and fair dealing; unjust enrichment; defamation; and common law negligence) are all exclusively state court claims, and there is no diversity among the parties to this suit.  Therefore, if the RICO claim against Garibaldi is dismissed, then the remaining seven claims, and thus the entire first amended complaint, should be dismissed for lack of subject matter jurisdiction pursuant to 28 USC 1367(c)(3).

The motion(s) will be based on this notice of motion, the following memorandum of points and authorities, the papers, records, and file herein, and such evidence and/or argument as may be presented at the hearing of the motion.

MEMORANDUM OF POINTS AND AUTHORITIES

I.

INTRODUCTION

Plaintiffs are eleven former residential tenants of the Rancho Sol and/or Rancho Luna apartments in Fremont, California. Moving defendant Thomas J. Tomanek ("Tomanek") is an owner of the properties and defendant Mark Garibaldi, individually and dba The Garibaldi Company, ("Garibaldi") is the property manager. Plaintiffs claim that charges were improperly imposed against their security deposits.  The security deposits at issue are less than $1,000 per plaintiff. These claims should have been brought in small claims court, not in federal court.

In a motion to dismiss set for hearing coincident to this motion, Garibaldi seeks dismissal of plaintiffs' RICO claim, for alleged violation of 18 USC § 1961, et seq., pursuant to FRCP 12(b) (6).  There is no federal question claim pled against Tomanek. Because the RICO

-3-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FIRSTAMENDED
COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION [FRCP 12(b)(1)]

claim is the only federal question claim, once it is dismissed, the complaint should be dismissed in its entirety for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1), as the only remaining claims are all purely state court claims, and there is no diversity among the parties.

II.

SUMMARY OF ALLEGATIONS PLED AGAINST TOMANEK

Plaintiffs include class action allegations in the first amended class action complaint (see ¶¶ 60 through 65). They allege eight specific claims which are labeled by the letters A through H, as follows:

    A (1st) RICO [18 USC 1961, et seq.];

    B (2nd) California Unfair Business Practices [B&P Code § 17200, et seq.];

    C (3rd) Cal. Civil Code § 1950.5;

    D (4th) Fraud;

    E (5th) Breach of Implied Covenant of Good Faith & Fair Dealing;

    F (6th) Unjust Enrichment;

    G (7th) Defamation; and

    H (8th) Negligence

With respect to the RICO claim, the only predicate acts alleged are alleged instances of mail fraud pursuant to 18 USC § 1341. The fact alleged to support the claim for mail fraud is that Garibaldi "used the United States mails" in furtherance of an alleged scheme by mailing closing statements detailing security deposit charges to the respective plaintiffs. (¶¶

-4-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FIRSTAMENDED
COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION [FRCP 12(b)(1)]

70 and 71 of the first amended complaint) Plaintiffs add allegations to the first amended complaint that misrepresentations were made to them, and relied upon by them, regarding the security deposits in the lease at lease inception (not at the time of or relative to any use of the U.S. mails). (¶¶ 17, 18, 22, 23, 27, 28, 32, 33, 37, 38, 43, 44, 48, 49, 54, and 55)

While Tomanek is named as a defendant in the state law claims, and is alleged to be the "enterprise" Garibaldi conducted (¶ 68 of the first amended complaint), he is not named as a defendant in the RICO claim. In fact, the RICO claim (the First Claim for Relief) expressly states that it is asserted solely against Garibaldi and clearly (and, obviously intentionally) excludes Tomanek as a defendant who is charged with RICO violations. There are thus no claims for relief pled against Tomanek that implicate a federal question and there is no diversity among the parties.

### III.

### THE RICO CLAIM SHOULD BE DISMISSED BASED ON PLAINTIFFS' INABILITY TO PLEAD ESSENTIAL ELEMENTS OF THE CLAIM

In order to state a civil RICO claim, a plaintiff must allege five elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to plaintiff's "business or property." See, e.g., *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005). The subject of reliance is closely connected to causation, and "[C]ausation lies at the heart of a civil RICO claim." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 664 (9th Cir. 2004); *Menjivar v. Trophy Properties IV DE, LLC*, Slip Copy, 2006 WL 2884396, page 4 (N.D. Cal., 2006).

Plaintiffs do not, and cannot plead that the use of the U.S. mails was in furtherance of a

-5-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FIRST AMENDED
COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION [FRCP 12(b)(1)]

scheme to defraud.  Plaintiffs also do not, and cannot, plead that they were 'induced' to give up money or property *because of the mailings, or because they received the mailings* –i.e., they do not and cannot plead that they were damaged because they relied on Garibaldi's alleged misrepresentations in mailings concerning the security deposits.  Rather, they plead only that misrepresentations were made in the lease and confirmatory notices were mailed regarding security deposit charges.  For these reasons and those set forth more specifically in the motion of Garibaldi, incorporated by reference herein as if fully set forth, after two attempts, plaintiffs cannot truthfully plead facts to support the RICO claim. Thus, the first amended complaint should be dismissed without leave to amend. *Lopez v. Smith*, 203 F.3d 112, 1130 (9th Cir. 2000).  Plaintiffs' allegations similarly fail to establish a "pattern of activity" because the operative facts are confined to a brief few months' time period in 2005.  *H.J., Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 239 (1989).

IV.

ONCE THE RICO CLAIM IS DISMISSED,
THE REMAINDER OF THE CLAIMS SHOULD ALSO BE
DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

The defense of lack of jurisdiction over the subject matter may be made by motion in lieu of answer at the option of the pleader. (FRCP 12 (b) (1)) While federal courts may exercise pendent jurisdiction over state law claims arising from a nucleus of facts common to both the state and federal claims, pursuant to 28 USC § 1367 (a), if the RICO claim is dismissed here this court necessarily will have no subject matter jurisdiction pursuant to 28 USC § 1367 (c) (3), because the remaining seven claims are state court claims. See, e.g., *United Mine Workers*

-6-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FIRSTAMENDED
COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION [FRCP 12(b)(1)]

*v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966); *Garrick-Aug Associates Store Leasing, Inc. v. Hirschfeld*, 652 F.Supp. 905, 907 (S.D.N.Y. 1986).

     For all the foregoing reasons, and because plaintiffs cannot cure the deficiencies, it is respectfully requested that the motion to dismiss for lack of subject matter jurisdiction be granted without leave to amend.

Respectfully Submitted,

Dated: October 18, 2007                           ALLMAN & NIELSEN, P. C.

                                      By: /s/ Sara B. Allman
                                            Sara B. Allman, Esq.
                                            Attorneys for Defendant
                                            THOMAS J. TOMANEK

-7-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT
THOMAS J. TOMANEK TO DISMISS FIRSTAMENDED
COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION [FRCP 12(b)(1)]

## PROOF OF SERVICE

I am a citizen of the United States and employed in Marin County, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

NOTICE OF MOTION AND MOTION BY DEFENDANT THOMAS J. TOMANEK TO DISMISS STATE COURT CLAIMS OF PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(b) (1)]

on the interested parties in the action by placing [] the original [X] a true copy thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Christopher Brancart<br>Elizabeth Brancart<br>BRANCART & BRANCART<br>PO Box 686<br>Pescadero, CA  94060 | Attorney for Plaintiffs EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA: WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS |
| John S. Blackman<br>Farbstein & Blackman<br>411 Borel Ave #425<br>San Mateo, CA 94402-3518 | Attorneys for Defendant MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY |

[X]     BY MAIL:  I deposited such envelope with postage thereon fully prepaid in the United States Postal Service mailbox at Larkspur, California.

[ ]     BY PERSONAL SERVICE:  I delivered such envelope by hand to the addressee.

[ ]     BY FACSIMILE:  I sent such document via facsimile to the facsimile machine of the addressee.

[ ]     BY EXPRESS MAIL:  I deposited such envelope in a mailbox regularly maintained by the United States Postal Service for receipt of Express Mail postage paid to be delivered by Express Mail for overnight courier service to the addressee.

[ ]     BY OVERNIGHT DELIVERY:  I deposited the envelope, in an envelope designated by the express service carrier, with delivery fees provided for, in a box regularly maintained by the express service carrier for overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

-8-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION BY DEFENDANT THOMAS J. TOMANEK TO DISMISS FIRSTAMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]

1  Executed on October 18, 2007, at Larkspur, California.

_____
NOLI VILLA

-9-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

**NOTICE OF MOTION AND MOTION BY DEFENDANT THOMAS J. TOMANEK TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]**