1  JOHN S. BLACKMAN (SB#114654)
   MARGARET A. BURTON (SB#193386)
2  FARBSTEIN & BLACKMAN
   A Professional Corporation
3  411 Borel Avenue, Suite 425
   San Mateo, California  94402-3518
4
   Telephone: (650) 554-6200
5  Facsimile: (650) 554-6240
6  Attorneys for Defendants
   MARK GARIBALDI and THE GARIBALDI COMPANY
7
8              UNITED STATES DISTRICT COURT
9           NORTHERN DISTRICT OF CALIFORNIA
10
11  EDITH MACIAS, individually and on    )  CASE NO. C07 3437 JSW
    behalf of similarly situated individuals;  )
12  HOTON DURAN; TIFFANY HUYNH;          )  NOTICE OF MOTION AND MOTIONS
    AURA MENDIETA; WILLIAM               )  BY DEFENDANT MARK GARIBALDI
13  LABOY; MIGUEL ACOSTA; CRUZ           )  INDIVIDUALLY AND dba THE
    ACOSTA; CUAUHTEMOC TORAL;            )  GARIBALDI COMPANY:
14  and TERESA VILLEGAS, KAPIKA          )
    SALAMBUE and MARINA DURAN,           )  1.  TO DISMISS RICO CLAIM FOR
15                                       )  FAILURE TO STATE A CLAIM [FRCP
              Plaintiffs,                )  12(b)(6)]
16                                       )  2.  TO DISMISS STATE COURT
    vs.                                  )  CLAIMS FOR LACK OF SUBJECT
17                                       )  MATTER JURISDICTION [FRCP
    THOMAS J. TOMANEK; and MARK          )  12(b)(1)]
18  GARIBALDI, individually and doing    )
    business as THE GARIBALDI            )  DATE: January 11, 2008
19  COMPANY,                             )  TIME:  9:00 a.m.
                                         )  COURTROOM: 2, 17th Floor
20            Defendants.                )  JUDGE: Hon. Jeffrey S. White
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

NOTICE OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I     SUMMARY OF THE CASE
AND SUMMARY OF RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    SUMMARY AND DISCUSSION OF THE ALLEGATIONS
OF THE FIRST AMENDED COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    PLAINTIFFS' RICO CLAIM SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . 5

     A.    Plaintiffs' Allegations Of Mail Fraud Are Fatally Deficient . . . . . . . . . . . . . 7

     B.    Plaintiffs' Allegations Do Not Satisfy RICO's "Continuity" Requirement . . 10

     C.    Plaintiffs Cannot Establish Proximate Cause . . . . . . . . . . . . . . . . . . . . . . . . 11

     D.    The RICO Claim Should Be Dismissed Without Leave To Amend . . . . . . . 12

IV.    THE REMAINDER OF THE ACTION SHOULD BE DISMISSED,
FOR LACK OF SUBJECT MATTER JURISDICTION . . . . . . . . . . . . . . . . . . . 13

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

## UNITED STATES SUPREME COURT CASES

*Anza v. Ideal Steel Supply Corp.*
    126 S. Ct. 1991 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Cedric Kushner Promotions, Ltd. v. King*
    533 U.S. 158 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*H.J., Inc. v. Northwestern Bell Telephone Co.*
    492 U.S. 229 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

*Holmes v. Securities Investor Protection Corp.*
    503 U.S. 258 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## FEDERAL COURT OF APPEALS CASES

*American Chiropractic Ass'n v. Trigon Healthcare, Inc.*
    367 F.3d 212 (4th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Blackie v. Barrack*
    524 F.2d 891 (9th Cir.1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Chisolm v. Transouth Financial Corp.*
    95 F.3d 331 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Howard v. America Online, Inc.*
    208 F.3d 731 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Lopez v. Smith*
    203 F.3d 112 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Miller v. Yokohama Tire Corp.*
    358 F.3d 620 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

*Poulos v. Caesar's World, Inc.*
    379 F.3d 654 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Religious Tech. Ctr. v. Wollersheim*
   971 F.2d 364 (9th Cir. 1992) ............................................. 10

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*
   806 F.2d 1393 (9th Cir.1986) ............................................. 8

*Sosa v. DIRECTV*
   437 F.3d 923 (9th Cir. 2006) ............................................. 9

*U.S. v. Pendergraft,*
   297 F.3d 1198 (11th Cir. 2002) ............................................. 9


**FEDERAL DISTRICT COURT CASES**

*Garrick-Aug Associates Store Leasing, Inc. v. Hirschfeld*
   652 F.Supp. 905 (S.D.N.Y. 1986) ............................................. 8, 9

*Menjivar v. Trophy Properties IV DE, LLC*
   2006 WL 2884396 (N.D. Cal., 2006) ............................................. 8

*United States v. Marconi*
   899 F. Supp. 458 (C.D. Cal. 1995) ............................................. 8


**FEDERAL STATUTES**

18 U.S.C. §1341 ............................................. 7, 8

18 U.S.C. §1961 ............................................. 4

18 U.S.C. §1962(c) ............................................. 1, 5

28 U.S.C. §1367(c)(3) ............................................. 13


**CALIFORNIA STATUTES**

California Business and Professions Code §17200 ............................................. 1, 4

California Civil Code §1950.5 ............................................. 1, 2, 4, 6, 7, 8, 12, 13

1

## NOTICE OF MOTION

2     To Plaintiffs EDITH MACIAS, individually and on behalf of similarly situated

3 individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM

4 LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and

5 TERESA VILLEGAS, KAPIKA SALAMBUE and MARINA DURAN ("Plaintiffs") and

6 their Attorneys of Record:

7

8     NOTICE IS HEREBY GIVEN that on JANUARY 11, 2008 at 9:00 a.m. or as soon

9 thereafter as the matter may be heard, in Courtroom 17 of the United States District Court,

10 Northern District of California, located at 450 Golden Gate Avenue, 16th Floor, San

11 Francisco, CA 94102, Defendant MARK GARIBALDI, individually and dba THE

12 GARIBALDI COMPANY ("Garibaldi") will, and hereby does, move this Court for an

13 order dismissing the Plaintiffs' First Amended Class Action Complaint ("FAC") herein for

14 failure to state a claim (Rule 12(b)(6)), and lack of subject matter jurisdiction (Rule

15 12(b)(1)), on the following grounds:  Plaintiffs have not pleaded and cannot plead essential

16 elements of their first claim for relief, for alleged violation of RICO, 18 USC §1962(c); that

17 claim should therefore be dismissed.  The FAC's remaining seven claims for relief

18 (violation of California Business and Professions Code §17200, et seq.; violation of

19 California Civil Code §1950.5; common law fraud; breach of the implied covenant of good

20 faith and fair dealing; unjust enrichment; defamation; and common law negligence) raise

21 no federal question.  Nor does the FAC allege any basis for diversity jurisdiction.

22 Therefore, following dismissal of the RICO claim, the remaining state law claims, and thus

23 the entire action, should be dismissed for lack of subject matter jurisdiction.

24

25     Defendant Garibaldi's Motion is based on this Notice of Motions, the Memorandum

26 of Points and Authorities that follows, the papers, records, and file herein, and such other

27 evidence and argument as the Court may consider.

28

MOTION TO DISMISS [RULE 12(b)(6) and
12(b)(1)] BY DEFENDANTS GARIBALDI AND
1   THE GARIBALDI COMPANY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### SUMMARY OF THE CASE AND
### SUMMARY OF RELIEF REQUESTED

Plaintiffs are former tenants of two apartment complexes owned by defendant Thomas Tomanek and managed by defendant Mark Garibaldi dba The Garibaldi Company. They allege that defendants induced them to post security deposits ranging from $99 to $1700 by representing that the deposits would be handled in accordance with California Civil Code §1950.5, then improperly deducted charges for "ordinary wear and tear" to their apartments.

The essence of plaintiffs' claim is that defendants violated the California statute that delineates a landlord's rights and obligations with respect to security deposits. This is not a Federal case. It is premised entirely on state law, and it belongs in California state court. The sole purported basis for federal jurisdiction is the allegation that defendants used the United States mails in furtherance of their alleged scheme to violate California law, thus violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"). This is a classic misuse of the RICO statute. Plaintiffs have not alleged, nor can they allege, facts sufficient to state a civil RICO claim. Defendant Mark Garibaldi, individually and dba The Garibaldi Company (collectively "Garibaldi") therefore moves pursuant to Rule 12(b)(6) for dismissal of plaintiffs' RICO claim. Because there is no other basis alleged for the exercise of federal jurisdiction, Garibaldi further moves for dismissal of the entire action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

/ / /

MOTION TO DISMISS [RULE 12(b)(6) and
12(b)(1)] BY DEFENDANTS GARIBALDI AND
THE GARIBALDI COMPANY

II.

## SUMMARY AND DISCUSSION OF THE ALLEGATIONS OF THE FAC

Plaintiffs are former residents of the Rancho Sol and Rancho Luna apartment complexes ("the Complexes") in Fremont, California.  They bring this suit on their own behalf.  In addition, plaintiff Edith Macias purports to represent a class of tenants who have resided at the Complexes from June 29, 2003 to the present.

This is Plaintiffs' second attempt to plead a RICO claim.  Garibaldi moved to dismiss Plaintiffs' initial Complaint pursuant to Rule 12(b)(6).  Rather than oppose the motion, Plaintiffs filed a First Amended Complaint, recasting the facts alleged in support of their RICO claim.  The differences between the two complaints are addressed briefly below.

The FAC names eleven individual plaintiffs, representing eight separate leasehold interests.  Two of these plaintiffs (Salambue and Duran) are new to the FAC.  Plaintiffs allege that they entered into written lease agreements and paid security deposits in the following amounts (*see* ¶¶ FAC 17, 22, 27, 32, 37, 43, 48, 54):

| | |
|---|---|
| Edith Macias and Hoton Duran | Security Deposit: $1,700.00 |
| Tiffany Huynh | Security Deposit: $400.00 |
| Aura Mendieta | Security Deposit: $400.00 |
| William Laboy | Security Deposit: $400.00 |
| Miguel Acosta and Cruz Acosta | Security Deposit: $1,150.00 |
| Cuauhtemoc Toral and Teresa Villegas | Security Deposit: $1,100.00 |
| Kapika Salambue | Security Deposit: $500.00 |
| Marina Duran | Security Deposit: $99.00 |

1    Plaintiffs further allege that they subsequently vacated their apartments, and that

2  each "dwelling had been returned to the same condition, except for normal wear and tear,

3  and same level of cleanliness as it was at the inception of [the] tenancy." FAC ¶¶ 20, 25, 30,

4  35, 40, 46, 51, 57.  Finally, plaintiffs allege that defendants "unlawfully, and in bad faith"

5  charged various sums to each of them for cleaning and damage, deducting that sum from

6  their security deposits (and in some instances requesting further payments and/or referring

7  their accounts for collection).  *Id.* ¶¶ 21, 26, 31, 36, 41, 47, 52, 58.

8

9    The gravamen of the FAC is that defendants' actions violated California Civil Code

10  §1950.5, which governs a landlord's handling and disposition of security deposits.  Through

11  creative pleading, plaintiffs have expanded their suit to allege eight separate claims for

12  relief, labeled with the letters A through H, as follows:

13

14     A (1st)      RICO [18 USC 1961, et seq.]

15     B (2nd)      California Unfair Business Practices [B&P Code § 17200, et seq.]

16     C (3rd)      Cal. Civil Code § 1950.5

17     D (4th)      Fraud

18     E (5th)      Breach of Implied Covenant of Good Faith & Fair Dealing

19     F (6th)      Unjust Enrichment

20     G (7th)      Defamation

21     H (8th)      Negligence

22

23    Plaintiffs plead in the alternative, stating that defendants' alleged failure to handle

24  their security deposits properly was either a conspiracy to defraud plaintiffs, or inadvertent

25  and merely negligent.

26

27    The only claim raising a federal question is the RICO claim.  The remaining seven

28

MOTION TO DISMISS [RULE 12(b)(6) and
12(b)(1)] BY DEFENDANTS GARIBALDI AND
THE GARIBALDI COMPANY

4

1   claims arise from state law, and the FAC alleges no basis for diversity jurisdiction.

2   On the whole, the factual allegations of the FAC are spare and legally conclusory.

3   Plaintiffs have already amended those allegations once in an attempt to avoid dismissal;

4   there is no indication they can plead facts that would magically transform this garden

5   variety landlord-tenant dispute into a federal RICO action.

6

7                                         III.

8                **PLAINTIFFS' RICO CLAIM SHOULD BE DISMISSED**

9

10          To state a claim for violation of RICO under 18 U.S.C. 1962(c), plaintiffs must

11  allege (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.

12  *Miller v. Yokohama Tire Corp.*, 358 F.3d 620 (9th Cir. 2004).  In addition, to recover civil

13  RICO damages, plaintiffs must establish proximate cause - that there exists a "direct

14  relation between the injury asserted and the injurious conduct alleged." *Holmes v.*

15  *Securities Investor Protection Corp.*, 503 U.S. 258, 266 (1992).

16

17          Here, plaintiffs attempt to satisfy these requirements by alleging that defendant

18  Garibaldi conducted an "enterprise" - defendant Tomanek - which engaged in "racketeering

19  activity" - instances of mail fraud - as part of a scheme to wrongfully withhold tenants'

20  security deposits. FAC ¶¶ 68-70.[1]  As "racketeering activity" plaintiffs allege four predicate

21  acts of mail fraud, consisting of the mailing of statements to plaintiffs Macias, Mendieta,

22  Huynh, and a mysterious third party who is not named as a plaintiff and is identified only as

23  "Nestor C.-H." *Id.* ¶ 71(b), (e), (g), & (h).  The purported instances of mail fraud are all

24

25          [1] The Complaint does not name Tomanek as a RICO defendant.  This omission appears to
    be a deliberate effort to plead around the requirement that the RICO defendant be separate and
26  distinct from the RICO "enterprise." *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158,
    161 (2001) ("[T]o establish liability under §1962(c) one must allege and prove the existence of two
27  distinct entities:  (1) a 'person';  and (2) an 'enterprise' that is not simply the same 'person' referred
    to by a different name.").

28

---

MOTION TO DISMISS [RULE 12(b)(6) and
12(b)(1)] BY DEFENDANTS GARIBALDI AND
5   THE GARIBALDI COMPANY

1   alleged to have occurred over a single three month, four day span, from August 9, 2005 to

2   November 13, 2005. *Id.* The FAC does not allege that any plaintiff detrimentally relied on

3   any of these mailings or that the mailings directly caused plaintiffs any harm at all. *See id.*

4

5       In their initial Complaint, plaintiffs linked Garibaldi's allegedly false representations

6   directly to its use of the U.S. Mails. Specifically, plaintiffs alleged that Garibaldi committed

7   fraud by mailing closing statements to the plaintiffs "unlawfully misrepresenting amounts

8   due and owing . . . ." Complaint ¶13. In its first motion to dismiss, Garibaldi pointed out

9   that for various reasons, the allegedly false representations were not actionable. In

10  response, plaintiffs completely abandoned their initial theory, adopting a new approach

11  which de-links Garibaldi's alleged misrepresentations from its use of the U.S. Mails. Now,

12  plaintiffs allege that Garibaldi made material misrepresentations years earlier, at the time

13  the parties entered into their respective lease agreements. Specifically, for each plaintiff,

14  the FAC now makes the following allegation: "Under the terms of the agreement, The

15  Garibaldi Company agreed to return [tenant's] security deposit by mail within three weeks

16  of the tenants' vacating the unit, less any charges for damage to the premises, fixtures or

17  furnishings, but not including charges for reasonable wear and tear." *See* FAC ¶¶17, 22, 27,

18  32, 37, 43, 48, 54. Plaintiffs then allege that, in entering into a lease and paying a security

19  deposit, each of them relied on this representation. *Id.* ¶¶18, 23, 28, 33, 38, 44, 49, 55.

20  Finally, plaintiffs allege that four separate mailings of closing statements pursuant to Civil

21  Code §1950.5(g) were made "in furtherance" of a scheme to defraud. *Id.* ¶71(b), (e), (g), &

22  (h)

23

24      Plaintiffs have failed in their attempt to save their purported RICO claim by

25  pleading a new theory; their claim still suffers at least three fatal deficiencies. First,

26  plaintiffs have failed to plead facts showing that Garibaldi's use of the mails was "in

27  furtherance" of a scheme to defraud. Second, because the alleged instances of mail fraud

28

---

MOTION TO DISMISS [RULE 12(b)(6) and
12(b)(1)] BY DEFENDANTS GARIBALDI AND
THE GARIBALDI COMPANY

6

1  all occurred within, at most, a four month period, plaintiffs' allegations do not satisfy

2  RICO's continuity requirement and thus fail to establish a "pattern" of racketeering activity.

3  Finally, plaintiffs cannot establish "RICO injury" - that the alleged instances of mail fraud

4  (mailing of the statements itemizing disposition of their security deposits) proximately

5  caused their claimed damages.

6

7  **A.    Plaintiffs' Allegations Of Mail Fraud Are Fatally Deficient**

8

9          To establish RICO liability, plaintiffs must plead at least two statutorily enumerated

10  "predicate acts." *See H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237-38

11  (1989) (pleading of two predicate acts necessary, but not sufficient, to establish a pattern of

12  racketeering activity).  The only predicate acts alleged in support of the RICO claim are

13  four alleged instances of mail fraud, in violation of 18 USC §1341.  Specifically, the FAC

14  alleges that Garibaldi committed mail fraud by mailing four closing statements pursuant to

15  California Civil Code §1950.5(g) detailing the cleaning and repair work performed by the

16  landlord, the amounts paid for that work, and the net refund or balance due after applying

17  the security deposit. See FAC, ¶71(b), (e), (g), & (h).  These allegations are insufficient to

18  establish mail fraud.

19

20          As Judge Illston recently explained in dismissing a RICO claim predicated on

21  alleged instances of mail fraud,

22

23          To demonstrate the predicate acts of mail and wire fraud, plaintiffs must
            show a scheme to defraud, involving use of United States wires or mail, with
24          the specific intent to defraud.  Mail or wire fraud includes any scheme to
            deprive another of money or property by means of false or fraudulent
25          pretenses, representations, or promises. "The elements of mail fraud are that
            (1) the Defendant made up a scheme or plan for obtaining money or
26          property by making false statements; (2) the Defendant knew the statements
            were false; (3) the statements were of a kind that would reasonably influence
27          a person to part with the money or property; (4) the Defendant acted with
            the intent to defraud; and (5) the Defendant used, or caused to be used, the
28

_____
MOTION TO DISMISS [RULE 12(b)(6) and
12(b)(1)] BY DEFENDANTS GARIBALDI AND
7    THE GARIBALDI COMPANY

1    mails to carry out the scheme."

2    *Menjivar v. Trophy Properties IV DE, LLC*, 2006 WL 2884396, at 4 (N.D. Cal. Oct.

3    10, 2006) (quoting *United States v. Marconi*, 899 F. Supp. 458, 461 (C.D. Cal. 1995))

4    (internal quotations and citations omitted); *see also Miller*, 358 F.3d at 620 ("To allege a

5    violation of mail fraud under §1341, 'it is necessary to show that (1) the defendants formed

6    a scheme or artifice to defraud;  (2) the defendants used the United States mails or caused

7    a use of the United States mails in furtherance of the scheme;  and (3) the defendants did

8    so with the specific intent to deceive or defraud.'") (quoting *Schreiber Distrib. Co. v.

9    Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir.1986)).

10

11    Here, plaintiffs' mail fraud allegations suffer two elemental flaws.  First, the facts as

12    alleged in the FAC establish that Garibaldi's use of the mails was not in *furtherance* of the

13    alleged scheme to defraud - it was in *contravention* of it.  Civil Code §1950.5(g)(1) requires

14    that the landlord provide the tenant "an itemized statement indicating the basis for, and the

15    amount of, any security received and the disposition of the security . . . ."  The statements

16    that Garibaldi mailed accurately stated the disposition of the tenants' security and thus

17    carried out the statutory purpose of providing the requisite written notice.  By definition,

18    these statutorily required notices - which are not now alleged to have been inaccurate in

19    any respect - could *not* have been meant to "trick" plaintiffs, but rather can only be seen as

20    having been merely "confirmatory in nature," in that they accurately confirmed what

21    amount of money Garibaldi was in fact refunding or charging.  *Garrick-Aug Associates

22    Store Leasing, Inc. v. Hirschfeld*, 652 F.Supp. 905, 906 (S.D.N.Y. 1986).  *See also Miller*,

23    358 F.3d at 621-22 (dismissing RICO claim predicated on mail fraud where nature of

24    statements were such that defendants could not reasonably have expected plaintiff to rely

25    on them).  In other words, the statements mailed by Garibaldi were "simply notifications" of

26    the result of the alleged scheme.  Instead of furthering a clandestine fraud, they were

27    "disclosure documents which would tend to put [plaintiffs] on notice of the alleged scheme,

28

1 │ rather than to conceal it." *Garrick-Aug*, 652 F. Supp. at 906-907.

2 │

3 │     Where, as here, "mailings relied upon by the plaintiffs to establish the predicate acts

4 │ under RICO are not in furtherance of the alleged scheme to defraud, the RICO claims

5 │ must be dismissed." *Id.* at 907.

6 │

7 │     Second, because the statements related to plaintiffs' own conduct - in particular,

8 │ whether plaintiffs had damaged their apartments beyond normal wear and tear - Garibaldi

9 │ literally could not have intended that plaintiffs be deceived by them.

10 │

11 │     In *Sosa v. DIRECTV*, 437 F.3d 923 (9th Cir. 2006), the Ninth Circuit recently

12 │ confronted directly analogous facts.  Defendant DIRECTV mailed plaintiff Sosa a letter

13 │ asserting that Sosa had obtained unauthorized access to DIRECTV's satellite signal and

14 │ programming.  Sosa brought a RICO claim, alleging that the assertion of unauthorized

15 │ access was false and that DIRECTV's mailing of the letter thus constituted mail fraud.  The

16 │ Court rejected Sosa's argument:

17 │

18 │          Sosa further contends that DIRECTV's assertion that it had documents
   │          showing that he had 'purchased . . . signal theft equipment to gain
19 │          unauthorized access to DIRECTV's programming' and its other allegations
   │          concerning Sosa's unauthorized access to its signal were false and amounted
20 │          to a scheme or artifice to defraud.  He argues that as a result of these
   │          statements, he was induced to settle with DIRECTV.  As in Pendergraft,
21 │          DIRECTV's statements asserting that Sosa had modified smart cards and
   │          used smart card programming equipment to access its signal without paying
22 │          for it cannot constitute mail or wire fraud.  Because these statements
   │          concerned Sosa's own conduct, DIRECTV could not have intended that he
23 │          would be deceived by them and was therefore necessarily lacking in the intent
   │          requisite to have committed mail or wire fraud."
24 │          *Sosa*, 437 F.3d at 941 (emphasis added) (citing *U.S. v. Pendergraft*, 297 F.3d
   │          1198, 1209 (11th Cir. 2002)).

25 │

26 │     Likewise, because the statements mailed by Garibaldi concerned plaintiffs' own

27 │ conduct, Garibaldi could not have intended that plaintiffs would be deceived by them and

28 │

MOTION TO DISMISS [RULE 12(b)(6) and
12(b)(1)] BY DEFENDANTS GARIBALDI AND
THE GARIBALDI COMPANY

1  the intent required to commit mail fraud is therefore necessarily lacking.

2

3  **B.     Plaintiffs' Allegations Do Not Satisfy RICO's "Continuity" Requirement**

4

5      RICO requires that plaintiffs plead a "pattern" of racketeering activity.  Under

6  Supreme Court authority, a pattern consists of at least two related predicate acts that

7  amount to or pose a threat of continuing activity.  *H.J., Inc. v. Northwestern Bell*

8  *Telephone Co.*, 492 U.S. 229, 239 (1989).  The rule that the pattern amount to or pose a

9  threat of continuing activity is known as the "continuity" requirement.  *Id.* at 240.

10

11     A plaintiff may meet this requirement by pleading either closed or open-ended

12 continuity.  *Id.* at 241.  Closed-ended continuity may be demonstrated through proof of a

13 series of related predicates extending over a substantial period of time.  A "substantial

14 period" means just that: "Predicate acts extending over a few weeks or months and

15 threatening no future criminal conduct do not satisfy this requirement."  *H.J., Inc.*, 492 U.S.

16 at 242; *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 (9th Cir. 1992) ("A pattern of

17 activity lasting only a few months does not reflect the "long term criminal conduct" to which

18 RICO was intended to apply.").  Alternatively, plaintiff may establish open-ended

19 continuity by showing that there exists a threat of ongoing criminal activity.  *H.J., Inc.*, 492

20 U.S. at 242.  *Howard v. America Online, Inc.*, 208 F.3d 731, 750 (9th Cir. 2000).

21

22     Here, plaintiffs' allegations establish neither type of continuity.  The predicate acts

23 they have pleaded extended over only a three-month, four-day period.[2]  This is manifestly

24 insufficient to establish close-ended continuity.  *See Religious Tech. Ctr. v. Wollersheim*,

25 971 F.2d at 366-67 (9th Cir. 1992) ("We have found no case in which a court has held the

26  ───────────────────

27     [2] Indeed, putting aside the allegations relating to the mysterious non-plaintiff "Nestor C.-H.," the predicate acts extend only from October 10, 2005 to November 13, 2005 - a mere 34 days.

28

1  requirement to be satisfied by a pattern of activity lasting less than a year.").  Further, the

2  last such act is alleged to have occurred nearly two years ago, on November 13, 2005, and

3  there are absolutely no *facts* pleaded that would indicate a threat of ongoing criminal

4  activity sufficient to establish open-ended continuity.  *See Howard*, 208 F.3d at 750-51

5  (mere allegation that activities were a "regular way of doing business" not sufficient to

6  withstand motion to dismiss).  Plaintiffs have therefore failed to allege an actionable

7  "pattern" of racketeering activity.

8

9  **C.    Plaintiffs Cannot Establish Proximate Cause**

10

11        "It is well settled that, to maintain a civil RICO claim predicated on mail fraud, a

12  plaintiff must show that the defendants' alleged misconduct proximately caused the injury."

13  *Poulos v. Caesar's World, Inc.*, 379 F.3d 654, 664 (9th Cir. 2004); *accord Anza v. Ideal Steel*

14  *Supply Corp.*, 126 S. Ct. 1991, 1998 (2006).  This requirement is generally interpreted to

15  require that plaintiff plead reliance - i.e., that he or she detrimentally relied on the

16  statements allegedly constituting mail fraud.  *Poulos*, 379 F.3d at 664-65 ("[R]eliance may

17  be 'a milepost on the road to causation.'  This case fits that description to a tee.") (quoting

18  *Blackie v. Barrack*, 524 F.2d 891, 906 n. 22 (9th Cir.1975)).[3]

19

20  _____

21        [3] The majority of circuits to have addressed the issue have held that to establish proximate
   cause, the plaintiff must allege detrimental reliance.  For instance, in the Fourth Circuit, "To
22  recover civil RICO damages . . . an individual must also allege that he was injured 'by reason of' the
   pattern of racketeering activity.  To meet this burden with respect to mail fraud and wire fraud, a
23  plaintiff must 'plausibly allege both that [he] detrimentally relied in some way on the fraudulent
   mailing [or wire] ... and that the mailing [or wire] was a proximate cause of the alleged injury to [his]
24  business or property.'"  *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 233
   (4th Cir. 2004) (quoting *Chisolm v. Transouth Financial Corp.*, 95 F.3d 331, 337 (4th Cir. 1996);
25  internal citations omitted).  Both the United States Supreme Court and the Ninth Circuit have
   declined to reach this issue.  *See Anza*, 126 S. Ct. at 1998 ("Because Ideal has not satisfied the
26  proximate-cause requirement articulated in *Holmes*, we have no occasion to address the substantial
   question whether a showing of reliance is required."); *Poulos*, 379 F.3d at 666 ("Because it is neither
27  necessary nor prudent to reach the issue of whether reliance is the only way plaintiffs can establish
   causation in a civil RICO claim predicated on mail fraud, we decline to do so.").

28

1    Here, plaintiffs have utterly failed to plead - through reliance or otherwise - that

2  their injuries were proximately caused by their reliance on any statement communicated

3  through the U.S. Mails.[4]  In particular, plaintiffs do not plead that they were 'induced' to

4  part with any money because of the statements that Garibaldi mailed or that their receipt of

5  these statements otherwise directly caused them harm.  Rather, what they have pleaded is

6  simply that defendants provided them with written notices, after the fact, stating that

7  certain charges had been imposed.  Far from being made in furtherance of a scheme to

8  defraud, these mailings were statutorily required for the purpose of placing plaintiffs on

9  notice of the disposition of their security deposits.  Under plaintiffs' far-fetched theory,

10  compliance with the requirements of Civil Code §1950.5(g)(1) turns every California

11  landlord into a potential RICO defendant.  This approach turns logic, and the law, on its

12  head.

13

14  **D.    The RICO Claim Should Be Dismissed Without Leave To Amend**

15

16    The facts pleaded simply do not constitute a RICO violation.  The simple fact is that

17  Garibaldi's compliance with the statutory requirement that tenants be provided an itemized

18  disposition of their security deposits cannot form the basis for a "pattern" of predicate acts

19  of mail fraud.  If indeed there was anything wrong with how Garibaldi handled the security

20  deposits - a claim Garibaldi flatly denies - California law would provide sufficient remedies,

21  without the need for resort to a federal RICO claim.  Plaintiffs have now had two bites at

22  the apple, and their second effort is, if anything, more flawed than the first.  The defects in

23  the pleading detailed herein are fundamental, and cannot be cured by pleading any

24  additional facts, therefore dismissal of the RICO claim without leave to amend is

25  appropriate.  *Lopez v. Smith*, 203 F.3d 112, 1130 (9th Cir. 2000).

26  ────────────────

27    [4] As noted earlier, plaintiffs do allege that they detrimentally relied on representations
made in the lease agreements; however, they are unable to link their reliance to the alleged
instances of mail fraud.

28

IV.

## THE REMAINDER OF THE ACTION SHOULD BE DISMISSED, FOR LACK OF SUBJECT MATTER JURISDICTION

Absent the RICO claim, there is no independent basis for the exercise of federal jurisdiction. Accordingly, Garibaldi respectfully requests dismissal of plaintiffs' supplemental state law claims pursuant to 28 U.S.C. §1367(c)(3).

V.

## CONCLUSION

The deficiencies in plaintiffs' RICO claim are not mere pleading mistakes, easily corrected through amendment. Rather, they reflect a fundamental problem: This is a state law case, a dispute between landlord and tenants, founded on alleged violations of California Civil Code §1950.5. The relevant facts simply cannot be squeezed into the framework of a federal RICO claim. Plaintiffs' state law remedies are more than adequate. *See* Cal. Civ. Code §1950.5(l) (allowing imposition of a penalty of up to twice the amount of tenant's deposit, plus actual damages). Garibaldi respectfully requests that this motion be granted, and that the First Amended Complaint be dismissed without leave to amend.

Respectfully submitted,

DATED: October 18, 2007          FARBSTEIN & BLACKMAN, APC

_____
JOHN S. BLACKMAN
Attorneys for Mark Garibaldi and
The Garibaldi Company

PROOF OF SERVICE
Macias v. Tomanek, , Mark Garibaldi, The Garibaldi Company
USDC, Northern California, Case No. C 07-3437 JSW

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is 411 Borel Avenue, Suite 425, San Mateo, California 94402-3518. My electronic notification address is stf@farbstein.com. On October 18, 2007, I served the following document(s):

**MOTION TO DISMISS [RULE 12(b)(6) and 12(b)(1)] BY DEFENDANTS GARIBALDI AND THE GARIBALDI COMPANY**

on the following person(s) by the method(s) indicated below:

| | |
|---|---|
| Elizabeth Noonan Brancart, Esq.<br>Christopher A. Brancart, Esq.<br>Brancart & Brancart<br>P. O. Box 686<br>Pescadero, CA 94060 | Attorneys for plaintiffs<br>Tel: 650-879-0141<br>Fax: 650-879-1103<br>email: cbrancart@brancart.com<br>ebrancart@brancart.com |
| Sara B. Allman, Esq.<br>Allman & Nielsen<br>100 Larkspur Lndg Cir #212<br>Larkspur, CA 94939 | Attorneys for defendant Thomas J. Tomanek<br>Tel: 415-461-2700<br>Fax: 1-415-461-2726<br>all-niel@pacbell.net |

[ ]  by transmitting via facsimile on this date from fax number (650) 554-6240 the document(s) listed above to the fax number(s) set forth herein. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report is attached to this proof of service. Service by fax was made by agreement of the parties confirmed in writing.

[X]  by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, for deposit in the United States mail at San Mateo, California addressed as set forth herein. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid in the ordinary course of business.

[X]  by transmitting the document(s) listed above via the Court's ECF system to the persons at the email address(es) set forth herein. The transmission was completed before 5:00 p.m. and was reported complete and without error.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct. Executed at San Mateo, California, on October 18, 2007.

*Suzanne T. Farbstein*
SUZANNE T. FARBSTEIN

MOTION TO DISMISS [RULE 12(b)(6) and 12(b)(1)] BY DEFENDANTS GARIBALDI AND THE GARIBALDI COMPANY

14