BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  Elizabeth Brancart (SBN 122092)
Post Office Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103
cbrancart@brancart.com
ebrancart@brancart.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**THOMAS J. TOMANEK; and MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY,**<br><br>**Defendants.** | Case No. C07-3437 JSW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT THOMAS J. TOMANEK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br><u>CLASS ACTION</u><br><br><u>Hearing:</u><br>Date:    January 11, 2008<br>Time:    9:00 a.m.<br>Room:   Courtroom of the<br>             Hon. Jeffrey S. White |

Defendant Thomas J. Tomanek has filed a motion to dismiss plaintiffs' first amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. (Doc. # 20.) Defendant, correctly, states that plaintiffs have not alleged any federal claims against him, and that diversity between the parties is lacking. (Doc # 20 at 5.) However, plaintiffs' complaint against him should not be dismissed because this Court has supplemental jurisdiction of plaintiffs' claims against Tomanek pursuant to 28 U.S.C. § 1367(a).

//

PLAINTIFFS' OPPOSITION TO DEFENDANT THOMAS J. TOMANEK'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION - Case No. C 07-3437 JSW

1

1    Section 1367(a) provides, in pertinent part, that in cases in which the district
2 courts have federal question jurisdiction,

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). If the federal and state law claims derive from a common nucleus of operative fact and comprise but one constitutional case, then the district court may exercise supplemental jurisdiction and hear claims involving a party over whom there is no independent basis for federal court jurisdiction. See Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1173-74 (9th Cir. 2002) (where a defendant was named as an association-in-fact enterprise, not a defendant, in federal RICO claim, district court has discretion to exercise supplemental jurisdiction over state conspiracy claims against that defendant if the state claims constitute part of the same constitutional case as the federal RICO claims).

In this case, the claims against defendant Thomas J. Tomanek arise out of the same transactions and occurrences as do the claims against co-defendant Mark Garibaldi. Tomanek is named as the enterprise in the RICO allegation against Garibaldi. (Doc. #19, ¶ 68.) The state law claims alleged against Tomanek arise out of a common nucleus of operative fact, and are part of the same case and controversy, as the RICO allegations. At this point, it would be premature to dismiss plaintiffs' claims against Thomas J. Tomanek. His co-defendant Mark Garibaldi also has filed a motion to dismiss plaintiffs' complaint. (Doc. 22.) Garibaldi asserts that plaintiffs have failed to state a viable claim for relief under RICO. If this Court agrees with his arguments, and dismisses plaintiffs' complaint, then it would be appropriate to dismiss plaintiffs' claims against Tomanek. If, however, this Court denies Garibaldi's motion to dismiss, then it should exercise its discretion and assert supplemental jurisdiction over plaintiffs' claims against Tomanek.

The arguments regarding plaintiffs' failure to state a claim for under RICO

**PLAINTIFFS' OPPOSITION TO DEFENDANT THOMAS J. TOMANEK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION - Case No. C 07-3437 JSW**

2

1  against Garibaldi that set forth in Tomanek's motion, at pages 5-6, are addressed in
2  plaintiffs' opposition to Garibaldi's motion to dismiss filed concurrently herewith, and will
3  not be repeated here.  (See Opposition, Doc. # 27.)
4        For all of these reasons, the Court should deny defendant's motion to dismiss.
5  Dated: November 9, 2007.

                                        Respectfully submitted,

                                        BRANCART & BRANCART

                                        /s/
                                        Elizabeth Brancart
                                        Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANT THOMAS J. TOMANEK'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION - Case No. C 07-3437 JSW

3

# PROOF OF SERVICE

I am over the age of 18 and am not a party to the within action. My business address is 8205 Pescadero Road, Loma Mar, California 94021.

On November 9, 2007, I served a true and correct copy of the following document(s):

**PLAINTIFFS' OPPOSITION TO DEFENDANT THOMAS J. TOMANEK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

upon the following person(s):

Ms. Sara Allman, Allman & Nielsen, 100 Larkspur Landing Circle, Suite 212 Larkspur, CA 94939; and

Mr. John S. Blackman, Farbstein & Blackman, 411 Borel Ave., Suite 425, San Mateo, CA 94402

|  |  |
|---|---|
|  | **BY HAND DELIVERY**: By causing such document(s) to be delivered by hand to the above person(s) at the address(es) set forth above. |
|  | **BY MAIL**: By placing a copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Loma Mar, California, addressed as set forth above. |
|  | **BY THIRD-PARTY COMMERCIAL CARRIER (OVERNIGHT DELIVERY)**: By delivering a copy thereof to a third-party commercial carrier, addressed as set forth above, for delivery on the next business day. |
|  | **BY FACSIMILE**: By transmitting the above document(s) to the facsimile number(s) of the addressee(s) designated above. |
| xx | **BY ELECTRONIC TRANSMISSION OF THE "NOTICE OF ELECTRONIC FILING:"** By electronically filing the document(s) (All counsel are "Filing Users") |

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 9, 2007, at Loma Mar, California.

/s/ Elizabeth Brancart
Elizabeth Brancart

**PLAINTIFFS' OPPOSITION TO DEFENDANT THOMAS J. TOMANEK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION - Case No. C 07-3437 JSW**

4