BRANCART & BRANCART
   Christopher Brancart (SBN 128475)
   Elizabeth Brancart (SBN 122092)
Post Office Box 686
Pescadero, CA 94060
Tel:  (650) 879-0141
Fax:  (650) 879-1103
cbrancart@brancart.com
ebrancart@brancart.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THOMAS J. TOMANEK; and MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY,<br><br>    Defendants. | Case No. C07-3437 JSW<br><br>[PROPOSED] ORDER DENYING MOTION TO DISMISS BY DEFENDANT MARK GARIBALDI, INDIVIDUALLY AND DBA THE GARIBALDI COMPANY<br><br><br>**Hearing:**<br>Date:    **January 11, 2008**<br>Time:    **9:00 a.m.**<br>Room:    **Courtroom of the Hon. Jeffrey S. White** |

Now before the Court is the motion to dismiss plaintiffs' first amended complaint filed by defendant Mark Garibaldi, individually and doing business as The Garibaldi Company, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. Having reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the motion is HEREBY DENIED.

**A.  Legal Standard**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure

[PROPOSED] ORDER DENYING MOTION TO DISMISS BY DEFENDANT MARK GARIBALDI, INDIVIDUALLY AND dba THE GARIBALDI COMPANY - Case No. C 07-3437 JSW

1

tests the legal sufficiency fo the claims alleged in the complaint. The complaint must be construed in the light most favorable to the plaintiff, <u>Parks Sch. of Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995), and "should not be dismissed . . . unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Pareto v. FDIC</u>, 139 F.3d 696, 699 (9th Cir. 1998).

**B. Motion to Dismiss for Failure to State a Claim.**

Defendant's motion to dismiss for failure to state a claim upon which relief may be granted is denied because plaintiffs' first amended complaint alleges the elements necessary to state a claim for relief under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 <u>et seq.</u>, based on predicate acts of mail fraud. Plaintiffs, former tenants of the Rancho Luna & Rancho Sol Apartments, a large rental complex located in Fremont, California, filed this action against Thomas J. Tomanek, the owner of the complex, and Mark Garibaldi, individually and doing business as The Garibaldi Company (collectively referred to as "Garibaldi"), the property manager.

Plaintiffs allege that, upon move-in, they provided Garibaldi with significant security deposits based on the misrepresentation that they would not be charged for the ordinary wear and tear on the property and would receive return of the deposits in compliance with Civil Code § 1950.5. Later, when they vacated the apartments, plaintiffs allege that they were, in fact, charged for the ordinary wear and tear to the property, often in amounts greater than security deposit. None of the plaintiffs received return of their full security deposits. Plaintiffs allege that Garibaldi made misrepresentations to them to induce them to part with their security deposits, and that Garibaldi's subsequent use of the United States mails was foreseeable and in furtherance of that scheme and the method by which Garibaldi made claim to the

**[PROPOSED] ORDER DENYING MOTION TO DISMISS BY DEFENDANT MARK GARIBALDI, INDIVIDUALLY AND dba THE GARIBALDI COMPANY - Case No. C 07-3437 JSW**

2

1 | security deposits and demanded additional funds.

2 |     Defendant argues that plaintiffs' first amended complaint must be dismissed with
3 | prejudice because the mailings by Garibaldi did not themselves contain
4 | misrepresentations, and therefore cannot form the basis for mail fraud because they
5 | were not in furtherance of the scheme and plaintiffs could not have been injured by
6 | reliance on them.  There is, however, no requirement that the mailings themselves
7 | contain misrepresentations, only that they be made in furtherance of a scheme to
8 | defraud.  Schmuck v. United States, 489 U.S. 705, 710-11 (1989).  Here, plaintiffs
9 | allege that they relied on misrepresentations made by Garibaldi, and that the
10 | subsequent mailings were in furtherance of Garibaldi's scheme to defraud.  That is
11 | sufficient to state the RICO predicate act of mail fraud.

12 |     Defendant also argues that plaintiffs have failed to allege a RICO pattern
13 | because the mailings described in the complaint were made within a three-month
14 | period.  However, the scheme to defraud as alleged by plaintiffs, pursuant to which
15 | defendant used the mails, extended over a number of years.  The scheme, as alleged,
16 | also was part of Garibaldi's regular way of doing business, thus giving rise to the
17 | inference that the alleged fraudulent scheme would continue into the future.

18 |     To prove a pattern of racketeering activity a plaintiff must show that the
19 | racketeering predicates are related, and that they amount to or pose a threat of
20 | continued criminal activity.  H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229,
21 | 239 (1989).  Conduct is related if it embraces acts that have "the same or similar
22 | purposes, results, participants, victims, or methods of commission, or otherwise are
23 | interrelated by distinguishing characteristics and are not isolated events." Id., (citation
24 | omitted).  Continuity may be shown over a closed period by proving a series of related
25 | predicate acts extending over a substantial amount of time (not a few weeks or
26 | months).  Id. at 241-42.  Open-ended continuity is shown by "past conduct that by its
27 | nature projects into the future with a threat of repetition." Id. at 241. Predicate acts that
28 | specifically threaten repetition or that become a "regular way of doing business" satisfy

[PROPOSED] ORDER DENYING MOTION TO DISMISS BY DEFENDANT MARK GARIBALDI,
INDIVIDUALLY AND dba THE GARIBALDI COMPANY - Case No. C 07-3437 JSW

3

the open-ended continuity requirement. Id. at 243. In this case, plaintiffs have alleged facts sufficient to show both closed and open-ended continuity.

Defendant also argues that plaintiffs have failed to plead an actionable RICO claim because they do not allege that they relied on the mailings to their detriment, or that they were induced to part with any money as a result of the mailings. However, plaintiffs do allege that they relied on the representations made by Garibaldi at the time they entered into their lease agreement, that those representations were false or made with reckless disregard of their falsity, that Garibaldi used the mails in furtherance of this scheme, and that plaintiffs suffered injury, including injury to their property, as a result of Garibaldi's RICO violation. Those allegations are sufficient to allege that Garibaldi's racketeering activities proximately caused plaintiffs' injuries.

For all of the forgoing reasons, Garibaldi's motion to dismiss pursuant to Rule 12(b)(6) is denied.

**C. Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

In light of the Court's denial of Garibaldi's motion to dismiss plaintiffs' RICO claims, his motion to dismiss plaintiffs' supplemental state law claims is denied. As alleged, those state law claims form one case or controversy with the RICO claims, and therefore are appropriately before the Court. 28 U.S.C. § 1367(a).

**IT IS SO ORDERED.**

Dated: _____    _____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE
Elizabeth Brancart
Attorneys for Plaintiffs

[PROPOSED] ORDER DENYING MOTION TO DISMISS BY DEFENDANT MARK GARIBALDI, INDIVIDUALLY AND dba THE GARIBALDI COMPANY - Case No. C 07-3437 JSW

4

# PROOF OF SERVICE

I am over the age of 18 and am not a party to the within action. My business address is 8205 Pescadero Road, Loma Mar, California 94021.

On November 12, 2007, I served a true and correct copy of the following document(s):

**[PROPOSED] ORDER DENYING MOTION TO DISMISS BY DEFENDANT MARK GARIBALDI, INDIVIDUALLY AND dba THE GARIBALDI COMPANY**

upon the following person(s):

Ms. Sara Allman, Allman & Nielsen, 100 Larkspur Landing Circle, Suite 212 Larkspur, CA 94939; and

Mr. John S. Blackman, Farbstein & Blackman, 411 Borel Ave., Suite 425, San Mateo, CA 94402

|    | |
|----|---|
|    | **BY HAND DELIVERY**: By causing such document(s) to be delivered by hand to the above person(s) at the address(es) set forth above. |
|    | **BY MAIL**: By placing a copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Loma Mar, California, addressed as set forth above. |
|    | **BY THIRD-PARTY COMMERCIAL CARRIER (OVERNIGHT DELIVERY)**: By delivering a copy thereof to a third-party commercial carrier, addressed as set forth above, for delivery on the next business day. |
|    | **BY FACSIMILE**: By transmitting the above document(s) to the facsimile number(s) of the addressee(s) designated above. |
| xx | **BY ELECTRONIC TRANSMISSION OF THE "NOTICE OF ELECTRONIC FILING:"** By electronically filing the document(s) (All counsel are "Filing Users") |

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 12, 2007, at Loma Mar, California.

/s/ Elizabeth Brancart
Elizabeth Brancart

[PROPOSED] ORDER DENYING MOTION TO DISMISS BY DEFENDANT MARK GARIBALDI, INDIVIDUALLY AND dba THE GARIBALDI COMPANY - Case No. C 07-3437 JSW

5