1  Sara B. Allman, Esq., CSB #107932
   Steven A. Nielsen, Esq., CSB #133864
2  ■ ALLMAN & NIELSEN ■
   A Professional Corporation
3
   100 Larkspur Landing Circle, Suite 212
4  Larkspur, CA 94939
   Telephone: (415) 461-2700
5  Facsimile:  (415) 461-2726
6
   Attorneys for Defendant
7  THOMAS J. TOMANEK

8             IN THE UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11 | EDITH MACIAS, individually and on behalf      | Case No.: C07 3437 JSW
   | of similarly situated individuals; HOTON      |
12 | DURAN; TIFFANY HUYNH; AURA                    |
   | MENDIETA: WILLIAM LABOY; MIGUEL               | **MEMORANDUM OF POINTS AND
13 | ACOSTA; CRUZ ACOSTA; CUAUHTEMOC               | AUTHORITIES IN SUPPORT OF
   | TORAL; and TERESA VILLEGAS, KAPIKA            | MOTION TO BE DECLARED
14 | SALAMBUE and MARINA DURAN                     | PREVAILING PARTY AND FOR AN
   |                                               | AWARD OF ATTORNEY'S FEES AND
15 |         Plaintiffs,                           | COSTS**
   |   vs.                                         |
16 |                                               | DATE: March 14, 2008
   |                                               | TIME: 9:00 A.M.
17 | THOMAS J. TOMANEK; and MARK                   | COURTROOM: 2, 17th Floor
   | GARIBALDI, individually and doing business    | JUDGE: Hon. Jeffrey S. White
18 | as THE GARIBALDI COMPANY,                     |
   |                                               | Date Action Filed: June 29, 2007
19 |         Defendants.                           |

20

21

22

23

24

25
                                                    ALLMAN & NIELSEN, P.C.
                                                    100 Larkspur Landing Circle
                                                          Suite 212
                                                     Larkspur, CA 91939
                                              Telephone: (415) 461-2700 Facsimile: (415) 461-2726

**TABLE OF CONTENTS**

**I. RELIEF SOUGHT** ........................................................................................................... **4**

**II. INTRODUCTION** .......................................................................................................... **4**

**III. THE DEFENDANTS ARE THE PREVAILING PARTIES**.......................................... **6**

**IV. THE ACTION WAS "ON A CONTRACT"**................................................................... **9**

**V. THE DEFENDANTS HAVE A RIGHT TO ATTORNEY'S FEES EVEN THOUGH PLAINTIFFS ALSO ALLEGED TORT THEORIES** ........................................................ **12**

**VI. THE FEES CLAIMED ARE REASONABLE** ............................................................. **13**

**VII. DEFENDANTS ARE ENTITLED TO ADDITIONAL FEES RELATIVE TO THIS REPLY AND FURTHER ENFORCEMENT OF THEIR RIGHT TO FEES** ................................... **14**

**VIII. CONCLUSION**............................................................................................................ **15**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE DECLARED PREVAILING PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

# TABLE OF AUTHORITIES

Cases

*Arthur L. Sachs, Inc. v. City of Oceanside* (1984) 151 Cal.App.3d 315 .................................... 12

*Berkla v. Corel Corp.*, 302 F.3d 909 (9th Cir.2002) ........................................................................ 6

*Sea-Land Serv., Inc. v. Murrey & Son's Co. Inc.*, 824 F.2d 740, (9th Cir.1987) ......................... 9

*Chang v. Chen*, 95 F.3d 27 (9th Cir. 1996) .................................................................................... 9

*Diamond v. John Martin Company*, 753 F.2d 1465 (9th Cir.1985) ............................................ 12

*Fairchild v. Park* (2001) 90 Cal.App.4th 919 ............................................................................... 12

*Goodell v. Ralphs Grocery Co.* 207 F.Supp.2d 1124 (E.D. Cal. 2002) ...................................... 14

*Graham v. Daimler Chrysler Corp.* (2004) 34 Cal.4th 553 ........................................................... 8

*Hsu v. Abbara* (1995) 9 Cal.4th 863 ......................................................................................... 7, 8

*In re Baroff* 105 F.3d 439 (9th Cir. 1997) ................................................................................... 10

*International Marble & Granite of Colorado, Inc.* 46 F.Supp.2d 993 (C.D.Cal.2006) ......... 12, 13

*Jackson v. Homeowners Assn Monte Vista Estates-East* (2001) 93 Cal.App.4th 773 ................ 7

*Ketchum v. Moses* (2001) 24 Cal.4th 1122 ................................................................................. 14

*McKenzie v. Kaiser-Aetna* (1976) 55 Cal.App.3d 84 .................................................................. 11

*Pacific Custom Pools, Inc. v. Turner Construction Co.* (2000) 79 Cal.App.4th 1254 ................. 7

*Reynolds Metals Company v. Alperson,* 25 Cal.3d 124, 129 (1979) .......................................... 12

*RTC Mortgage Trust v. Shlens* (1998) 62 Cal.App.4th 304 .................................................... 8, 14

*Santisas v. Goodin*, (1998) 17 Cal.4th 599 ................................................................................... 6

*Serrano v. Priest* (1977) 20 Cal.3d 25 ......................................................................................... 14

*Smith v. City of Los Angeles* (1948) 84 Cal.App.2d 297 .............................................................. 9

*Voth v. Wasco Public Util. Dist.* (1976) 56 Cal.App.3d 353 ....................................................... 12

2

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE DECLARED PREVAILING PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

*Zenith Ins. Co v. Breslaw*, 108 F.3d 205, 206 (1997 9th Cir) .................................................................. 8

<u>Statutes</u>

Civil Code section 1717 ............................................................................................................................ 8

Civil Code §1717, subd. (a) ................................................................................................................. 7, 9

Civil Code section 1717, subdivision (b) (1) ........................................................................................... 7

Civil Code Section 1717 (b) (2) ............................................................................................................. 12

Civil Code Section 1950.5 ....................................................................................................................... 5

Code of Civil Procedure Section 1021 .................................................................................................... 6

<u>Rules</u>

Civil L.R. 54-6 (b) (2) ............................................................................................................................ 14

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE DECLARED PREVAILING PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

# I

# **RELIEF SOUGHT**

Plaintiffs brought an action to enforce the terms of their lease agreements. Defendants obtained an unqualified win on the merits of plaintiffs' core claim, and the action was dismissed with prejudice. Defendants move now to be declared the prevailing parties in the action and for an award of "a reasonable attorney fee and costs" pursuant to paragraph 23 of the lease agreements with each plaintiff.

# II

# **INTRODUCTION**

Plaintiffs are residential tenants who entered into written lease agreements with defendant Tomanek (owner), signed by defendant Garibaldi (property manager) as Tomanek's agent.[1] Paragraph 23 of the lease agreement[2] provides:

> "[T]enant acknowledges that if any legal action or proceeding to enforce the terms of this agreement is necessary, the prevailing party is entitled to recovery of a reasonable attorney fee and costs of such action in addition to all other amounts owed, to the extent authorized by state law."

Paragraph 5A of the lease agreement provides:

> 5. DEPOSITS: Tenant agrees to the payment of the following deposits:
>
> A. Security Deposit: In addition to the said rental payments, the lessee agrees to pay the sum of $____ herewith, as a security deposit. The said deposit is to be held by the lessor as security for faithful performance after the terms of this

---

[1] Plaintiffs allege that they entered into the written lease with the property manager, Garibaldi, and that Garibaldi was the agent for the owner Tomanek. (FAC, paragraph 14, 4:7-12)
[2] The lease agreement is attached as Exhibit "A" to the Declaration of Sara B. Allman submitted herewith.

4

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS

agreement. Further the said deposit, or written statement indicating the disposition is to be mailed at the termination of the agreement or within 3 weeks of vacating the premises, less any damages to the premises, fixtures or furnishing, *reasonable wear and tear excepted*; and less any other amount due under the terms of the agreement. (Emphasis added)

Plaintiffs brought suit in federal court, claiming in their first amended complaint ("FAC") that defendant Tomanek's agent, Garibaldi, violated RICO by making false representations *in the lease agreement* and mailing accountings for the security deposits to each of them at move out, because they were charged for reasonable wear and tear.[3] Plaintiffs asserted that this constituted mail fraud as to each plaintiff.[4] Plaintiffs alleged that the promises and representations *in the lease agreement* were false because, they further alleged, Garibaldi made improper deductions from their security deposits and additional demands to them, to pay for reasonable wear and tear. (e.g., FAC ¶17, 5:18-22, ¶18, 5:23-26, ¶19, 5:27-28, ¶19, 6:1-3) The rest of the plaintiffs' claims were based in state law. In addition to the RICO claim, plaintiffs pled state law claims for unfair business practices (2nd Claim), Civil Code Section 1950.5 (3rd Claim), fraud (4th Claim), breach of the covenant of good faith and fair dealing (5th Claim)[5], unjust enrichment (6th Claim), defamation (7th Claim) and negligence (8th Claim).

---

[3] In the FAC, plaintiffs alleged that defendant Garibaldi was the managing agent of defendant Tomanek at the apartment complexes in which they lived as tenants. Plaintiffs alleged that defendant Garibaldi's responsibilities on behalf of defendant Tomanek included "enforcing lease provisions." (FAC, 3:27-28, 4:1-6; 69:7-19)

[4] As part of their RICO claim, plaintiffs also pled entitlement to declaratory relief. (FAC 22: 11-13)

[5] In the Fifth claim for breach of the covenant of good faith and fair dealing, plaintiffs alleged that they performed their obligations *under the lease agreement*, but that defendants' fraudulent scheme unfairly deprived them of the benefits of the lease agreement. (FAC 93: 18-23)

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS

As part of the factual premise for each claim, plaintiffs re-alleged and/or incorporated by reference the allegations that defendant Tomanek's agent, Garibaldi, made promises and representations *under the terms of the lease agreement*, to return their security deposits and to not charge them for reasonable wear and tear. The FAC specifically alleged for each plaintiff that "[P]ursuant to the agreement," each plaintiff agreed to pay the security deposit and that, "under the agreement," Garibaldi agreed to return the security deposit exclusive of charges for reasonable wear and tear. (See e.g., FAC, paragraph 17, 5:17-22) The FAC re-alleged and incorporated each of these introductory facts as to each plaintiff, into each successive claim for relief.

Plaintiffs' prayer for relief included a prayer for "costs of suit, including reasonable attorneys' fees," without limiting the prayer to any specific claim. (FAC 29:1)

By order of January 8, 2008, this court granted defendants' motions to dismiss with prejudice. (See Declaration of Sara B. Allman, Exhibit "B") The court dismissed the RICO claim on the merits for failure to state a claim for relief. The court declined to exercise supplemental jurisdiction over the state law claims and dismissed them. The court dismissed defendant Tomanek for lack of subject matter jurisdiction because the RICO claim had failed. Judgment was entered on January 9, 2008. (See Declaration of Sara B. Allman, Exhibit "C")

### III

### THE DEFENDANTS ARE THE PREVAILING PARTIES

Awards of attorneys' fees are determined by state law. *Berkla v. Corel Corp.*, 302 F.3d 909, 919, n. 11 (9th Cir.2002). In California, the presumption is the "American rule," in which each side pays its own attorneys' fees, but parties may contract for fee-shifting, for example, by

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

awarding fees to one party in all cases or by awarding fees to the prevailing party. *Santisas v. Goodin*, (1998) 17 Cal.4th 599, 614. Code of Civil Procedure Section 1021 provides:

> Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided.

When a contract provides for attorney fees to be awarded to any prevailing party, the trial court must award such fees to the prevailing party in an action on the contract to enforce that contract. Civil Code §1717, subd. (a); see *Hsu v. Abbara* (1995) 9 Cal.4th 863, 876; *Jackson v. Homeowners Assn Monte Vista Estates-East* (2001) 93 Cal.App.4th 773, 789. If the matter before the trial court resulted in a simple, unqualified win, the issue of which party prevailed is determined as a matter of law. In such circumstances, the trial court has no discretion to deny a request for attorney fees if the underlying contract contains an attorney fees clause. *Hsu v. Abbara, supra,* 93 Cal.App.4th *supra* at p. 789.

Defendants here obtained an unqualified "win" on plaintiffs' core claim and thus are the prevailing parties. Civil Code section 1717, subdivision (b) (1), provides in pertinent part that "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract."

In *Pacific Custom Pools, Inc. v. Turner Construction Co.* (2000) 79 Cal.App.4th 1254, the court ruled that it was an abuse of discretion for the trial court to refuse to award contractual attorney's fees where, by succeeding in having summary judgment granted on the cross-complaint, there could be no doubt that the defendant obtained a "simple, unqualified win." Comparing the relief awarded with the parties' demands and litigation objectives as disclosed

7

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS

by the pleadings, the court concluded that the defendant had greatly succeeded in achieving its litigation objectives of defeating the plaintiff's claims, while the plaintiff clearly failed to accomplish its desired goals. The court commented at page 1273, as follows:

> One could not contend that the results are mixed. Under these circumstances, Turner should have been declared the prevailing party within the meaning of Civil Code section 1717, entitling it to the recovery of attorney's fees. The trial court's refusal to award attorney's fees was an abuse of discretion.

Similarly, in *RTC Mortgage Trust v. Shlens* (1998) 62 Cal.App.4th 304, at page 328, the court relied upon *Hsu v. Abbara* (1995) 9 Cal.4th 863, 876-877, and held that the trial court may not invoke equitable considerations unrelated to litigation success in determining fee entitlement. Accordingly, the appellate court concluded that the trial court erred in denying plaintiff attorney's fees and costs. Litigation success is thus the lynch pin in the threshold determination of prevailing party status.

In *Zenith Ins. Co v. Breslaw*, 108 F.3d 205, 206 (1997 9th Cir), the court similarly observed:

> "In light of the outcome of this case, it is clear that the … defendants, who owe no damages…and are bound by no legal findings, court orders, or even promises as a result of the litigation, prevailed in this lawsuit."

In *Graham v. Daimler Chrysler Corp*. (2004) 34 Cal.4th 553, 570-572, in connection with examining an attorney's fees award, the California Supreme Court noted that "prevailing party" and "successful party" are synonymous and looked at the "usual and ordinary meaning" of the term "successful party" in order to discern legislative intent. The court held that the statutory term "successful party," as ordinarily understood, means the party to litigation that achieves its objectives.

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE DECLARED PREVAILING PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

In this case, the defense to the federal court action was an unqualified success. The judgment – based on the order dismissing the sole federal claim, the RICO claim – constituted a trial of the merits. *Smith v. City of Los Angeles* (1948) 84 Cal.App.2d 297, 302. Defendants are the prevailing parties because they were dismissed with prejudice and achieved their litigation objective.

## IV
## THE ACTION WAS "ON A CONTRACT"

Civil Code section 1717, subdivision (a) provides:

> "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

The right to contractual attorney's fees specific to dismissal of a RICO claim was confirmed by the Ninth Circuit in *Chang v. Chen*, 95 F.3d 27 (9th Cir. 1996). The court held, at page 28:

> [T]he RICO statute does not preclude prevailing defendants from recovering attorneys' fees when authorized elsewhere, we hold that it does not preclude prevailing defendants from recovering attorneys' fees when specified by an agreement of the parties. *Cf. Sea-Land Serv., Inc. v. Murrey & Son's Co. Inc.*, 824 F.2d 740, 744 (9th Cir.1987) ("An award of attorneys' fees to a litigant in federal court is improper in the absence of a contract, an applicable statute, a finding that the losing party acted in bad faith, or other exceptional circumstances.")

In *Chang*, the alleged pattern of racketeering activity consisted of three different real estate transactions. Each real estate transaction was consummated by a written contract, which

9

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS

contained a prevailing party attorneys' fees clause.[6] Each plaintiff was a party to one of these contracts. The court denied prevailing defendants their attorneys' fees in *Chang*, because:

> …the RICO action did not arise out of any one of the individual contracts. Rather, RICO's pattern requirement could be satisfied only because there were three land transactions. Although each of the three land sale contracts contained a provision permitting the prevailing party to recover attorneys' fees, no plaintiff signed all three contracts. Each plaintiff signed only one contract…each contract permitted an award of attorneys' fees only if the action arose out of the land transaction relating to that contract, and because the alleged RICO pattern did not result from any one contract…Id at page 29.

*Chang* is distinguishable for two reasons. First, the plaintiffs in *Chang* alleged a fraudulent real estate transaction involving conduct of the defendants *unrelated to a term of the contract*. The plaintiffs did not bring the action to enforce a specific term of a contract, such as the security deposit provision here. Second, the *Chang* court focused on language in the attorneys' fees clause that required that the action be "arising out of" the contract as a condition precedent to an award of fees. Unlike *Chang*, here there is no "arising out of" requirement in the fee provision (see Declaration of Sara B. Allman, Exhibit "A," lease agreement, paragraph 23) and plaintiffs here affirmatively allege a term of the lease they seek to enforce, to wit: the security deposit provision of paragraph 5 in which defendants agreed to exclude reasonable wear and tear from any charges to their security deposits.

In *In re Baroff* 105 F.3d 439 (9th Cir. 1997)**,** the bankruptcy court granted summary judgment to the debtor based on the terms of a settlement agreement, but denied the debtor's motion for attorney fees under that same agreement. The Ninth Circuit reversed. Noting that

---

[6] The clause stated that "[i]n the event legal action is instituted by the Broker(s), or any party to this agreement, to enforce the terms of this

10

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS

"California courts liberally construe [the phrase]'on a contract' [contained in section 1717] to extend to any action "[a]s long as an action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit....," the court held: "[B]ecause the bankruptcy court needed to determine the enforceability of the settlement agreement . . . the document containing the attorney fees clause . . . played an integral role in the proceedings." (105 F.3d at p. 442-443.) It followed that the action was "an action on [the] contract . . .," and the debtor was entitled to attorney fees under California law. Similarly here, the action involves a contract, pleads contractual claims and pleads the terms of the contract plaintiffs claim defendants violated.

An action is "on a contract" when it is brought to enforce the provisions of the contract. *McKenzie v. Kaiser-Aetna* (1976) 55 Cal.App.3d 84, 89-90. Plaintiffs' RICO claim stemmed from Garibaldi's alleged charges and demands on behalf of Tomanek for amounts in excess of reasonable wear and tear to the security deposits of the tenants---conduct alleged by plaintiffs to be contrary to, and thus in breach of, the requirements of the written lease agreements (see Declaration of Sara B. Allman, Exhibit "A," lease agreement, paragraph 5). Questions of whether the defendants had a legal right to withhold the sums, of whether plaintiffs had a legal right to demand them, and of whether the representations in the lease agreement were false all require interpretation of the lease agreement. The action initiated by plaintiffs here was to enforce the security deposit provision in each of their respective lease agreements. The

---

agreement, or arising out of the execution of this agreement or the sale, or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court in which such action is sought." Id at page 28

11

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS

security deposit provision was a term of that contract, and thus the action was an attempt to enforce a term of the contract.

## V

## THE DEFENDANTS HAVE A RIGHT TO ATTORNEY'S FEES EVEN THOUGH PLAINTIFFS ALSO ALLEGED TORT THEORIES

Here, plaintiffs alleged a breach of promise relating to the return of the security deposits as the factual premise for each claim. Attorneys' fees need not be apportioned when incurred for representation of an issue common to both a claim for relief for which fees are proper and one in which they are not allowed. *Diamond v. John Martin Company*, 753 F.2d 1465, 1467 (9th Cir.1985); *Reynolds Metals Company v. Alperson,* 25 Cal.3d 124, 129 (1979).

In *Fairchild v. Park* (2001) 90 Cal.App.4th 919, 925, the court held the tenants under a lease agreement to be the prevailing parties where the landlord's liability was premised on a duty set forth in the lease agreement but plaintiffs had also pled tort theories. The court noted:

> "Whether an action is based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded. If based on breach of promise it is contractual; if based on breach of a noncontractual duty it is tortious.... If unclear the action will be considered based on contract rather than tort.... In the final analysis we look to the pleading to determine the nature of plaintiff's claim." (*Arthur L. Sachs, Inc. v. City of Oceanside* (1984) 151 Cal.App.3d 315, 322, citations omitted; accord, *Voth v. Wasco Public Util. Dist.* (1976) 56 Cal.App.3d 353, 356-357.) Id. at page 925

In *International Marble & Granite of Colorado, Inc.* 46 F.Supp.2d 993, 1003-1005 (C.D.Cal.2006), the court held that defendant was the prevailing party in the action but, pursuant to Civil Code Section 1717 (b) (2), was not the prevailing party on the contract claims

12

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS

because the case had been *voluntarily dismissed without prejudice*. In that the within action was dismissed by the court, a voluntary dismissal is not implicated here. *International Marble* nevertheless demonstrates that an award of contractual attorney's fees is proper where plaintiffs have also pled non-contractual claims.

The *International Marble* plaintiffs pled contractual and non-contractual claims (including a RICO claim) relative to a Loan Agreement.[7] The applicable fee provision in the Loan Agreement allowed the prevailing party to recover attorney's fees in an action to enforce or defend it. The court, at page 1002, observed that all of plaintiff's claims questioned the defendant's rights under the Loan Agreement. Because the entire complaint was incorporated into every claim, the court, at page 1003, found that the contract claims were inextricably linked to the other claims and need not be separated for attorneys' fees purposes. Here, plaintiffs have similarly incorporated the terms of the lease agreement relating to the security deposit into all their claims and the claims should therefore not be separated for attorney's fees purposes.

# VI

## THE FEES CLAIMED ARE REASONABLE

The "lodestar" method for calculating attorney's fees, whereby a reasonable hourly rate is multiplied by the number of hours reasonably expended in the litigation, has been

---

[7] The International Marble plaintiff alleged the following causes of action: (1) breach of contract; (2) promissory estoppel; (3) fraud and concealment; (4) negligent misrepresentation; (5) unfair, unlawful and fraudulent business act and practice; (6) breach of fiduciary duty; (7) interference with corporate governance; (8) interference with contract and prospective business advantage; (9) conspiracy; (10) fraudulent inducement; (11) violation of RICO; (12) violation of Sherman Act; and (13) violation of Bank Company Holding Act.

13

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

adopted by both state and federal courts. *Serrano v. Priest* (1977) 20 Cal.3d 25, 48-49; *Goodell v. Ralphs Grocery Co.* 207 F.Supp.2d 1124 (E.D. Cal. 2002). As set forth in the declarations of counsel accompanying this motion, defendants incurred attorney's fees and costs in defense of the action that reflect significant time spent in evaluation of potential dispositive motions, analysis of liability, review of an original and a first amended complaint, preparation of the motions to dismiss, and conversations with plaintiffs' counsel to meet and confer, as well as client communications and participation in defense meetings. All defense attorneys are qualified and experienced, and it is submitted that the time incurred was reasonable, warranted, and based on reasonable hourly fee amounts.[8]

## VII

## DEFENDANTS ARE ENTITLED TO ADDITIONAL FEES RELATIVE TO THIS REPLY AND FURTHER ENFORCEMENT OF THEIR RIGHT TO FEES

Defendants request that they be awarded their fees and costs for time expended to review and analyze plaintiffs' opposing papers, conduct legal research, prepare reply papers, and appear and argue at the hearing. An award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to fees. *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141.[9]

//

//

---

[8] Defendants will make available un-redacted copies of the itemized bills for in camera inspection. Civil L.R. 54-6 (b) (2)

[9] Defendants will submit supplemental declarations with their reply submissions to document further fees incurred.

14

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS

## VIII

## CONCLUSION

Defendants are entitled to a reasonable attorney fee and costs, because: there was an action on a contract (the lease agreement); the lease agreement provided that fees incurred to enforce its terms be awarded to the prevailing party (in this case, the owner and property manager); and defendants—who recovered greater relief in the action—clearly are the parties who prevailed on the contract. Defendants are entitled to a reasonable attorney fee and costs in defense of all the claims alleged by plaintiffs, because the parties expressly contracted for same in an action in which the plaintiffs sought to enforce the terms of the lease agreement. When plaintiffs brought this action, they put their contractual relationship with defendants under the lease agreements at issue and re-alleged and incorporated the issue into each claim. Even though plaintiffs also alleged violation of statutory law and tort, they did so in the context of the contractual relationship created and defined by the lease agreement.

Respectfully submitted,

Dated: January 22, 2008                    ALLMAN & NIELSEN, P. C.

By: _____
Sara B. Allman
Attorneys for Defendant
THOMAS J. TOMANEK

ALLMAN & NIELSEN PC
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS

# PROOF OF SERVICE

I am a citizen of the United States and employed in Marin County, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE DECLARED PREVAILING PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

on the interested parties in the action by placing [ ] the original [X] a true copy thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Christopher Brancart<br>Elizabeth Brancart<br>BRANCART & BRANCART<br>PO Box 686<br>Pescadero, CA  94060 | Attorney for Plaintiffs EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA: WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS |
| John S. Blackman<br>Farbstein & Blackman<br>411 Borel Ave #425<br>San Mateo, CA 94402-3518 | Attorneys for Defendant<br>MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY |

[X]   BY MAIL:  I deposited such envelope with postage thereon fully prepaid in the United States Postal Service mailbox at Larkspur, California.

[ ]   BY PERSONAL SERVICE:  I delivered such envelope by hand to the addressee.

[ ]   BY FACSIMILE:  I sent such document via facsimile to the facsimile machine of the addressee.

[ ]   BY EXPRESS MAIL:  I deposited such envelope in a mailbox regularly maintained by the United States Postal Service for receipt of Express Mail postage paid to be delivered by Express Mail for overnight courier service to the addressee.

[ ]   BY OVERNIGHT DELIVERY:  I deposited the envelope, in an envelope designated by the express service carrier, with delivery fees provided for, in a box regularly maintained by the express service carrier for overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE DECLARED PREVAILING PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

Executed on January 22, 2008, at Larkspur, California.

_____
NOLI VILLA

17

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO BE DECLARED PREVAILING
PARTY AND FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS