1  Sara B. Allman, Esq. CSB #107932
2  Steven A. Nielsen, Esq. CSB #133864
   ■ALLMAN & NIELSEN, P.C. ■
3  100 Larkspur Landing Circle, Suite 212
4  Larkspur, CA 94939
   Telephone: 415.461.2700
5  Facsimile:  415.461.2726
6  E-Mail:    all-niel@comcast.net

7  Attorneys for Defendant
8  THOMAS J. TOMANEK

9          IN THE UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11  EDITH MACIAS, individually and on behalf of        Case No.: C07 3437 JSW (EDL)
12  similarly situated individuals; HOTON DURAN;
    TIFFANY HUYNH; AURA MENDIETA;
13  WILLIAM LABOY; MIGUEL ACOSTA; CRUZ          **REPLY TO OPPOSITION TO MOTION FOR
14  ACOSTA; CUAUHTEMOC TORAL; and               ATTORNEY'S FEES AND COSTS**
    TERESA VILLEGAS, KAPIKA SALAMBUE
15  and MARINA DURAN                            DATE:  March 4, 2008
                                                TIME:  9:00 A.M.
16                                              COURTROOM:  E, 15th Floor
               Plaintiffs,                      JUDGE:  Hon. Elizabeth D. Laporte
17        vs.
18                                              Date Action Filed: June 29, 2007
    THOMAS J. TOMANEK; and MARK
19  GARIBALDI, individually and doing business as
20  THE GARIBALDI COMPANY,

21            Defendants.
22
23
24
25
26
27
28
29
30
31
32

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1
2
3

**TABLE OF CONTENTS**

4
5

I.STATEMENT OF THE ISSUES TO BE DECIDED ..................................................... 1

6
7

II.STATEMENT OF THE RELEVANT FACTS ............................................................. 1

8
9

III.ARGUMENT ................................................................................................................ 1

10
    A.    Summary of Argument ....................................................................................... 1

11
    B.    The action is on a contract because plaintiffs alleged a duty that was a term of the lease, and

12
           the action would have enforced that duty. .......................................................... 2

13
    C.    An award of fees is not premature because the dismissal of the federal court case is a final

14
           resolution of a discrete legal proceeding. .......................................................... 7

15
    D.    Defendant Tomanek is a prevailing party because he achieved greater relief in the action. ... 7

16
    E.    Defendants' recovery of fees is not limited to Civil Code section 1717. ................................. 8

17
    F.    The action enforces a term of the lease agreement. .................................................. 9

18
    G.    The action need not be strictly necessary for the fee provision to apply. ............................. 12

19
    H.    The fees should not be reduced or apportioned. ................................................. 13

20
21

IV.CONCLUSION ............................................................................................................. 15

22
23
24
25
26
27
28
29
30
31
32

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS

i

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

**Table of Authorities**

## Cases

*Akins v. Enterprise Rent-A-Car Company* (2000) 79 Cal.App.4th 1127 ............................................ 13

*Anderson v. Melwani* 179 F.3d 763 (9th Cir. 1999) ......................................................................... 7

*Arthur L. Sachs v. City of Oceanside* (1984) 151 Cal.App.3d 315 .................................................. 2

*Borba Farms, Inc . v. Acheson, supra,* 197 Cal.App.3d 597 ............................................................. 5

*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371 ..................... 5

*Casella v. SouthWest Dealer Services, Inc.* (2007) 157 Cal.App.4th 1127 ....................................... 9

*Cates Construction, Inc. v. Talbot Partners* (1999) 21 Cal.4th 28 ................................................. 11

*Chang v. Chen,* 95 F.3d 27 (9th Cir. 1996) ................................................................................. 3, 12

*Diamond v. John Martin Company,* 753 F.2d 1465 (9th Cir.1985) ................................................. 13

*El Escorial Owners' Ass'n v. DLC Plastering, Inc.* (2007) 154 Cal.App.4th 1337 ........................ 10

*Estate of Drummond* (2007) 149 Cal.App.4th 46 ........................................................................... 7

*Exxess Electronixx v. Heger Realty Co.* (1998) 64 Cal.App.4th 698 ...................................... 3, 4, 10

Fair Housing Counsel of San Diego v. Peñasquitos Casablanca Owner's Association, 523 F.Supp.2d 1164 (S.D. Cal. 2007) ............................................................................................................. 14

*Fairchild v. Park* (2001) 90 Cal.App.4th 919 ............................................................................... 10

*Gates v. Deukmejian,* 987 F.2d 1392 (9th Cir. 1992) ................................................................... 14

*Gil v. Mansano* (2004) 121 Cal.App.4th 739 ............................................................................... 10

*Hasler v. Howard,* (2004) 130 Cal.App.4th 1168 ........................................................................... 9

*Heidt v. Miller Heating & Air Conditioning Co.* (1969) 271 Cal.App.2d ........................................ 4

*Hsu v. Abarra* (1995) 9 Cal.4th 863 ......................................................................................... 7, 8

*McKenzie v. Kaiser-Aetna* (1976) 55 Cal.App.3d 84 ...................................................................... 4

*Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796 ............................ 7

*Perry v. Robertson* (1988) 201 Cal.App.3d 333 ............................................................................ 4

*Plott v. York* (1939) 33 Cal.App.2d 460 ........................................................................................ 8

*Reynolds Metals Company v. Alperson* (1979) 25 Cal.3d 124 ........................................................ 13

*San Francisco Firefighters Loc. 798 v City and County of San Francisco* (2006) 38 Cal.4th 653.... 12

*Santisas v. Goodin* (1998) 17 Cal.4th 599 ..................................................................................... 8

*Skyway Aviation, Inc. v. Troyer* (1983) 147 Cal.App.3d 604 ........................................................ 11

*Stitt v. Williams,* 919 F.2d 516 (9th Cir. 1990) ............................................................................ 12

*Stout v. Turney* (1978) 22 Cal.3d 718 ........................................................................................... 4

*United States v. Rosenthal,* 454 F.3d 943 (9th Cir. 2006) ............................................................... 9

*Walters v. Marler* (1978) 83 Cal.App.3d 1 .................................................................................... 4

*Wong v. Thrifty Corporation* (2002) 97 Cal.App.4th 261 ............................................................... 4

*Xuereb v. Marcus & Millichap* (1992) 3 Cal.App. 4th 1338 .......................................................... 9

*Yield Dynamics, Inc. v. Tea Systems Corporation* (2007) 154 Cal.App.4th 547 ............... 9, 10, 11, 13

## Statutes

Civil Code section 1021 .......................................................................................... 1, 2, 8, 15

Civil Code section 1644 ................................................................................................................ 2

Civil Code section 1717 .......................................................................................................... passim

Civil Code section 2330 ................................................................................................................ 8

Civil Code sections 1928 and 1929 ............................................................................................... 6

Code Civ. Proc., §§ 20-22 ............................................................................................................. 3

Code Civ. Proc., §§ 20-23 ............................................................................................................. 3

Code of Civil Procedure section 22 ............................................................................................... 2

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS

ii

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1

**Other Authorities**

Black's Law Dict., 7th Ed; p. 549 ................................................................................. 9
Black's Law Dict. (6th ed. 1990) p. 28 ......................................................................... 3
Black's Law Dict., p. 1204 ............................................................................................ 3
Rest.2d Agency, section 144 .......................................................................................... 8

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

**REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

## I.

## STATEMENT OF THE ISSUES TO BE DECIDED

1.  Whether the action is "on a contract" under Civil Code section 1717;

2.  Whether, even if section 1717 does not apply, defendants may recover fees under Civil Code section 1021 for all claims because the action enforces a term of the lease agreement; and

3.  Whether defendants are the prevailing parties for fee purposes based on the judgment of dismissal of the action.

## II.

## STATEMENT OF THE RELEVANT FACTS

To avoid duplication, the Statement of Facts in the Memorandum of Points and Authorities in support of the within motion is incorporated by reference as if fully set forth. It should be noted additionally that plaintiffs alleged in the First Amended Complaint ("FAC") that they had performed their obligations under the lease agreement but that defendants' fraudulent scheme unfairly deprived them of the benefits of the lease agreement, namely the right not to be charged for ordinary wear and tear to the property. (FAC, ¶ 93, 25:18-23) The FAC further alleged that Tomanek was the owner of the properties at which the tenants resided and that Garibaldi was the managing agent acting within the scope of that agency. (FAC, ¶s 12 and 13, 3:24-28; 4:1-12)

## III.

## ARGUMENT

### A. Summary of Argument

Plaintiffs' opposition argument can be summarized in four points: 1. a victory on a RICO claim is not an "action on a contract" that justifies an award of fees under Civil Code section 1717; 2. the language of the fee provision in the lease agreement is so narrow that it categorically excludes recovery of fees by the defendants; 3. the claimed fees are excessive; and 4. Tomanek is not a prevailing party.

Plaintiffs' arguments are without merit. The determination of fee entitlement requires an

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS

1

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1   analysis of the "action," not simply the RICO claim. The action need not be based exclusively on a

2   "contract" to be an "action on a contract" sufficient to trigger section 1717. Even if section 1717

3   does not apply, under Code of Civil Procedure section 1021, the parties may contract for fee

4   recovery as to both tort and contract claims—as they did here. The language of the fee provision

5   controls and should be viewed in the individual context of each case to determine the intent of the

6   parties. The language of the fee provision here pertains to actions to enforce a term of the lease

7   agreement. By their allegations in this action, had the action been successful, plaintiffs would have

8   enforced the security deposit provision in the lease agreement. Because both defendants obtained a

9   dismissal of the entire federal court action, they achieved the greater relief in the action and are the

10  prevailing parties entitled to an award of attorney's fees under the lease agreement and California

11  law. The fees claimed were reasonable and relate to issues common to all claims for relief. Plaintiffs

12  failed to meet their burden to produce any evidence to challenge the reasonableness of the fees.

13

14  **B. The action is on a contract because plaintiffs alleged a duty that was a term of the**

15  **lease, and the action would have enforced that duty.**

16          In their opposition, plaintiffs do not dispute that in the FAC they alleged a duty of the

17  defendants in the lease agreement to return their security deposits without deduction for wear and

18  tear. This contractual duty is expressly set forth in paragraph 5a of the written lease agreement.

19  Although plaintiffs assert various legal theories in the FAC, including tort and statutory violations,

20  this contractual obligation is set forth in, and pled throughout, the FAC. (See, e.g., FAC, ¶ 17, 5:18-

21  22) The terms "lease agreement", "written lease agreement", "lease", and "agreement" are in fact

22  used interchangeably in the FAC over sixty-five (65) times. Nevertheless, plaintiffs argue that the

23  lease agreement is "unimportant" *to the RICO claim*. (Opposition, 11:14-15)

24          Continuing along this vein, plaintiffs characterize this action in their opposition as a "RICO

25  action" and a "RICO case," in an apparent attempt to limit the court's analysis on this motion to the

26  RICO claim. (Opposition, 15:2-3; 17:19-20) The law requires that the court look beyond titles and

27  captions to determine the nature of the action. *Arthur L. Sachs v. City of Oceanside* (1984) 151

28  Cal.App.3d 315, 322. The proper analysis therefore requires consideration of the entire pleading.

29  An action is a lawsuit, from the filing of the complaint to entry of judgment; it is not one claim.

30  (Code of Civil Procedure section 22 defines "action" as "an ordinary proceeding in a court of justice

31  by which one party prosecutes another for the declaration, enforcement, or protection of a right, the

32

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1    redress or prevention of a wrong, or the punishment of a public offense.")

2        The court in *Exxess Electronixx v. Heger Realty Co.* (1998) 64 Cal.App.4[th] 698, fn 15,

3    defined "action" and "proceeding," as follows:

4        An "action" is "a lawsuit brought in a court; a formal complaint within the
         jurisdiction of a court of law[;] ... [a]n ordinary proceeding in a court of justice by
5        which one party prosecutes another for the enforcement or protection of a right, the
         redress or prevention of a wrong, or the punishment of a public offense." (Black's
6        Law Dict. (6th ed. 1990) p. 28, col. 1; accord, Code Civ. Proc., §§ 20-22.) "A
7        'proceeding' includes action and special proceedings before judicial tribunals as well
         as proceedings pending before quasi-judicial officers and boards." (Black's Law
8        Dict., *supra*, p. 1204, col. 1.) "The word ['proceeding'] may be used synonymously
9        with 'action' or 'suit' to describe the entire course of an action at law or suit in equity
         from the ... filing of the complaint until the entry of final judgment ...." (*Ibid.* ; see
10       also Code Civ. Proc., §§ 20-23.)

11

12       While federal court jurisdiction hinged on the viability of the RICO claim here, the "action"

13   included state law claims that could not otherwise be brought on their own in federal court,

14   including the fifth claim for relief denominated breach of the implied covenant of good faith and

15   fair dealing---indisputably a "contract" claim.

16       Even assuming arguendo that just the RICO claim should be considered in the fee analysis,

17   as plaintiffs suggest, the FAC alleges that it was a false representation (promise) *in the lease

18   agreement* that was the basis of the "fraudulent scheme" underlying the RICO claim. (See e.g.,

19   FAC, ¶ 71, 18:4-17) The Order granting the motions to dismiss describes the RICO claim as an

20   "alleged scheme of withholding unlawful amounts from the tenants' security deposits." (Order,

21   Exhibit B to the Declaration of Sara B. Allman, 5:4-5) The breach of the promise in the lease

22   agreement regarding the security deposit is thus one of the predicate acts plaintiffs alleged to try to

23   plead a RICO claim. Accordingly, the FAC alleges that the misrepresentations *in the written lease

24   agreement* induced plaintiffs to give up their security deposits and were part of the scheme to

25   charge them for wear and tear. (See e.g., FAC, ¶ 71a, 18:6-17) It is thus disingenuous for plaintiffs

26   to argue in opposition that the lease agreement was "not important" or that the RICO claim was

27   "independent of the lease agreement." (Opposition, 11:14-15; 14:5-6)

28       Plaintiffs argue that no RICO claim can ever be "on a contract," although there is no case

29   that holds that. (Opposition, 9:3-5) To the contrary, case law affirmatively acknowledges the right

30   of a defendant to recover fees on a RICO claim where there is a contractual fee provision that

31   allows it. *Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996). The cases cited by plaintiffs also do not

32

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS

3

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1  stand for the even broader proposition plaintiffs assert, to wit: Civil Code section 1717 does not

2  apply to "tort claims within an action."(Opposition, page 9:11)

3      In *Perry v. Robertson* (1988) 201 Cal.App.3d 333, 344, the court held that an action for

4  negligent failure to perform a contractual duty was an action on a contract for purposes of Civil

5  Code section 1717. In *Perry*, supra at pp. 342-343, the court distinguished two cases also cited by

6  plaintiffs here in their opposition, *McKenzie v. Kaiser-Aetna* (1976) 55 Cal.App.3d 84, and *Stout v.*

7  *Turney* (1978) 22 Cal.3d 718, noting that those decisions denied fees under section 1717 because

8  they involved a *pre-contractual duty*—not an obligation undertaken by the contract itself. The *Perry*

9  court commented, at page 344, as follows:

11      Defendants principally rely upon inapposite authority to support their position. They
12      cite various cases that have denied an attorney's fees award under Civil Code section
        1717 where the prevailing party has recovered on a legal theory of fraud in the
13      inducement of a contract. (See e.g. *Stout v. Turney* (1978) 22 Cal.3d 718, 721-722,
        730, 150 Cal.Rptr. 637; *Walters v. Marler* (1978) 83 Cal.App.3d 1, 27-28, 147
14      Cal.Rptr. 655; *McKenzie v. Kaiser-Aetna* (1976) 55 Cal.App.3d 84, 127 Cal.Rptr.
15      275.) [5] This line of case law is based on the rationale that section 1717 is only
        meant to establish reciprocity of provisions for attorney's fees for enforcement of the
16      contract. (See *McKenzie*, supra, at pp. 89-90, 127 Cal.Rptr. 275.) *An action premised*
17      *on fraud in the inducement seeks to avoid the contract rather than to enforce it; the*
        *essential claim is "I would not have entered into this contract had I known the truth."*
18      *The duty not to commit such fraud is precontractual, it is not an obligation*
19      *undertaken by the entry into the contractual relationship.* [Emphasis added]

20      Here, plaintiffs do not allege that they *would not have entered* into the lease agreement had

21  they known the "truth." Rather, they allege that they *entered* into the lease agreement and were

22  induced to tender their security deposits based on false promises *in* the lease agreement to return

23  their security deposits without deductions for wear and tear, a duty expressed in paragraph 5a. This

24  was clearly a duty "undertaken by entry into the contractual relationship."

25      In *Wong v. Thrifty Corporation* (2002) 97 Cal.App.4th 261, a lessor sued a lessee for

26  damages discovered upon inspection when the lessee vacated the premises. The lessor (Wong) sued

27  for breach of contract and breach of statutory duty. The court observed that the action was "an

28  action on the contract." The court held that Wong, who recovered the greater relief in the action,

29  was the prevailing party entitled to fees under the contract even though part of the fee provision was

30  in conflict with Civil Code § 1717.

31      *Exxess Electronixx v. Heger Realty Co.* (1998) 64 Cal.App.4th 698 involved the exception

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1  under Civil Code section 1717 (b) (2) for fee recovery where there is a voluntary dismissal. The

2  court found that Exxess's cause of action for declaratory relief was "on a contract." Because that

3  cause of action had been voluntarily dismissed, however, leaving *only* tort claims and equitable

4  claims, the court denied the defendant broker's fee motion. The court found it significant that

5  "…the lease did not describe any of defendant's obligations or duties." At page 711, the court in

6  *Exxess* noted:

8      Third, Exxess's tort claims are premised on a duty—specifically, a duty to disclose
9      defects in the premises—that was not created by the lease. As stated, the lease did
       not set forth any obligations or duties of Heger Realty. It is well settled that while a
10     contract action protects a party's interest in having promises performed, "[a] tort
11     action ... redresses the breach of the general duty to society which the law imposes
       without regard to the substance of the contractual obligation." (*Careau & Co. v.*
12     *Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1393)

13     The court also found that defendant's claims for equitable relief were not covered by the fee
14  provision, noting, at page 715:

15     Consistent with the foregoing analysis, we conclude that Exxess's claims for
16     contribution and indemnity do not fall within the scope of the attorneys' fee
17     provision in the lease. Exxess's rights to contribution and indemnity, if any, were
       created solely by operation of law and principles of equity, not by the parties'
18     underlying obligation (i.e., the lease). (See *Borba Farms, Inc . v. Acheson, supra,*
19     197 Cal.App.3d at p. 602.) Those rights "exist[ed] as an entirely separate contract
       implied by law" (*ibid.*); they did not arise from, nor were they contingent upon, the
20     lease (see *ibid.*). It follows that Exxess's claims for contribution and indemnity did
21     not "enforce the terms" of the lease or "declare rights [] under" the lease.

22     To the contrary here, the obligation and duty that is at the crux of this case—return of the

23  security deposit without deduction for wear and tear—is expressly described in paragraph 5a of the

24  lease, alleged in the FAC, and used as the factual predicate for each of plaintiffs' claims.

25     Plaintiffs argue that defendants' interpretation of the fee provision would render *every*

26  landlord tenant dispute an action on a contract. (Opposition, 12:27-28; 13:1) Not so. It is submitted

27  rather that to construe the "action to enforce a term" fee provision as applicable *only* to a contract

28  claim would in effect void the contractual fee obligation where a party seeks to enforce a term of

29  the contract but does so under the guise of a tort action or per a statute.

30     For the sake of example, we can assume that a lease agreement requires the tenant keep the

31  leased premises in good condition and repair and the parties have agreed to fees to the prevailing

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS                                                           -5-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

party in an action to enforce a term of the lease. The tenant allegedly damages the leased premises, ruining the appliances and floor coverings. The landlord sues the tenant for damages based on theories of: misrepresentation or false promise by the tenant in the lease agreement to keep the premises in good condition and repair; fraud in inducing the landlord to pay for new appliances and carpeting; violation of statute under Civil Code sections 1928 and 1929—[statutes that respectively require a tenant to use ordinary care to keep the leased premises in good condition and make the tenant responsible for repair occasioned by a lack of ordinary care]; negligence; and a breach of the covenant of good faith and fair dealing implied in the lease agreement. Assuming the tenant prevails in the action, should the landlord be immune from fee exposure and the tenant denied fees under the fee provision in the lease which provides for fees to the prevailing party in an action to enforce the terms of the lease? The answer is "no." The reason the tenant is awarded fees in that case is because the parties intended that, when that contractual right is *enforced*, the prevailing party get fees. Similarly here, by the plain language of the fee provision, the parties intended that, when the "right" provided in paragraph 5a concerning security deposits is enforced, the prevailing party then gets fees.

The reason *this* action is "on a contract" is because plaintiffs pled that defendants were bound *by the lease agreement* to return their security deposits without deduction for wear and tear and then plaintiffs used that contractual obligation as a basis for their claims. (e.g., FAC, par. 17, 5:18-22 "*Under the terms of the agreement, the Garibaldi Company agreed to return the $1,700 security deposit by mail within three weeks of the tenants' vacating the unit, less any charges for damage to the premises…not including charges for reasonable wear and tear.*")

Specifically, with respect to the RICO claim, the alleged misrepresentation that formed the basis for the "fraudulent scheme" was actually the promise regarding the security deposit in paragraph 5a of the lease agreement.[1] (See e.g., FAC, paragraphs 18 and 19, 5:23-28; 6:1-3 "*[Plaintiffs] reasonably relied on The Garibaldi Company to abide by the terms of its representations in the lease agreement…not to charge them for reasonable wear and tear to the unit…The representation of The Garibaldi Company in the lease agreement that it would not charge [plaintiffs] for reasonable wear and tear to the unit was false….*")

---

[1] Plaintiffs may have pled the contractual obligation here because they thought it would help them state a RICO violation and secure jurisdiction in federal court. Whatever the reason, the action, if successful, would have enforced the contractual obligation.

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

**C. An award of fees is not premature because the dismissal of the federal court case is a final resolution of a discrete legal proceeding.**

Plaintiffs argue in opposition that, under section 1717, defendants cannot be deemed the prevailing parties yet because there has been no final resolution of the claims on the contract. (Opposition, 18:7-19) Here, however, there is a judgment dismissing the entire action from federal court. Where there is a final resolution of a discrete legal proceeding, an award of contractual attorney's fees under section 1717 is proper. *Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 807-808. Defendants achieved a judgment of dismissal with prejudice of *all* claims and the case could no longer proceed in federal court. See also *Anderson v. Melwani* 179 F.3d 763 (9th Cir. 1999) [defendant held the prevailing party for an award of contractual attorney's fees where the action was dismissed for failure to join an indispensable party and thus was not cognizable in federal court]. The case cited by plaintiffs, *Estate of Drummond* (2007) 149 Cal.App.4th 46, is inapposite. There, the litigation on the contract "ended solely because it should have been brought in another department of the same court" and the dismissal determined nothing in favor of the party moving for fees. *Id* at 53. Even though plaintiffs have filed *another* action in state court, they have excluded causes of action for a violation of RICO, Negligence, and Breach of the Covenant of Good Faith and Fair Dealing—see Exhibit 1 to plaintiffs' Opposition. The state action is a separate action. It is not premature for this court to award attorney's fees, because defendants prevailed in the federal court "action," a discrete legal proceeding, which is now over.

**D. Defendant Tomanek is a prevailing party because he achieved greater relief in the action.**

Plaintiffs also argue via a supplemental opposition brief that Tomanek is not the prevailing party because he was not specifically named as a defendant in the RICO claim and only obtained a dismissal from the lawsuit for lack of subject matter jurisdiction. (Supp. Opposition, 1:25-27) Under California law, however, the focus of the "prevailing party" determination is "who recovered a greater relief." This is accomplished by comparing the extent to which each party has succeeded and failed to succeed in its contentions. *Hsu v. Abarra* (1995) 9 Cal.4th 863, 876.

Here, the FAC alleged that Tomanek was the owner of the properties at which the tenants resided and that Garibaldi was the managing agent for Tomanek, acting within the scope of that agency. (FAC, ¶s 12 and 13, 3:24-28; 4:1-12) All rights and liabilities that accrue to the agent from

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1    transactions the agent enters into on his or her own account accrue to the principal. Civil Code

2    section 2330; Rest.2d Agency, section 1440. Where an agent is exonerated, so is the principal.

3    Tomanek was dismissed directly as a result of the dismissal of the RICO claim against his agent,

4    Garibaldi, whereupon the court then declined to exercise supplemental jurisdiction over the state

5    law claims. (See Order, Exhibit B to the Declaration of Sara B. Allman, 5:24-28; 6:1-5.) By the

6    dismissal of the action against his agent, upon whose acts all liability depended, Tomanek is also

7    entitled to judgment in his favor. *Plott v. York* (1939) 33 Cal.App.2d 4600, 463. Thus, the result

8    here was "purely good news for [Tomanek] and bad news for [plaintiffs]—." *Hsu, supra*, at 876.

9

10   **E. Defendants' recovery of fees is not limited to Civil Code section 1717.**

11

12   Plaintiffs assert that defendants filed motions to be declared the prevailing parties in this

13   action "pursuant to California Civil Code section 1717" and argue that defendants "make not [sic]

14   attempt to argue that their fee provision applies to fraud or tort claims." (Opposition, 1:2-3; 8:4-5)

15   Defendants' motion was not made "pursuant to section 1717" nor limited to it. In their moving

16   papers, defendants cited Code of Civil Procedure section 1021. (Memorandum of Points and

17   Authorities, 6:23-25; 7:1-5) Defendants also pointed out that the fee provision applies to *both* tort

18   and contract claims and cited authority that upheld an award of attorney's fees to the prevailing

19   party in an action that alleged multiple claims sounding in tort, contract and statute (including a

20   RICO violation). (Memorandum of Points and Authorities, 13:6-16)  In conclusion, defendants also

21   argued:

22           Defendants are entitled to a reasonable attorney fee and costs in defense of all
         the claims alleged by plaintiffs, because the parties expressly contracted for same in

23       an action in which the plaintiffs sought to enforce the terms of the lease agreement.
         When plaintiffs brought this action, they put their contractual relationship with

24       defendants under the lease agreements at issue and re-alleged and incorporated the
         issue into each claim.  Even though plaintiffs also alleged violation of statutory law

25       and tort, they did so in the context of the contractual relationship created and defined

26       by the lease agreement. (Memorandum of Points and Authorities, 15:7-13)

27

28   Civil Code section 1717 was enacted primarily to establish mutuality of remedy for

29   unilateral fee provisions. *Santisas v. Goodin* (1998) 17 Cal.4th 599, 610; *Heidt v. Miller Heating &*

30   *Air Conditioning Co.* (1969) 271 Cal.App.2d 135, 137. Where Civil Code section 1717 does not

31   apply, Code of Civil Procedure section 1021, which does not limit fee recovery to an "action on a

32

---

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S                    8
FEES AND COSTS

1    contract," should. As was noted in *Xuereb v. Marcus & Millichap* (1992) 3 Cal.App. 4th 1338, at p.

2    1341, "[T]here is nothing in the statute (section 1021) that limits its application to contract actions

3    alone. It is quite clear that…parties may validly agree that the prevailing party will be awarded

4    attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or

5    in contract."

6

7    **F. The action enforces a term of the lease agreement.**

8

9        The language "action to enforce a term" in the fee provision here may be perceived as

10   narrow vis a vis other fee provisions. However, where the action, as here, *does enforce a specific*

11   *term* of the lease agreement, such a fee provision clearly applies and is on point. The plain language

12   of the lease agreement here reflects that the parties intended to allocate fees to the prevailing party

13   when a provision of the lease agreement was being enforced—there was no limitation that the

14   theory employed by the plaintiffs sound *only* in contract for the fee provision to apply. The fee

15   provision here pertains to actions or proceedings to "enforce" a term of the lease agreement. The

16   courts interpret the intent and scope of the fee provision by focusing on the usual and ordinary

17   meaning of the language used. (Civil Code section 1644; *Yield Dynamics, Inc. v. Tea Systems*

18   *Corporation* (2007) 154 Cal.App.4[th] 547, 581.) Black's Law Dictionary defines "enforcement" as

19   "[t]he act or process of compelling compliance with a law, mandate or command." (Black's Law

20   Dict., 7th Ed; p. 549) Enforcement means "to compel compliance with the law." *United States v.*

21   *Rosenthal*, 454 F.3d 943, 948, (9th Cir. 2006). Because this action, if successful, would have

22   compelled defendants' compliance with the security deposit provision in the lease agreement, it is

23   an action to enforce a term of the lease agreement.

24        The cases cited by plaintiffs are inapposite.

25        In *Casella v. SouthWest Dealer Services, Inc.* (2007) 157 Cal.App.4[th] 1127, the complaint

26   alleged only wrongful termination, fraud and Labor Code violations and there was no specific term

27   of a contract that was enforced by the action. In contrast here, plaintiffs' action, if successful, would

28   have enforced paragraph 5a concerning security deposits, an express term of the lease agreement.

29        In another case cited by plaintiffs, *Hasler v. Howard*, (2004) 130 Cal.App.4[th] 1168, 1170,

30   the fee provision specified it applied only to actions "regarding the obligation to pay

31   compensation." The action that plaintiff brought did not challenge that obligation. Here, plaintiffs'

32

**REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1    lawsuit *does* challenge an express term of the lease and the fee provision allows fees in actions to
2    enforce a term of the lease.

3         In *El Escorial Owners' Ass'n v. DLC Plastering, Inc.* (2007) 154 Cal.App.4th 1337, the
4    Court of Appeal upheld the apportionment of fees between contractual and non-contractual causes
5    of action by the trial court where it found that the claims were severable. The trial court had
6    separated the tort and toxic mold claims from the indemnity claims in its fee analysis. The appellate
7    court acknowledged that a fee provision could allow for recovery of fees based on non-contractual
8    causes of action but upheld the trial court's allocation as reasonable under an abuse of discretion
9    standard. The fee provision in *El Escorial* is similar to the one at bar, but there is no indication that
10   any specific contractual duty, such as the security provision here, was enforced by any of the causes
11   of action other than the express indemnity cause of action.

12        Finally, in *Gil v. Mansano* (2004) 121 Cal.App.4th 739, 745, the court denied the defendant
13   attorney's fees where the defendant had raised a written release agreement with an attorney's fees
14   provision similar to the one here in it as a *defense* to plaintiff's tort claim. The court observed that
15   raising the release *as an affirmative defense* is not the same as bringing an action to enforce it. Here,
16   plaintiffs *brought* the action affirmatively.

17        What is clear from the above authorities is that none involved the situation that exists in this
18   case. None of plaintiffs' authorities pertains to a case in which different theories are pled to enforce
19   an express term in the written agreement. Rather, the courts in the cases cited by plaintiffs found
20   that there was no contractual term or duty being enforced or that the proceeding in which the fees
21   were sought was not an affirmative action to enforce.

22        In opposition, plaintiffs did not distinguish *Fairchild v. Park* (2001) 90 Cal.App.4th 919, a
23   case cited in the moving papers by defendants, asserting only instead that the court there "did not
24   give a full recitation of the recognized standards on which to make a determination whether a cause
25   of action is based on tort or contract." (Opposition, 13:16-18) *Fairchild* is authority for the award of
26   fees under a similar prevailing party fee provision where liability is premised on a duty in the lease
27   agreement but tort claims are also alleged.

28        In *Yield Dynamics, Inc. v. Tea Systems Corporation* (2007) 154 Cal.App.4th 547, 581, the
29   court rejected the argument that fraud claims were categorically excluded from any contractual fee
30   award, noting that the court in *Exxess Electronixxx*, supra, at p. 708, had recognized that "parties
31   may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation
32

**REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS**                                     10

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1   between themselves, whether such litigation sounds in tort or in contract." The *Yield* court
2   concluded that, "[i]n other words, the language of the fee clause controls its scope." The court in
3   *Yield*, supra at p. 581, refused to apportion fees where the plaintiff had asserted that it was damaged
4   by the alleged fraud "primarily by not receiving the benefit of its bargain" with the defendant, a
5   phrase which the court observed derived from contract—and a phrase specifically alleged by
6   plaintiffs here in the FAC in paragraph 93.

7        In *Skyway Aviation, Inc. v. Troyer* (1983) 147 Cal.App.3d 604, the complaint had alleged
8   causes of action based on breach of contract and negligence. The trial court refused fees to the
9   plaintiff based on the finding that the suit was primarily an action in tort. The appellate court,
10  however, agreed with plaintiff Skyway's contention that the trial court's ruling in effect voided the
11  express agreement of the parties with respect to fees. The agreement stated that, if the issue of
12  damages attributable to the negligence of the defendant had to be litigated, the prevailing party
13  would be entitled to fees. The jury found that the negligence of the defendant caused the accident,
14  not a breach of the contract. The court held, supra at 611, that "Skyway's recovery, based on
15  Troyer's negligence, was not, as Troyer argues, independent of said lease agreement. Rather it
16  constituted an enforcement of the provisions contained therein."

17       The allegations of the FAC in the fifth claim for relief further demonstrate that this action is
18  one to enforce a term of the lease. In the fifth claim for alleged breach of the implied covenant of
19  good faith and fair dealing re the lease agreements, plaintiffs admit that the "right" which plaintiffs
20  are enforcing in this action is one that is *in the lease agreement*. Specifically, plaintiffs allege in
21  paragraph 93, in pertinent part, that "defendants' fraudulent scheme unfairly deprived plaintiffs and
22  the plaintiff class of the benefits of the lease agreement, namely the *right* not to be charged for
23  ordinary wear and tear to the property…" [Emphasis added]

24       Because the covenant of good faith and fair dealing is an implied contractual term that aims
25  to effectuate the contractual intentions of the parties, 'compensation for its breach has almost
26  always been limited to contract rather than tort remedies.'" *Cates Construction, Inc. v. Talbot
27  Partners* (1999) 21 Cal.4th 28, 43. When the plaintiffs' own pleading acknowledges that a right they
28  are seeking to enforce is *in the lease agreement*, plaintiffs cannot argue out of the other side of their
29  mouth that the lease agreement is "independent" of, or unimportant to, the action. Furthermore,
30  plaintiffs' opposition seems to suggest that the lease agreement is a contract of adhesion or a "form
31  contract" which presumably should not be given effect. (Opposition, 13:1-6) Such a conclusion
32

1   cannot be sustained where plaintiffs have validated the contract by alleging that they performed

2   under it and have a "right" to its benefits. Plaintiffs cannot have their cake and eat it too.[2]

3        Plaintiffs cite *Stitt v. Williams*, 919 F.2d 516 (9th Cir. 1990), a case cited by the court in

4   *Chang v. Chen*, 95 F.3d 27 (9th Cir. 1996), as support for their assertion that "the Ninth Circuit has

5   previously held that a RICO claim was not brought to 'enforce' a contract." (Opposition, 10:3-5) In

6   both *Stitt* and *Chang*, no express contractual promises or terms were identified that the plaintiffs

7   were seeking to enforce. Moreover, the rationale for denying fees in *Chang* was that there were

8   three land transactions that were alleged as part of the pattern of racketeering on the RICO claim.

9   The fee provision specified that the action was required to be "arising out of" the land transaction

10  relating to the contract each plaintiff signed.   Because the action was based on three land

11  transactions, the court concluded that the action was not arising out of the respective contracts

12  signed by the plaintiffs. Here, the specific promise regarding the security deposit is in the lease

13  agreement plaintiffs seek to enforce and there is no "arising out of" requirement in the fee

14  provision. Plaintiffs' argument in opposition that the racketeering pattern in this case "arises out of"

15  more than one lease, and, thus, the fee provision should be given no effect (Opposition, 16:18-28;

16  17:1-2), is irrelevant and inconsequential, because the fee provision here does not require that the

17  action be "arising out of" the lease agreement.

18

19  **G. The action need not be strictly necessary for the fee provision to apply.**

20

21       Plaintiffs also make an argument in opposition that the fee provision should not apply

22  because it requires that the action be "necessary" and "enforcement of the contract was unnecessary

23  for plaintiffs prevail on their RICO claims (or any other statutory or tort claim for that matter)."

24  (Opposition, 18:2-4) The California Supreme Court has rejected a strict definition of "necessary" in

25  favor of a broad one in the context of defining the term "necessary to ensure compliance with" law.

26  *San Francisco Firefighters Loc. 798 v City and County of San Francisco* (2006) 38 Cal.4[th] 653,

27  671-672. The court found there that the broader definition ("that which is . . . convenient, useful,

28  appropriate, suitable, proper or conducive") applied. It is submitted that, in the context of the fee

29  provision and lease agreement here, that is also the proper definition. The parties did not intend that

---

30

31       [2] As noted above, plaintiffs have filed another lawsuit in state court against defendants that excludes the claim
for breach of covenant of good faith and fair dealing, in apparent recognition that it would plainly trigger further fee

32  exposure in that action.

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1    in order to receive an award of fees a party would have to show the action was brought as a matter

2    of strict necessity.

4    **H. The fees should not be reduced or apportioned.**

6        The final part of plaintiffs' attack on defendants' fee motions is to argue that the lodestar

7    amount of reasonable fees should be reduced from $90,069.00 to $20,301.50.[3] Plaintiffs do not

8    contest any of the claimed hourly rates.

9        Plaintiffs contend this reduced number is dictated by the fact that defendants should only be

10   allowed fees for work they did in defeating the RICO claim, because it was the dismissal of only

11   that claim which led to dismissal of the entire complaint.  That approach misses the mark, and

12   ignores the reality that defendants had to defend against the entire complaint in moving to dismiss.

13       California law requires that where a cause of action based on a contract providing for

14   attorneys' fees is joined with other causes of action beyond the contract, the prevailing party may

15   only recover fees related to the contract action pursuant to Civil Code section 1717. *Diamond v.*

16   *John Martin Company,* 753 F.2d 1465, 1467 (9th Cir.1985); *Reynolds Metals Company v. Alperson,*

17   (1979) 25 Cal.3d 124, 129. However, the same cases also stand for the proposition that joinder does

18   not dilute the right to attorneys' fees. " 'Attorneys' fees need not be apportioned when incurred for

19   representation of an *issue* common to both a cause of action for which fees are proper and one in

20   which they are not allowed.' " *Diamond,* supra at p. 1467, quoting *Reynolds,* supra at p. 129.

21   Where claims whose coverage by a fee provision is disputed involve issues in common with those

22   whose coverage is not, or are "so interrelated that it would have been impossible to separate them,"

23   no apportionment is required. *Yield Dynamics, Inc. v. Tea Systems Corporation* (2007) 154

24   Cal.App.4th 547, at p. 581; *Akins v. Enterprise Rent-A-Car Company* (2000) 79 Cal.App.4th 1127,

25   at p. 1133.

26       When a plaintiff is awarded fees in a case in which multiple claims were brought, but

27   recovery was made on, for example, only one of them, it would make sense to look at how much

28   time was spent proving the one claim as against the other unsuccessful ones.  In such a situation, the

29   plaintiff's attorney is in control of which claims to bring or not bring, and generally speaking there

---

[3] Defendants have submitted Reply declarations of counsel to set forth the fees incurred and not included in the motion to date. Based on these declarations, defendant Tomanek requests an additional award of $7,491.00 in fees and $23.80 in costs.

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S     ⎯⎯13
FEES AND COSTS

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1  should be no 'reward' for bringing claims that did not need to be brought, or which were
2  unsuccessful.

3     However, the same logic does not apply in such general fashion to defendants, because
4  defendants do not get to 'choose' against which claims they will defend. All of defendants' efforts
5  and fees in this case were incurred in the attempt to get the entire federal court case dismissed, and
6  defendants were in fact successful in getting the entire federal court case dismissed. In the analysis
7  of determining which fees might have been "excessive, redundant or otherwise unnecessary," it
8  should not matter that, as it turned out, the dismissal of only one of several causes of action resulted
9  in the entire complaint being dismissed from federal court. There was no discovery conducted yet in
10  the case and no case management conferences had been held. There was no activity other than to
11  analyze and pursue potential avenues for dismissal. Therefore, it is reasonable to assume that all the
12  fees that defendants submitted on the fee motions were reasonable, necessary and not redundant.
13  All of defendants' efforts to date have been aimed at getting the court to dismiss the entire federal
14  court action, and that happened.

15     Plaintiffs also complain that defendants do not "establish that the work performed was not
16  redundant, excessive or unnecessary," implying that defendants' motions should be denied because
17  of that. However, once defendants have submitted evidence of the hours worked on the case –
18  which defendants here have done – then "the party opposing the fee application has a burden of
19  rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the
20  hours charged or the facts asserted by the prevailing party in its submitted affidavits. [Citations
21  omitted.]" *Gates v. Deukmejian,* 987 F.2d 1392, at p. 1397-1398 (9th Cir. 1992). It is plaintiffs who
22  have submitted no evidence and have not met their burden on this motion, not defendants.

23     In the event the court decides to reduce or apportion the fee claims of defendants, and in
24  recognition that the court may conclude that not every single minute spent by defendants' attorneys
25  to date dealt specifically with writing, researching and arguing dismissal issues, defendants propose
26  a 15% "across-the-board reduction of the hours spent by counsel and staff in order to take into
27  account any time that was spent in 'an unnecessary, inefficient, or duplicative manner.'" *Fair*
28  *Housing Counsel of San Diego v. Peñasquitos Casablanca Owner's Association,* 523 F.Supp.2d
29  1164, at p. 1173 (S.D. Cal. 2007).

30  //

31  //

32

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S          14
FEES AND COSTS

**IV.**

**CONCLUSION**

This action was brought to enforce a contractual duty in the parties' lease agreement to return the security deposits without deduction for wear and tear. Irrespective of the answer to whether the action is "on a contract," so as to invoke Civil Code section 1717, the parties here agreed to fee recovery for the prevailing party in an action to enforce the terms of the lease agreement and defendants are thus entitled to recovery under Code of Civil Procedure section 1021. Although plaintiffs have also pled claims that reference a duty in tort or under statute, plaintiffs pled a breach by defendants of a term of the lease agreement pertaining to security deposits, and this action would have compelled defendants' compliance with it. By the court's dismissal of the case from federal court, defendants achieved "the greater relief" in the action and should be deemed the prevailing parties entitled to fees.

For all the foregoing reasons, the motion should be granted.

Respectfully Submitted,

Dated: February 19, 2008

                                        ALLMAN & NIELSEN, P. C.

                                        By: _____
                                            Sara B. Allman
                                            Attorneys for Defendant
                                            THOMAS J. TOMANEK

**REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1

## PROOF OF SERVICE

2

  I am a citizen of the United States and employed in Marin County, California. I am over the
3 age of eighteen years and not a party to the within action. My business address is 100 Larkspur
Landing Circle, Suite 212, Larkspur, California 94939-1743.

4

5   On this date I served the foregoing documents described as:

6  **REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS**

7
on the interested parties in the action by placing [] the original [X] a true copy thereof, enclosed in a
8 sealed envelope addressed as follows:

9  Christopher Brancart                    Attorney for Plaintiffs EDITH MACIAS,
   Elizabeth Brancart                      individually and on behalf of similarly
10 BRANCART & BRANCART                      situated individuals; HOTON DURAN;
   PO Box 686                              TIFFANY HUYNH; AURA MENDIETA;
11                                         WILLIAM LABOY; MIGUEL ACOSTA;
   Pescadero, CA  94060
12                                         CRUZ ACOSTA; CUAUHTEMOC TORAL;
                                           and TERESA VILLEGAS
13

14 John S. Blackman                        Attorneys for Defendant
   Farbstein & Blackman                    MARK GARIBALDI, individually and
15 411 Borel Ave #425                      doing business as THE GARIBALDI
16 San Mateo, CA 94402-3518                COMPANY

17
   Carl D. Ciochon                         Attorneys for Defendant
18 Wendel Rosen Black & Dean, LLP          MARK GARIBALDI, individually and
19 1111 Broadway, 24th Floor               doing business as THE GARIBALDI
   Oakland, CA 94607                       COMPANY
20

21 [X]    BY MAIL:  I deposited such envelope with postage thereon fully prepaid in the United
22        States Postal Service mailbox at Larkspur, California.

23 [ ]    BY PERSONAL SERVICE:  I delivered such envelope by hand to the addressee.

24 [ ]    BY FACSIMILE:  I sent such document via facsimile to the facsimile machine of the
25        addressee.

26 [ ]    BY EXPRESS MAIL:  I deposited such envelope in a mailbox regularly maintained by
          the United States Postal Service for receipt of Express Mail postage paid to be delivered
27        by Express Mail for overnight courier service to the addressee.

28 [ ]    BY OVERNIGHT DELIVERY:  I deposited the envelope, in an envelope designated by
29        the express service carrier, with delivery fees provided for, in a box regularly maintained
          by the express service carrier for overnight delivery.
30

31   I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct to the best of my knowledge.
32

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S              16          ALLMAN & NIELSEN, P.C.
FEES AND COSTS                                                     100 Larkspur Landing Circle, Suite 212
                                                                            Larkspur, CA 94939
                                                              Telephone: 415.461.2700 Facsimile: 415.461.2726

1   Executed on February 19, 2008, at Larkspur, California.

2

3

4                                   NOLI VILLA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

**REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S
FEES AND COSTS**

17

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726