**BRANCART & BRANCART**
ATTORNEYS AT LAW

*Christopher Brancart*        P.O. BOX 686                    *Telephone (650) 879-0141*
*Elizabeth Brancart*        PESCADERO, CA 94060              *Facsimile (650) 879-1103*
*Liza Cristol-Deman*                                          *www.brancart.com*

_____

**Street Address**
**8205 Pescadero Road**
**Loma Mar, California 94021**

March 3, 2008

<u>BY ECF</u>

Ms. Lili Harrell, Calendar Clerk to the
  Hon. Elizabeth D. Laporte
  United States Magistrate Judge
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: <u>Macias, et al. v. Tomanek, et al.</u>
    Case No. C-07-3437 JSW ELD
    Hearing: March 4, 2008 at 9:00 a.m.

Dear Ms. Harrell:

  Attached hereto please find two supplemental authorities in support of plaintiffs' opposition to defendants' motions for attorneys' fees to be heard tomorrow at 9:00 a.m. The authorities are:

  (1) *Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 905 (N.D. Cal.2005), and

  (2) *N.R. v. San Ramon Valley Unified School Dist.*, case no. C 05-0441 SI,
    2006 WL 11867682 (N.D. Cal. July 6, 2006).

These authorities respond to the argument raised in defendant Tomanek's reply brief at page 7, that it is not premature for the Court to award fees because they have prevailed in this action. (See Doc. 54.)

              Sincerely yours,

              /s/
              Elizabeth Brancart

cc: Sara Allman
   John Blackman
   Carl Ciochon

390 F.Supp.2d 903     Page 1
390 F.Supp.2d 903
**(Cite as: 390 F.Supp.2d 903)**

Idea Place Corp. v. Fried
N.D.Cal.,2005.

United States District Court,N.D. California.
IDEA PLACE CORPORATION, Plaintiff,
v.
Howard FRIED, et al., Defendants.
**No. C 04-4971 SBA.**

May 2, 2005.

**Background:** Defendants moved for award of attorney fees after dismissal of contract claim for lack of subject matter jurisdiction.

**Holding:** The District Court, Armstrong, J., held that defendants were not entitled to attorney fees.

Motion denied.

West Headnotes

**[1] Federal Civil Procedure 170A ⇐2728**

170A Federal Civil Procedure
   170AXIX Fees and Costs
      170Ak2726 Result of Litigation
         170Ak2728 k. Dismissal and Nonsuit. Most Cited Cases

**Federal Civil Procedure 170A ⇐2737.1**

170A Federal Civil Procedure
   170AXIX Fees and Costs
      170Ak2737 Attorneys' Fees
         170Ak2737.1 k. Result; Prevailing Parties; "American Rule". Most Cited Cases
A defendant is not a "prevailing party" and may not be awarded attorney fees and costs, when dismissal is mandated by a lack of subject matter jurisdiction. Fed.Rules Civ.Proc.Rule 54, 28 U.S.C.A.(d).

**[2] Federal Courts 170B ⇐30**

170B Federal Courts
   170BI Jurisdiction and Powers in General
      170BI(A) In General
         170Bk29 Objections to Jurisdiction, Determination and Waiver
            170Bk30 k. Power and Duty of Court. Most Cited Cases
District court's conclusion that subject matter jurisdiction was lacking expressly precluded the court from making any findings with respect to the merits of the underlying action.

**[3] Courts 106 ⇐97(1)**

106 Courts
   106II Establishment, Organization, and Procedure
      106II(G) Rules of Decision
         106k88 Previous Decisions as Controlling or as Precedents
            106k97 Decisions of United States Courts as Authority in State Courts
               106k97(1) k. In General. Most Cited Cases

**Federal Courts 170B ⇐29.1**

170B Federal Courts
   170BI Jurisdiction and Powers in General
      170BI(A) In General
         170Bk29 Objections to Jurisdiction, Determination and Waiver
            170Bk29.1 k. In General. Most Cited Cases
Dismissal of claim for lack of subject matter jurisdiction in federal court did not foreclose the possibility that plaintiff could pursue its contract claim in state court.

**[4] Federal Civil Procedure 170A ⇐2736**

170A Federal Civil Procedure
   170AXIX Fees and Costs
      170Ak2736 k. Particular Items. Most Cited Cases

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attorney fees are not "costs" that a party may recover when a complaint is dismissed for lack of subject matter jurisdiction. 28 U.S.C.A. §§ 1919, 1920.

**\*903** Roberta S. Hayashi, Peter H. Nohle, Pillsbury Winthrop Shaw Pittman LLP, Palo Alto, CA, for Plaintiff.

Ian K. Boyd, Harvey Siskind Jacobs LLP, San Francisco, CA, for Defendants.

### ORDER

ARMSTRONG, District Judge.

This matter comes before the Court on the Motion for Award of Attorney's Fees [Docket No. 40] of Defendants Howard Fried, Craig Sparer, and Idea Place Noodle Shop, Inc. (collectively, "Defendants"). Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution **\*904** without a hearing. The Court hereby DENIES Defendants' Motion for Award of Attorney's Fees.

### BACKGROUND

On November 23, 2004, Plaintiff Idea Place Corporation ("Plaintiff") filed a complaint in this Court against Defendants Howard Fried, Craig Sparer, and Idea Place Noodles Shop, Inc. (collectively, "Defendants"). The complaint alleged various claims for breach of contract, breach of the covenant of good faith and fair dealing, and intentional interference with contractual or economic relations. On December 13, 2004, Plaintiff moved for a preliminary injunction, seeking to compel Defendants Fried and Sparer to execute certain documentation pursuant to their alleged contractual obligations. On February 11, 2005, the Court dismissed the action due to lack of subject matter jurisdiction after finding that Plaintiff's complaint did not state a cause of action arising under federal law and did not require the resolution of a substantial question of federal law [Docket No. 39].

On February 25, 2005, Defendants filed the instant motion for an award of attorney's fees. Defendants contend that they are entitled to fees in the amount of $52,380 pursuant to California Code of Civil Procedure § 1717 because they were the "prevailing party" on Plaintiff's contract claim. On March 14, 2005, Plaintiff filed its opposition to Defendant's motion for an award of attorney's fees. Plaintiff opposes Defendants' motion on the grounds that Defendants are not "prevailing parties" in this action since the Court did not adjudicate Plaintiff's complaint on its merits but, instead, dismissed the action for lack of subject matter jurisdiction.

### ANALYSIS

[1] Ordinarily, under Federal Rule of Civil Procedure 54(d), when a final judgment has been entered in a case, the "prevailing party" may make a motion for attorney's fees and costs. Fed. R. Civ. Proc. 54(d). In the Ninth Circuit, however, a defendant is not considered a "prevailing party" when dismissal is mandated by a lack of subject matter jurisdiction. *Miles v. State of California,* 320 F.3d 986, 988 (9th Cir.2003) (analyzing the term "prevailing party" with respect to civil rights claims). Thus, fees and costs under Federal Rule of Civil Procedure 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction. *Id.*

Here, Defendants ignore the express holding of *Miles* and nevertheless contend that they are entitled to attorney's fees under *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) because California Code of Civil Procedure § 1717 provides for the recovery of attorney's fees relating to contract actions.[FN1] However, as Defendants concede, *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), only concerns the applicability of state laws pertaining to the award of attorney's fees in *diversity* actions. *Id.* The instant case is not a di-

versity case. More importantly, however, the *Alyeska* court did not address the precise question here, **\*905** which is whether a party may recover attorney's fees when a case has been dismissed for lack of subject matter jurisdiction. *Id.* Accordingly, Defendants' reliance on *Alyeska* is misplaced.

> FN1. California Code of Civil Procedure § 1717 provides that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract ... shall be entitled to reasonable attorney's fees." Cal.Code Civ. Proc. § 1717(a). Section 1717 further states that "[t]he court ... shall determine who is the party prevailing on the contract ... whether or not the suit proceeds to final judgment." Cal.Code Civ. Proc. § 1717(b)(1).

[2][3] Further, contrary to Defendants' assertions, Defendants were quite obviously not the prevailing party *on the contract*. Indeed, the Court's conclusion that subject matter jurisdiction was lacking expressly precluded the Court from making any findings with respect to the merits of the underlying action, including Plaintiff's breach of contract claim. Compare *Willis Corroon Corp. of Utah, Inc. v. United Capitol Ins. Co.,* 1998 WL 196472, 1998 U.S. Dist. LEXIS 5394 (N.D.Cal.1998) (granting motion to dismiss after reviewing the contract and determining that the filing of the complaint violated a 30-day "standstill" provision in the contract). Further, this Court's dismissal for lack of subject matter jurisdiction in *federal court* did not foreclose the possibility that Plaintiff could pursue its contract claims in *state court.* Thus, it remains to be seen which entity is the "prevailing party" on Plaintiff's contract action.

[4] Further, as Plaintiff correctly notes, Congress has specifically considered the costs that a party may recover when a complaint is dismissed for lack of subject matter jurisdiction and has expressly declined to include "attorney's fees" in the category of recoverable costs. *See* 28 U.S.C. §§ 1919 FN2 and 1920. Under 28 U.S.C. § 1920, only the following costs are potentially recoverable: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 2020.

> FN2. Section 1919 provides that "[w]henever any action or suit is dismissed ... for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919.

Defendants' reliance on *Correspondent Services Corp. v. JVW Investment, Ltd.,* 2004 WL 2181087, 2004 U.S. Dist. LEXIS 19341 (S.D.N.Y.2004) to establish that this Court has the discretion to award attorney's fees as "just costs" pursuant to 28 U.S.C. § 1919 is unpersuasive. First, *Correspondent Services* is a district court case from the Southern District of New York and therefore is not controlling authority. Its precedential value is particularly dubious in light of the fact that *Correspondent Services* appears to be in direct conflict with the Ninth Circuit's holding in *Miles.*FN3

> FN3. In fact, the other holding in *Correspondent Services*-that a district court has "inherent" discretion to consider an application for attorney's fees as a "collateral issue" even when jurisdiction is lacking-is utterly unsupported by any relevant authorities. Specifically, the *Correspondent Services* court does not cite to any other cases in which a district court used its "inherent discretion" to award attorney's fees. *Id.* at

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 2181087, *16, 2004 U.S. Dist. LEXIS 19341, *50. Instead, all of the cases cited by the *Correspondent Services* court concern a district court's discretion to award sanctions under Fed. R. Civ. Proc. 11. *Id.*

Moreover, the facts in *Correspondent Services* are not analogous to this case. Although the *Correspondent Services* court determined that it had the discretion to award attorney's fees under Section 1919-a position this Court does not agree with-the *Correspondent Services* court also noted that attorney's fees should not be awarded *unless* exceptional circumstances exist.[FN4] ***906**Id.* at 2004 WL 2181087, 15-16, 2004 U.S. Dist. LEXIS 19341, *48-50. The *Correspondent Services* court found that two factors warrant a finding of exceptional circumstances: (1) the financial burden of hardship suffered by the parties; and (2) the parties' conduct. *Id.* at 2004 WL 2181087, 16, 2004 U.S. Dist. LEXIS 19341, *49. The court concluded that these factors had been met for numerous reasons unique to the *Correspondent Services* litigation including that: (1) the case had been proceeding for approximately four years and the parties had endured six dispositive motions and an appeal to the Second Circuit; (2) there was evidence that one of the parties had pursued its claim in bad faith, knowing that subject matter did not exist; and (3) one of the parties had sustained a substantial financial burden due to its lack of access to funds that had been wrongfully attached. *Id.* at 2004 WL 2181087, *1-3, 16, 2004 U.S. Dist. LEXIS 19341, *1-15, 51. The *Correspondent Services* court also concluded that the assessment of fees and costs was appropriate because the court's conclusion that one of the party's had "wrongfully" attached another party's assets was "closely related to, and necessarily flow[ed] from the determination that subject matter jurisdiction [was] lacking." *Id.* at 2004 WL 2181087, *16, 2004 U.S. Dist. LEXIS 19341, *51. Specifically, the court's determination that the amount in controversy had not been established necessitated an evaluation of the value of the asset attached. *Id.* It is quite obvious from a review of the *Correspondent Services* lengthy and fact-specific opinion that none of the factors relevant to the *Correspondent Services* court's opinion is present here.

> FN4. Significantly, the district court's decision to award attorney's fees was not reviewed by-and thus not approved by-the Second Circuit on appeal. *Id.* at 2004 WL 2181087, *13-14, 2004 U.S. Dist. LEXIS 19341, *43.

Accordingly, Defendants have not established that they are entitled to an award of attorney's fees.

### CONCLUSION

IT IS HEREBY ORDERED THAT Defendant's Motion for an Award of Attorney's Fees [Docket No. 40] is DENIED.

IT IS SO ORDERED.

N.D.Cal.,2005.
Idea Place Corp. v. Fried
390 F.Supp.2d 903

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2006 WL 1867682 (N.D.Cal.)
**(Cite as: 2006 WL 1867682 (N.D.Cal.))**

C
Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
N.R., a minor, et al., Plaintiffs,
v.
SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT, et al., Defendants.
**No. C 05-0441 SI.**

July 5, 2006.

Eileen Matteucci, Attorney at Law, Fremont, CA, Roberta S. Savage, Attorney at Law, Davis, CA, for Plaintiffs.

Sue Ann Salmon-Evans, Miller Brown & Dannis, Long Beach, CA, Elizabeth Ann Estes, Elizabeth J. Rho-Ng, Miller Brown & Dannis, San Francisco, CA, for Defendants.

### ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

SUSAN ILLSTON, District Judge.

**\*1** Defendant San Ramon Valley Unified School District moves for an award of attorneys' fees in the sum of $133,157.50 pursuant to contractual terms contained in settlement agreements between plaintiffs and defendant. Having carefully considered parties' papers and supporting declarations, the Court hereby DENIES defendant's motion.

### BACKGROUND

On January 31, 2005, plaintiffs N.R., L.C., R.P., E.P., and N.B., all minors, filed a complaint against defendant San Ramon Valley Unified School District ("District"), and Does 1-20. The complaint alleged that each plaintiff was a student with one or more disabilities, and that they were receiving behavioral services from Synergistic Interventions ("SI"), a non-public agency certified by the State of California to provide intensive behavioral support services to special needs children in both home and school settings. Complaint at ¶ 18. Plaintiffs alleged that these services were being provided to each of the plaintiffs pursuant to either an Individual Education Program ("IEP") or a settlement agreement with the District, or both. *Id.*

Plaintiffs sought to prevent defendant from replacing SI with new behavioral services providers. The complaint alleged three causes of action: (1) declaratory relief under the Individuals with Disabilities Education Improvement Act ("IDEA") and the California Education Code; (2) injunctive relief under the IDEA and California Education Code §§ 56000 et seq.; and (3) breach of contract for alleged violations of settlement agreements between four of the five plaintiffs and defendant. *Id.* at ¶¶ 22-33.

On November 28, 2005, this Court dismissed plaintiffs' three causes of action without prejudice and denied their request for leave to amend. The Court dismissed the first and second causes of action, declaratory and injunctive relief under IDEA and the California Education Code, for lack of jurisdiction due to plaintiffs' failure to exhaust administrative remedies. *See* Docket No. 84, Order Granting Defendant's Motion for Judgment on the Pleadings ("Order") at 5:3-6. The Court dismissed plaintiffs' breach of contract claim for lack of subject matter jurisdiction. The Court rejected plaintiffs' contention that the 2004 IDEA amendments retroactively conferred federal jurisdiction over claims to enforce settlement agreements that resolve IDEA disputes. *Id.* at 6-7. The Court dismissed the breach of contract claim without prejudice. *Id.* at 7:7.

### DISCUSSION

Defendant requests an award of attorneys' fees in the amount of $133,157.50 pursuant to its settlement agreements with plaintiffs N.R., E.P., L.C., and N.B. Each of these settlement agreements provides that "[i]f either party brings an action to enforce this Agreement the prevailing party shall be entitled to reasonable attorneys' fees." Def's Motion, Ex. A-D. Relying on these settlement agree-

Case 3:07-cv-03437-JSW   Document 60   Filed 03/03/2008   Page 7 of 9

Not Reported in F.Supp.2d                                                                                                          Page 2
Not Reported in F.Supp.2d, 2006 WL 1867682 (N.D.Cal.)
**(Cite as: 2006 WL 1867682 (N.D.Cal.))**

ments and California Civil Code Section 1717, defendant argues it is entitled to attorneys' fees because plaintiffs' breach of contract claims were based upon alleged breaches of the settlement agreements, and defendant is the prevailing party in light of the Court's dismissal of the complaint without leave to amend.

**\*2** California Civil Code Section 1717 provides, in relevant part,

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, *then the party who is determined to be the party prevailing on the contract,* whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs....
>
> The court, upon notice and motion by a party, shall determine who is the party *prevailing on the contract* for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no prevailing party on the contract for purposes of this section.

Cal. Civ.Code § 1717(a), (b)(1) (emphasis added).
[FN1] In *Hsu v.. Abbara,* 9 Cal.4th 863 (1995), the California Supreme Court instructed:

> FN1. Section 1717(b)(2), which applies to voluntary dismissals or dismissals upon settlement, does not apply to this case.

> In deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions.

*Id.* at 876 (quotations and citations omitted). The Hsu court held that a trial court has discretion to deny fees under Section 1717 under certain circumstances, such as when the ostensibly prevailing party receives only part of the relief sought. *Id.* at 875. However, when a party secures a "simple, unqualified win" on the single contract claim contained in an action, as was the case in Hsu, [FN2] the trial court does not have discretion to find that there is no "prevailing party" under Section 1717. *Id.* at 876.

> FN2. In *Hsu,* the defendant property owners were sued for breach of a real estate sales contract by the prospective purchasers of the property. The trial court entered judgment in favor of the defendants after finding that no contract was ever formed between the parties. Without explanation, the trial court denied the defendants' request for attorneys' fees under Section 1717.

Here, although defendant is correct that it prevailed *in this action,* defendant did not prevail *on the contract claim.* The Court dismissed plaintiffs' breach of contract claim for lack of jurisdiction, and made no determination whatsoever as to the merits of that claim. Plaintiffs remain free, after this Court's decision, to pursue their breach of contract claims in state court. *See Idea Place Corp. v. Fried,* 390 F.Supp.2d 903, 905 (N.D.Cal.2005) (holding defendant not entitled to fees under Section 1717 because court dismissed breach of contract case for lack of subject matter jurisdiction). The cases cited by defendant are distinguishable because they involve situations where a party specifically prevailed on a contract claim. *See, e.g., Diamond v. John Martin Co.,* 753 F.2d 1465, 1467 (9th Cir.1985) (court held no contract formed); *Hsu,* 9 Cal.4th at 876 (trial court held no contract formed between parties); *Pacific Custom Tools, Inc. v. Turner Constr.,* 79 Cal.App. 4th 1254, 1273 (2000) (summary

Case 3:07-cv-03437-JSW    Document 60    Filed 03/03/2008    Page 8 of 9

Not Reported in F.Supp.2d                                                                                                   Page 3
Not Reported in F.Supp.2d, 2006 WL 1867682 (N.D.Cal.)
**(Cite as: 2006 WL 1867682 (N.D.Cal.))**

judgment granted in favor of defendant on plaintiff's breach of contract claim).

**\*3** The Court is also not persuaded that *Elms v. Builders Disbursements, Inc.,* 232 Cal.App.3d 671 (1991), and *Winick, Inc. v. Safeco Insurance Co.,* 187 Cal.App.3d 1502 (1986), compel a contrary result. In *Elms,* a defendant was awarded fees under Section 1717 after a court dismissed the case for failure to bring it to trial within five years. The *Elms* court found that the defendant had prevailed on the contract claim because it had obtained all the relief it requested and had "plaintiff's claim thrown out completely." 232 Cal.App.3d at 674. Similarly, in *Winick* the court awarded a defendant fees under a statute similar to Section 1717 after it obtained a dismissal with prejudice based upon the plaintiff's failure to serve and return the summons within three years. The *Winick* court noted that a dismissal with prejudice operates like a final judgment, and that accordingly the defendant had achieved a "total" victory. 187 Cal.App.3d at 1508.

Here, unlike *Elms* or *Winick,* the Court's dismissal of plaintiffs' breach of contract claim was without prejudice. Thus, although defendant "prevailed" in the sense that it obtained a dismissal of that claim, defendant's victory is not a complete one because plaintiffs may pursue that claim in state court.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court exercises its discretion and DENIES defendant's motion. (Docket No. 88). The Court GRANTS defendant's motion to strike portions of plaintiffs' supplemental opposition, and accordingly STRIKES Section I and II of that brief as beyond the scope of the supplemental briefing. (Docket No. 126).

**IT IS SO ORDERED.**

Not Reported in F.Supp.2d, 2006 WL 1867682 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

## PROOF OF SERVICE

I am over the age of 18 and am not a party to the within action. My business address is 8205 Pescadero Road, Loma Mar, California 94021.

On March 3, 2008, I served a true and correct copy of the following document(s):

**TRANSCRIPT DESIGNATION AND ORDERING FORM**

upon the following person(s):

Ms. Sara Allman, Allman & Nielsen, 100 Larkspur Landing Circle, Suite 212 Larkspur, CA 94939;

Mr. John S. Blackman, Farbstein & Blackman, 411 Borel Ave., Suite 425, San Mateo, CA 94402; and

Mr. Carl D. Ciochon, Wendel Rosen Black & Dean, LLP, P. O. Box 2047 Oakland, CA 94604-2047

|    |    |
|----|----|
|    | **BY HAND DELIVERY**: By causing such document(s) to be delivered by hand to the above person(s) at the address(es) set forth above. |
|    | **BY MAIL**: By placing a copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Loma Mar, California, addressed as set forth above. |
|    | **BY THIRD-PARTY COMMERCIAL CARRIER (OVERNIGHT DELIVERY)**: By delivering a copy thereof to a third-party commercial carrier, addressed as set forth above, for delivery on the next business day. |
|    | **BY FACSIMILE**: By transmitting the above document(s) to the facsimile number(s) of the addressee(s) designated above. |
| xx | **BY ELECTRONIC TRANSMISSION OF THE "NOTICE OF ELECTRONIC FILING:"** By electronically filing the document(s) (All counsel are "Filing Users") |

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 3, 2008, at Loma Mar, California.

/s/
Elizabeth Brancart