IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH MACIAS, et al., | No. C-07-03437 JSW (EDL) |
| Plaintiffs, | **REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES** |
| v. | |
| THOMAS J. TOMANEK, et al., | |
| Defendants. | |

Plaintiffs are former residential tenants of a large apartment complex in Fremont who entered into lease agreements with Defendant Thomas Tomanek (the property owner) and Defendant Garibaldi Company (the property manager). Plaintiffs alleged that Defendant Garibaldi committed mail fraud in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., by making false representations in connection with obtaining and retaining the tenants' security deposits and demanding payments for ordinary wear and tear when tenants moved out despite California law and the leases' provisions to the contrary. First Am. Compl. ¶ 1. The remainder of the claims against Garibaldi and all of the claims against Tomanek arose under California law.

On January 8, 2008, Judge White granted Defendants' Motions to Dismiss with prejudice, holding that Plaintiffs failed to state a claim for a RICO violation because Plaintiffs failed to allege mail fraud as the alleged mailings occurred after Defendant had already fraudulently obtained the security deposits, and Plaintiffs were not injured by the mailings documenting the withholding of the security deposits. See Jan. 8, 2008 Order (docket number 35). Having dismissed the sole federal claim, Judge White declined to exercise supplemental jurisdiction over the state law claims. Shortly

thereafter, Tomanek brought a motion in which Garibaldi joined seeking an award of fees under a provision of the lease agreements authorizing fees to the prevailing party in an action to enforce the terms of the lease. That motion was referred to this Judge for a report and recommendation pursuant to Civil Local Rule 72-1. The Court held a hearing on March 4, 2008 and now issues the following Report and Recommendation.

Defendants argue that California Civil Code section 1717 entitles them to fees as the prevailing party:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). Section 1717, however, only applies to actions "on a contract" and not to tort claims. See Santisas v. Goodin, 17 Cal.4th 599, 615 (1998) ("If an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims."); see also Exxess Electronix v. Heger Realty Co., 64 Cal.App.4th 698, 708 (1998) ("Civil Code section 1717 does not apply to tort claims; it determines which party, if any, is entitled to attorneys' fees on a contract claim only. [citations omitted]. As to tort claims, the question of whether to award attorneys' fees turns on the language of the contractual attorneys' fees provision, i.e., whether the party seeking fees had 'prevailed' within the meaning of the provision and whether the type of claim is within the scope of the provision. [citation omitted]. This distinction between contract and tort claims flows from the fact that a tort claim is not 'on a contract' and is therefore outside the ambit of section 1717."). Santisas makes clear that the statutory provision governing actions "on a contract" must be narrowly interpreted; a tort claim is not "on a contract" simply because it involves a contract. See Santisas, 17 Cal.4th at 615; see also Restatement (Second) of Torts § 530 cmt. 1(c) (stating that a tort action for fraud arising out of a contract will lie whether or not the underlying contract is enforceable). Here, although the RICO claim involved a contract, it sounded in fraud, not in contract. Therefore, the RICO claim is not "on a contract" for purposes of section 1717.

Although In re Baroff, 105 F.3d 439 (9th Cir. 1997) viewed California caselaw at the time as

2

supporting the application of section 1717 to claims that merely involved a contract, the Ninth Circuit did not have the benefit of the definitive clarification of California law provided by the California Supreme Court in Santisas one year later.  See In re Davison, 289 B.A.P. 716, 724 (9th Cir. BAP 2003) (declining to follow the holding in In re Baroff, 105 F.3d 439 (9th Cir. 1997) that "California courts liberally construe "on a contract" to extend to any action "[a]s long as an action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit . . . .;" because "Santisas was decided after Baroff, we will follow its holding and narrowly apply CCC § 1717 and approve attorney's fees only if the action involves a contract claim. [citation omitted].").  In any case, Baroff is distinguishable because the bankruptcy court there had to determine the validity of a settlement agreement in order to determine dischargeability.  Here, the district court dismissed Plaintiffs' RICO claim without reaching the state law claims, much less deciding the interpretation or validity of the lease agreements.

　　　　Furthermore, in declining to exercise supplemental jurisdiction over the state law claims, including the only one sounding in contract (for breach of the covenant of good faith and fair dealing), the district court expressly observed: "The Court notes that Plaintiffs are not without a potential remedy in state court." Jan. 8, 2008 Order at 6:8-9.  As Judge White anticipated, Plaintiffs have re-filed their breach of contract and tort claims in state court.  Accordingly, Defendants are not the prevailing parties on a contract claim under section 1717.  See Idea Place Corp. v. Fried, 390 F.Supp.2d 903, 905 (N.D. Cal. 2005) ("Further, this Court's dismissal for lack of subject matter jurisdiction in federal court did not foreclose the possibility that Plaintiff could pursue its contract claims in state court.  Thus, it remains to be seen which entity is the 'prevailing party' on Plaintiff's contract action."); N.R. v. San Ramon Valley Unified School Dist., 2006 WL 1867682 (N.D. Cal. July 6, 2006) ("The Court dismissed plaintiffs' breach of contract claim for lack of jurisdiction, and made no determination whatsoever as to the merits of the claim.  Plaintiffs remain free, after this Court's decision, to pursue their breach of contract claims in state court . . . .  Thus, although defendant 'prevailed' in the sense that it obtained a dismissal of that claim, defendant's victory is not a complete one because plaintiffs may pursue that claim in state court."); cf. Fairchild v. Park, 90

3

Cal.App.4th 919, 925-26 (2001) (fees recoverable under section 1717 as tenants' claims sounded in contract because they were based on the breach of the warranty of habitability that is contained in every lease, and where the lease provided for attorneys' fees "in any action . . . for the breach of any of the covenants contained in this lease . . . .").

Because Plaintiff's RICO claim is not "on a contract" under section 1717, the Court must look to the specific language of the fee provision in the leases to determine whether fees are recoverable for the RICO claim. See Cal. Code Civ. Proc. § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."); Xuereb v. Marcus & Millichap, 3 Cal.App.4th 1338, 1341 (1992) (Section 1021 is not limited to contract actions; the parties may validly contract regarding fees). The fee provision in Plaintiffs' lease agreements stated:

> Tenant acknowledges that if any legal action or proceeding to enforce the terms of this agreement is necessary, the prevailing party is entitled to recovery of a reasonable attorney fee and costs of such action in addition to all other amounts owed, to the extent authorized by state law.

Allman Decl. Ex. A at 2. This provision narrowly confines fee awards to actions brought to enforce the terms of the agreement.

While at first blush, Plaintiffs' RICO claim might appear to be brought to enforce the agreement insofar as it would impose statutory liability on Defendants for acting contrary to the lease provision regarding ordinary wear and tear, under the applicable caselaw such a claim does not come within this narrow fee provision. "Where a contract authorizes an award of attorney fees in an action to enforce any provision of the contract, tort claims are not covered . . . . The language 'brings an action to enforce the contract' is quite narrow." Gil v. Mansano, 121 Cal.App.4th 739, 743 (2004).    Defendants' reliance on Chang v. Chen, 95 F.3d 27 (9th Cir. 1996) in support of fees is misplaced; to the contrary, Chang supports a denial of fees here. The contractual fees provision at issue in Chang was much broader than here:

> [i]n the event legal action is instituted by the Broker(s), or any party to this agreement, to enforce the terms of this agreement, or *arising out of the execution of this agreement or the sale*, or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by

4

the court in which such action is sought.

Chang, 95 F.3d at 28 (alteration in original).  The court held that: "The 'arising out of' language . . . is broad enough to encompass both contract and tort claims."  Id. at 28.  Nonetheless, the court denied fees to the defendant for successfully defending against the RICO claims:

> Here, the RICO action did not arise out of any one of the individual contracts. Rather, RICO's pattern requirement could be satisfied only because there were three land transactions. Although each of the three land sale contracts contained a provision permitting the prevailing party to recover attorneys' fees, no plaintiff signed all three contracts. Each plaintiff signed only one contract. Because each contract permitted an award of attorneys' fees only if the action arose out of the land transaction relating to that contract, and because the alleged RICO pattern did not result from any one contract, we deny Prevailing Defendants' motions for attorneys' fees.

Chang, 95 F.3d at 29.  Similarly, here, Plaintiffs' RICO action was predicated on a pattern of various individual tenants (and co-tenants) each giving Defendants security deposits and subsequently receiving a series of individual fraudulent mailings.  See First Am. Compl. ¶ 71.  As in Chang, no one tenant signed the multiple leases or received the multiple mailings alleged to constitute a pattern of racketeering activity through mail fraud.

The reasoning in Stitt v. Williams, 919 F.2d 516, 520, 529-30 (9th Cir. 1990) is also instructive.  As here, the contractual fee provision in Stitt stated: "In the event any litigation is commenced to enforce this agreement, the parties hereto agree that the prevailing party in such litigation shall be entitled to reasonable attorney's fees and other costs and expenses, to be fixed by the court as part of the costs of said action, whether such litigation proceeds to judgment or not."  In denying fees under this provision in a case involving RICO (and only authorizing fees under a different, much broader provision for any action in any way pertaining to the partnership agreement), the Ninth Circuit held that:

> Appellees cannot recover attorneys' fees or costs under this provision because appellants brought this action not to "enforce" the limited partnership agreements but rather to collect damages based on the allegedly fraudulent conduct of Dale in connection with the partnerships' formation and operation or, alternatively, to rescind or reform the partnership agreements.

Stitt, 919 F.2d at 529-30.

Accordingly, the Court recommends denying Defendants' Motion to be Declared Prevailing Parties and for an Award of Attorneys' Fees.  Any party may serve and file specific written

5

objections to this recommendation within ten (10) business days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: March 11, 2008

*Elijah D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge