Sara B. Allman, Esq., CSB #107932
Paul A. Conroy, Esq., CSB #84527
■ ALLMAN & NIELSEN ■
A Professional Corporation
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone:  (415) 461-2700
Facsimile:  (415) 461-2726

Attorneys for Defendant
THOMAS J. TOMANEK

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA: WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS, KAPIKA SALAMBUE and MARINA DURAN<br><br>Plaintiffs,<br><br>vs.<br><br>THOMAS J. TOMANEK; and MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY,<br><br>Defendants. | Case No.: C07 3437 JSW<br><br>**NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION; OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES; TRANSCRIPT OF MARCH 4, 2008 HEARING**<br><br>JUDGE:  Hon. Jeffrey S. White |

**NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION; OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES; TRANSCRIPT OF MARCH 4, 2008 HEARING**

1

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

# TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES** ............................................................1

    I. BACKGROUND ........................................................................................................1

    II. STATEMENT OF THE RELIEF REQUESTED ....................................................3

    III. LEGAL STANDARD ...............................................................................................3

    IV. OBJECTIONS TO REPORT AND RECOMMENDATION.....................................4

        OBJECTION NO. 1............................................................................................4

        OBJECTION NO. 2............................................................................................6

        OBJECTION NO. 3............................................................................................7

        OBJECTION NO. 4..........................................................................................10

        OBJECTION NO. 5..........................................................................................13

        OBJECTION NO. 6..........................................................................................14

        OBJECTION NO. 7..........................................................................................15

        OBJECTION NO. 8..........................................................................................15

        OBJECTION NO. 9..........................................................................................17

        OBJECTION NO. 10........................................................................................18

        OBJECTION NO. 11........................................................................................18

    V. CONCLUSION .......................................................................................................19

**TRANSCRIPT OF PROCEEDINGS** .................................................................................. 22

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

i

ALTMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

# TABLE OF AUTHORITIES

## Cases

*Akins v. Enterprise Rent-A-Car Company* (2000) 79 Cal.App.4th 1127 ...........................................6

*Anderson v. Melwani* 179 F.3d 763 (9th Cir. 1999)............................................................................14

*Arthur L. Sachs v. City of Oceanside* (1984) 151 Cal.App.3d 315 ....................................................8

*Bank of Maui v. Estate Analysis, Inc.* 904 F.2d 470, 472 (9th Cir. 1989)........................................11

*Bhan v. NME Hospitals, Inc.* 929 F.2d 1404, 1414 (9th Cir. 1991)....................................................3

*California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.* (2002) 96 Cal.App.4th 598 ..................11

*Chang v. Chen*, 95 F.3d 27 (9th Cir. 1996)...................................................................................8, 17

*Fairchild v. Park* (2001) 90 Cal.App.4th 919 ..............................................................................8, 16

*Gil v. Mansano* (2004) 121 Cal.App.4th 739, 743 ...........................................................................16

*Hsu v. Abarra* (1995) 9 Cal.4th 863................................................................................................15

*In re Baroff*, 105 F.3d 439 (9th Cir. 1997)...............................................................................10, 12

*In re Davison*, 289 B.A.P. 716, 724 (9th Cir. BAP 2003)................................................................10

*In re Fobian*, 951 F. 2d 1149 (C.A.9 1991) .....................................................................................11

*Mitchell Land v. Ferrantelli* (2007) 158 Cal.App.4th 479 ...............................................................11

*Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796 ............................14

*Perry v. Robertson* (1988) 201 Cal.App.3d 333 ................................................................................9

*Plott v. York* (1939) 33 Cal.App.2d 460 ..........................................................................................14

*Santisas v. Goodin* (1998) 17 Cal.4th 599 ...............................................................................passim

*Stitt v. Williams*, 919 F.2d 516 (9th Cir. 1990) ...............................................................................18

*Travelers Casualty and Surety Co. of America v. Pacific Gas & Electric* ___U.S.___ (2007), 127 S. Ct. 1199, 167 L.Ed.2d 178................................................................................................11

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

ii

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

*United States v. Rosenthal*, 454 F.3d 943, 948, (9th Cir. 2006) .................................................... 13

*Walters v. Marler* (1978) 83 Cal.App.3d 1, 27 .......................................................................... 9

**Statutes**

28 U.S.C. § 636 (b)(1) ...................................................................................................................... 3

28 U.S.C. § 636 (b)(1)(B) ................................................................................................................ 3

28 U.S.C. § 636 (b)(1)(C) ................................................................................................................ 3

Civil Code Section 1717 ....................................................................................................... 4, 5, 9, 10

Code of Civil Procedure Section 1021 .......................................................................................... 16

Code of Civil Procedure Section 2330 .......................................................................................... 14

Rest.2d Agency, Section 1440 ........................................................................................................ 14

**Rules**

Civil Local Rule 72-3 ....................................................................................................................... 3

Federal Rule of Civil Procedure 72(b) ........................................................................................... 3

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

iii

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN to plaintiffs EDITH MACIAS, individually and on behalf of similarly situated individuals: HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; TERESA VILLEGAS, KAPIKA SALAMBUE and MARINA DURAN ("Plaintiffs") and to their attorneys of record that defendant Thomas J. Tomanek ("Tomanek") will, and hereby does, object to the Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Laporte to deny his Motion to be declared the prevailing party and for an award of reasonable attorneys' fees and costs and further will, and hereby does, move this Court for a de novo determination of said motion. This Notice of motion and motion are based upon the Memorandum of Points and Authorities in Support, the Objections to the Report and Recommendation, and the Transcript of Proceedings, all of which are served and filed herewith, the Motion for Expansion of Record filed concurrently herewith, and the complete records and file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

Plaintiffs are former tenants of the Rancho Sol and Rancho Luna apartment complex in Fremont, California, who brought suit in federal court, claiming that defendants charged their security deposits improperly for wear and tear when they vacated their units (Doc. 35, p. 1). Paragraph 5a, a term of the tenants' written lease agreements, requires that amounts for wear and tear not be charged to the tenants' security deposits when they vacate (Doc. 38, p. 7). Plaintiffs alleged a RICO violation based on mail fraud, as well as additional claims based on

NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION; OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES; TRANSCRIPT OF MARCH 4, 2008 HEARING                1                ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1   state law. (Doc. 19)

2       Plaintiffs alleged that defendant Garibaldi ("Garibaldi"), as agent for the owner,

3   Tomanek, committed mail fraud by mailing statements to the tenants after they vacated which

4   showed charges to the security deposits for wear and tear (Doc. 19). The alleged fraudulent

5   scheme was premised both on alleged misrepresentations made in the lease agreements to

6   induce the tenants to part with their security deposits and the mailing of closing statements to

7   them after they vacated (Doc. 19, e.g. ¶ 71).

8       On January 8, 2008, this court granted defendants' motions to dismiss with prejudice,

9   finding that plaintiffs failed to state a RICO claim because the alleged scheme had already

10   reached fruition by the time of the mailings, the mailings did not contribute to the scheme, and

11   the mailings were not the cause of plaintiffs' alleged injuries. This court declined to exercise

12   supplemental jurisdiction over the state law claims and dismissed the complaint in its entirety.

13   Accordingly, the court also dismissed the complaint against Tomanek for lack of subject matter

14   jurisdiction (Doc. 35).

15

16       On January 22, 2008, Tomanek filed a motion to be declared the prevailing party and

17   for an award of reasonable attorney's fees and costs, in which Garibaldi joined ("fee motion")

18   (Doc. 37). The fee motion was based on paragraph 23 of the written lease agreements.

19   Paragraph 23 provides for "a reasonable attorney fee and costs" to the prevailing party in "any

20   legal actions or proceedings to enforce the terms" of the lease (Doc. 38, p. 8). The motions

21   were referred randomly to Magistrate Judge Elizabeth Laporte, who held a hearing on March 4,

22   2008 and who issued the R&R to deny the motions on March 11, 2008 (Docs. 43 and 62).

23

24

25   **NOTICE OF MOTION AND MOTION FOR DE**         2         ALLMAN & NIELSEN, P.C.
   **NOVO DETERMINATION; OBJECTIONS TO**                    100 Larkspur Landing Circle, Suite 212
   **REPORT AND RECOMMENDATION TO DENY**                   Larkspur, CA 94939
   **DEFENDANTS' MOTION TO BE DECLARED**          Telephone: 415.461.2700 Facsimile: 415.461.2726
   **PREVAILING PARTIES AND FOR AN AWARD**
   **OF ATTORNEYS' FEES; TRANSCRIPT OF**
   **MARCH 4, 2008 HEARING**

## II. STATEMENT OF THE RELIEF REQUESTED

Tomanek now brings the within motion for a de novo determination and submits herewith objections to the R&R. Tomanek requests that the court sustain the objections to the R&R, reject the R&R, and grant the fee motion.[1]

## III. LEGAL STANDARD

A district court judge may "designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636 (b)(1)(B) (2005). Within ten business days of being served with a copy of the magistrate judge's proposed findings and recommendations, any party may serve and file written objections as provided by the rules of court. 28 U.S.C. § 636 (b)(1)(C). A district court judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. 28 U.S.C. § 636 (b)(1); *Bhan v. NME Hospitals, Inc.* 929 F.2d 1404, 1414 (9th Cir. 1991). The district court judge may accept, reject, or modify, in whole or in part the magistrate judge's findings and recommendations. Federal Rule of Civil Procedure 72(b) is similar to 28 U.S.C. § 636(b) (1) (C), and requires the district judge to whom the case is assigned to make a de novo determination of those portions of the report, findings, or recommendations to which timely objection is made.

Concurrently, Civil Local Rule 72-3 states that any objection filed pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(B) must be accompanied by a motion for de novo determination, specifically identifying the portions of the magistrate judge's

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

3

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

findings, recommendation, or report to which objection is made and the reasons and authority supporting the objection.

## IV.OBJECTIONS TO REPORT AND RECOMMENDATION

### OBJECTION NO. 1

Defendant THOMAS J. TOMANEK objects to the conclusion that "Section 1717, however, only applies to actions 'on a contract' and not to tort claims." (Doc. 62, R&R, 2:11-12)

**REASON**: The statement of law taken from *Santisas v. Goodin* (1998) 17 Cal.4th 599 is accurate but is overbroad in the context of the issues presented here. *Santisas* specified that, if there is *any* claim *sounding in contract*, Civil Code Section 1717 applies to that claim. Where the contract and tort claims are intertwined, fees are awardable as to all claims under section 1717.

**AUTHORITY**: *Santisas* concerned a voluntary pretrial dismissal. The California Supreme Court held that, where there has been a voluntary pretrial dismissal, a party cannot recover fees for contract claims under Section 1717 but is not precluded from recovering fees for non-contract claims, depending on the terms of the fee provision. (*Santisas*, at page 602) The *Santisas* court observed that, considering only the rules of contract law, the defendants there were the prevailing parties because they succeeded in preventing plaintiffs from obtaining the relief requested in the complaint. (*Santisas*, at page 609) The court concluded, however, that section 1717 did not apply, because (as defined by the statute) the defendant was not the prevailing party due only to the voluntary pretrial dismissal. (*Santisas*, at page 615)

---

[1] Tomanek requests leave to supplement its claimed fees and costs if the motion is granted.

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

4

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

The Court of Appeal majority had concluded below that a cause of action entitled "Breach of Contract," was a mislabeled tort cause of action and thus that the entire complaint was outside the ambit of section 1717. (*Santisas*, at page 614) The California Supreme Court noted that Section 1717 applies "only to actions that contain at least one contract claim." (*Santisas,* at page 615) The *Santisas* court looked at the allegations of the "mislabeled" cause of action and found that the allegations for failure to perform under the contract sounded in contract. The *Santisas* court observed:

> "Under that claim, the alleged breach did not consist of a 'failure to disclose certain defects in the property,' as the Court of Appeal majority asserted… the complaint alleged a breach of contract consisting of the seller defendants' failure to perform repairs and other remedial work required by the contract in connection with the sale. This claim ***sounds in contract***, not tort, and therefore is an 'action on a contract' within the meaning of section 1717. [Emphasis added]

> Because plaintiffs' complaint includes a claim for breach of contract within the scope of section 1717, we must look to section 1717 to determine whether the seller defendants are 'part[ies] prevailing on the contract' who may recover attorney fees…" (*Santisas*, at page 615)

Thus, the California Supreme Court concluded in *Santisas* that, due to the existence of a claim sounding in contract, there was an "action on a contract." Thus, a "contract claim" is one *sounding in contract*, irrespective of its label.

Here, plaintiffs alleged a failure to perform under the lease agreement which provided in paragraph 5a that charges for ordinary wear and tear would not be deducted from the security deposits. This was alleged throughout the first amended complaint ("FAC") and very specifically in the fifth claim entitled "Breach of the Covenant of Good Faith and Fair Dealing." (Doc. 19) Because there are claims sounding in contract here, and no voluntary

NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION; OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES; TRANSCRIPT OF MARCH 4, 2008 HEARING

5

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1    dismissal of any of the claims, under the authority of *Santisas*, section 1717 applies.

2        Where claims whose coverage by a fee provision is disputed involve issues in common

3    with those whose coverage is not, or are "so interrelated that it would have been impossible to

4    separate them," no apportionment is required. *Yield Dynamics, Inc. v. Tea Systems Corporation*

5    (2007) 154 Cal.App.4[th] 547, at p. 581; *Akins v. Enterprise Rent-A-Car Company* (2000) 79

6    Cal.App.4th 1127, at p. 1133. All the claims here were premised on the same set of facts and

7    the alleged failure to refund the tenants' full security deposits as was promised in the lease

8    agreements, and defendants were successful in achieving their dismissal from federal court.

9    There should be no apportionment under the circumstances.

10

11    **OBJECTION NO. 2**

12        Defendant THOMAS J. TOMANEK objects to the conclusion that "*Santisas* makes

13    clear that the statutory provision governing actions 'on a contract' must be narrowly

14    interpreted; a tort claim is not 'on a contract' simply because it involves a contract." (Doc. 62,

15    R&R, 2:21-25)

16        **REASON**: *Santisas* did not clarify or hold that the phrase "on a contract" must be

17    narrowly interpreted or that a tort claim is not "on a contract" simply because it involves a

18    contract. Rather, the *Santisas* court concluded that a cause of action that the Court of Appeal

19    majority had characterized as a tort actually sounded in contract. (*Santisas*, at page 615) The

20    effect of the *Santisas* court's conclusion was to give a broader, not narrower, interpretation to

21    the phrase "on a contract."

22

23        **AUTHORITY**: The R&R cites *Santisas*, at page 615, in support of the above

24    conclusion. Nowhere on that page of the decision, or elsewhere for that matter, does the

25

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

6

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

California Supreme Court clarify or discuss a necessity to narrowly interpret the phrase "on a contract." The *Santisas* decision commented that, in prior decisions, the California Supreme Court "has held that section 1717 applies only to actions that contain at least one contract claim." (*Santisas*, at page 615) It did not note any conflict in the lower courts regarding the proper interpretation of the phrase "on a contract" or a need to make a clarification. The *Santisas* court concluded that a cause of action that the Court of Appeal majority had characterized below as one for failure to disclose defects (a tort) actually sounded in contract. (*Santisas*, at page 615) This was so because the plaintiffs had, as they do here, alleged failures of the defendants to perform as required by the contract between the parties.

**OBJECTION NO. 3**

Defendant THOMAS J. TOMANEK objects to the conclusion that "the RICO Claim is not 'on a contract' for purposes of section 1717." (Doc. 62, R&R, 2:25-27)

**REASON:** The action is "on a contract" because plaintiffs pled that defendants were bound by the lease agreement to return their security deposits without deduction for wear and tear and then plaintiffs used that contractual obligation as a factual predicate for *all* their claims. (e.g., Doc. 19, FAC, par. 17, 5:18-22) *"Under the terms of the agreement, the Garibaldi Company agreed to return the $1,700 security deposit by mail within three weeks of the tenants' vacating the unit, less any charges for damage to the premises…not including charges for reasonable wear and tear."*

Specifically, with respect to the RICO claim, the alleged misrepresentation that formed the basis for the "fraudulent scheme" was actually the promise regarding the security deposit in paragraph 5a, an express term of the lease agreement. (See e.g. Doc. 19, FAC, paragraphs 18

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

and 19, 5:23-28; 6:1-3) "*[Plaintiffs] reasonably relied on The Garibaldi Company to abide by the terms of its representations in the lease agreement...not to charge them for reasonable wear and tear to the unit...The representation of The Garibaldi Company in the lease agreement that it would not charge [plaintiffs] for reasonable wear and tear to the unit was false....*"

**AUTHORITY**: The law requires that the court look beyond titles and captions to determine the nature of the action. *Arthur L. Sachs v. City of Oceanside* (1984) 151 Cal.App.3d 315, 322. The R&R looked to only the RICO claim to determine if the action was "on a contract."[2] The FAC alleges that it was a false representation (promise) *in the lease agreement* that was the basis of the "fraudulent scheme" underlying the RICO claim. (See e.g. Doc. 19, FAC, ¶ 71, 18:4-17) The breach of the promise in the lease agreement regarding the security deposit is thus one of the predicate acts plaintiffs alleged to try to plead the RICO claim. Accordingly, the FAC alleged that the misrepresentations in the written lease agreement induced plaintiffs to give up their security deposits and were part of the scheme to charge them for wear and tear. (See e.g. Doc. 19, FAC, ¶ 71a, 18:6-17) A defendant may recover fees on a RICO claim where there is a contractual fee provision that allows it. *Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996) Even assuming the claims are based on more than one theory—contract, statutory or tort—the prevailing party is still entitled to attorney's fees on the contract theory. *Fairchild v. Park* (2001) 90 Cal.App.4th 919, 925.

---

[2] The proper analysis required a consideration of all claims in the pleading. The "action" included state law claims that could not otherwise be brought on their own in federal court, including the fifth claim for relief denominated Breach of the Implied Covenant of Good Faith and Fair Dealing---indisputably a "contract" claim.

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

8

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

In *Perry v. Robertson* (1988) 201 Cal.App.3d 333, 344, the court held that an action for negligent failure to perform a contractual duty was an action on a contract for purposes of Civil Code section 1717. In *Perry*, supra at pp. 342-343, the court noted that decisions that had denied fees under section 1717 involved a pre-contractual duty—not an obligation undertaken by the contract itself. The *Perry* court commented, at page 344, as follows:

> Defendants principally rely upon inapposite authority to support their position. They cite various cases that have denied an attorney's fees award under Civil Code section 1717 where the prevailing party has recovered on a legal theory of fraud in the inducement of a contract. (See e.g. *Stout v. Turney* (1978) 22 Cal.3d 718, 721-722, 730, 150 Cal.Rptr. 637; *Walters v. Marler* (1978) 83 Cal.App.3d 1, 27-28, 147 Cal.Rptr. 655; *McKenzie v. Kaiser-Aetna* (1976) 55 Cal.App.3d 84, 127 Cal.Rptr. 275.) ...An action premised on fraud in the inducement seeks to avoid the contract rather than to enforce it; the essential claim is "I would not have entered into this contract had I known the truth." The duty not to commit such fraud is precontractual, it is not an obligation undertaken by the entry into the contractual relationship. [Emphasis added]

Here, plaintiffs did not allege that they would not have entered into the lease agreement had they known the "truth." Rather, they alleged that they entered into the lease agreement and were induced to tender their security deposits based on false promises *in* the lease agreement to return their security deposits without deductions for wear and tear, a duty expressed in paragraph 5a. This was clearly a duty "undertaken by entry into the contractual relationship." In *Exxess Electronixx v. Heger Realty Co.* (1998) 64 Cal.App.4th 698, the court affirmed denial of the defendant broker's fee motion. In doing so, however, the court found it significant that "...the lease did not describe any of defendant's obligations or duties." At page 711, the court in *Exxess* noted:

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

Third, Exxess's tort claims are premised on a duty—specifically, a duty to disclose defects in the premises—*that was not created by the lease*. As stated, the lease did not set forth any obligations or duties of Heger Realty. It is well settled that while a contract action protects a party's interest in having promises performed, "[a] tort action ... redresses the breach of the general duty to society which the law imposes without regard to the substance of the contractual obligation." (Citations omitted) (Emphasis added)

To the contrary here, the obligation and duty that is at the crux of this case—return of the security deposit without deduction for wear and tear—is expressly described in paragraph 5a of the lease, alleged in the FAC, and is used as the factual predicate for each of plaintiffs' claims.

**OBJECTION NO. 4**

Defendant THOMAS J. TOMANEK objects to the conclusions in the R&R that *In re Baroff*, 105 F.3d 439 (9th Cir. 1997) should not be followed because "the Ninth Circuit did not have the benefit of the 'definitive clarification' of California law provided by the California Supreme Court in *Santisas* one year later" and that *In re Baroff* "is distinguishable." (Doc. 62, R&R, 2:28-3:1-13)

**REASON**: *In re Baroff* was not addressed by *Santisas*. It remains good law and has not been overruled or superceded by any subsequent decision. The rule of liberal statutory interpretation of the phrase "on a contract" in section 1717, cited by the Ninth Circuit in *In re Baroff*, was not altered by *Santisas* and applies here.

**AUTHORITY**: *In re Davison*, 289 B.A.P. 716, 724 (9th Cir. BAP 2003), the authority cited in the R&R (Doc. 62, R&R, 3:3) for declining to follow *In re Baroff*, is a bankruptcy appellate panel ("BAP") decision that is not binding on the district courts. *Bank of Maui v.*

NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION; OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES; TRANSCRIPT OF MARCH 4, 2008 HEARING

10

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

*Estate Analysis, Inc.* 904 F.2d 470, 472 (9th Cir. 1989). The rule of liberal statutory interpretation of section 1717 cited in *In re Baroff* has been followed by state courts in appellate decisions subsequent to *Santisas*. (e.g., *California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.* (2002) 96 Cal.App.4th 598, 605 and *Mitchell Land v. Ferrantelli* (2007) 158 Cal.App.4th 479, 486)[3]

Moreover, the reasoning of *In re Davison* is not persuasive. The *Santisas* decision does not mention or reference *In re Baroff* or address the rule of statutory interpretation of section 1717 that *In re Baroff* cites with approval, at pp. 442-443, to wit: "California courts liberally construe 'on a contract' to extend to any action '[a]s long as an action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit....'" As is noted in the *Santisas* decision itself, at page 620, "[A]n appellate decision is not authority for everything said in the court's opinion but only "for the points actually involved and actually decided." *Santisas* addressed the rights of a party who has been voluntarily dismissed to recover for claims sounding in tort pursuant to a contractual attorney's fee provision. It did not provide "definitive clarification," or create a rule of narrow statutory interpretation, of the phrase "on a contract."

---

[3] *In re Baroff* was also cited by the United States Supreme Court in *Travelers Casualty and Surety Co. of America v. Pacific Gas & Electric* ___U.S.___ (2007), 127 S. Ct. 1199, 167 L.Ed.2d 178. In that case, the U.S. Supreme Court granted certiorari to resolve a conflict in the Courts of Appeals with respect to the validity of the *Fobian* rule (i.e., a prior decision of the Ninth Circuit that held that, where litigated issues involve not basic contract enforcement questions but issues peculiar to federal bankruptcy law, attorney's fees generally will not be awarded. *In re Fobian*, 951 F. 2d 1149 (C.A.9 1991)). The high court observed that the Ninth Circuit had properly acknowledged Traveler's contractual right to attorney's fees by its citation of *In re Baroff* in its judgment. However, the U.S. Supreme Court held that the Ninth Circuit had erred by adopting the *Fobian* decision to deny Travelers fees.

**NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION; OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES; TRANSCRIPT OF MARCH 4, 2008 HEARING**

11

The California Supreme Court noted in *Santisas* that Section 1717 applies "only to actions that contain at least one contract claim." (*Santisas*, at page 615) The FAC alleges that it was a false representation (promise) *in the lease agreement* that was the basis of the "fraudulent scheme" underlying the RICO claim. (See e.g. Doc. 19, FAC, ¶ 71, 18:4-17) *Santisas* found, at page 615, that a cause of action that alleged a failure to perform under the contract sounded in contract and was a contract claim. Such is the case here. The R&R itself acknowledges that plaintiffs brought at least one claim "sounding in contract," for breach of the implied covenant of good faith and fair dealing re the lease agreements (Doc. 62, R&R, 3:14-16).

The R&R states that *In re Baroff* is distinguishable because the court there had to determine the validity of a settlement agreement in order to determine nondischargeability of a debt whereas the court here dismissed the RICO claim without reaching the state court claims or the validity or interpretation of the written lease agreements. (Doc. 62, R&R, 3:9-13) An interpretation of the contract or analysis of the validity of the contract is not required, however. *In re Baroff* found that the settlement agreement which contained a release of claims "played an integral role in the proceedings" and thus concluded that the nondischargeability action was on the contract. (*In re Baroff*, at page 442) *In re Baroff* does not stand for the proposition for which the R&R relies on it.

*In re Baroff* does not require that the validity or interpretation of a contract be adjudicated as a condition precedent to an award of contractual attorney's fees. The nature of the action that plaintiffs brought as one "on a contract," to enforce a term of the lease agreement, remains unchanged. Plaintiffs specifically alleged that the lease agreement obligated Garibaldi to return their security deposits without deduction for wear and tear. This

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

12

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

term of the lease agreement is set forth expressly in paragraph 5a. If plaintiffs had been successful on the allegations in federal court they therefore would have, under any theory, shown that Garibaldi breached the lease agreement by deducting charges for wear and tear from the security deposits. Enforcement means "to compel compliance with the law." *United States v. Rosenthal*, 454 F.3d 943, 948, (9th Cir. 2006) Because this action, if successful, would have compelled defendants' compliance with the security deposit provision in the lease agreement, it is an action to enforce a term of the lease agreement.

Plaintiffs admit in the FAC that the "right" which plaintiffs sought to enforce in this action is one that is in the lease agreement (Doc. 19, ¶ 93). Specifically, plaintiffs alleged in paragraph 93 that "[P]laintiffs performed their obligations under the parties' lease agreements but defendants' fraudulent scheme unfairly deprived plaintiffs and the plaintiff class of the benefits of the lease agreement, namely the *right* not to be charged for ordinary wear and tear to the property..." [Emphasis added] Thus, plaintiffs' complaint here both "involves a contract" (the lease agreement) and the lease agreement "plays an integral role in the proceedings."

**OBJECTION NO. 5**

Defendant THOMAS J. TOMANEK objects to the finding that "[A]s Judge White anticipated, plaintiffs have re-filed their breach of contract and tort claims in state court." (R&R, 3:17-18)

**REASON**: Plaintiffs filed an action in state court that brings some, but not all, the claims brought in federal court.

**AUTHORITY**: The state court complaint omits the RICO, negligence and breach of

NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION; OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES; TRANSCRIPT OF MARCH 4, 2008 HEARING

13

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

the covenant of implied faith and fair dealing claims. (Doc. 44, p. 30; Doc. 54, p. 11)

**OBJECTION NO. 6**

Defendant THOMAS J. TOMANEK objects to the conclusion that "[A]ccordingly, defendants are not the prevailing parties on a contract claim under Section 1717" and that "defendant's victory is not a complete one..."  (Doc. 62, R&R, 3:14-28 - 4:1-4)

**REASON**: The state action is a separate action. It is not premature for this court to award attorney's fees, because defendants prevailed in the federal court "action," a discrete legal proceeding, which is now over.

**AUTHORITY**: Where there is a final resolution of a discrete legal proceeding, an award of contractual attorney's fees under section 1717 is proper. *Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 807-808. This was not an interim procedural victory in a court in which plaintiffs could re-file suit. The court reached the merits of the RICO claim and, due to plaintiffs' failure on the sole federal claim, defendants achieved a judgment of dismissal with prejudice of all claims—the case could no longer proceed in federal court. See also *Anderson v. Melwani* 179 F.3d 763 (9th Cir. 1999) [defendant held the prevailing party for an award of contractual attorney's fees where the action was dismissed for failure to join an indispensable party and thus was not cognizable in federal court].

By dismissal of his agent, upon whose acts all liability depended, Tomanek was also entitled to judgment in his favor. Civil Code §2330; Rest.2d Agency, Section 1440; *Plott v. York* (1939) 33 Cal.App.2d 460, 463. While there was a judgment in defendants' favor here, the language of the fee provision here is not limited to a prevailing party who secures a final judgment on all claims; it applies to both "actions" and "proceedings." (Doc. 38, p. 8, par. 23)

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

Under California law, the focus of the "prevailing party" determination is "who recovered a greater relief." This is accomplished by comparing the extent to which each party has succeeded and failed to succeed in its contentions. *Hsu v. Abarra* (1995) 9 Cal.4th 863, 876. Because defendants achieved their litigation objective, they were the prevailing parties in the federal court action. (See also *Santisas, supra,* at page 609)

## OBJECTION NO. 7

Defendant THOMAS J. TOMANEK objects to the conclusion: "[T]his provision narrowly confines fee awards to actions brought to enforce the terms of the agreement." (Doc. 62, R&R, 4:16-17)

**REASON:** Where the action, as here, does enforce a specific term of the lease agreement, such a fee provision clearly applies and is on point. Decisions that deny attorney's fees under similar provisions either find that no contractual term or duty is being enforced or that the proceeding in which the fees were sought was not an action to enforce a term of the contract.

**AUTHORITY:** Where there is a contractual term or duty that would be enforced by the action, state law allows for recovery under this type fee provision for tort and contract claims. *Fairchild v. Park* (2001) 90 Cal.App.4th 919 and *Yield Dynamics, Inc. v. Tea Systems Corporation* (2007) 154 Cal.App.4th 547, 581 are authority for the recovery of attorney's fees under similar fee provisions in cases.

## OBJECTION NO. 8

Defendant THOMAS J. TOMANEK objects to the conclusion that a claim imposing "liability on defendants for acting contrary to the lease provision regarding ordinary wear and

NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION; OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES; TRANSCRIPT OF MARCH 4, 2008 HEARING

15

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

tear" "does not come within this narrow fee provision." (Doc. 62, R&R, 4:18-24)

**REASON**: A claim imposing liability on defendants for acting contrary to the lease provision regarding ordinary wear and tears comes directly within the fee provision, because, pursuant to Code of Civil Procedure Section 1021, the fee provision covers actions or proceedings to enforce a term of the lease agreement, irrespective of whether they sound in tort or in contract.

**AUTHORITY**: *Gil v. Mansano (2004) 121 Cal.App.4th 739, 743*, a case cited in the R&R (Doc. 62, R&R, 4:21-24), involved a single claim of fraud in connection with a business venture in which one partner was bought out. The attorney fee provision was in a release agreement, not in the purchase agreement. The release was pled only as a defense. The court concluded that the assertion of a contractual defense to a tort action was not an action to enforce the release. Thus, in *Gil*, there was no term of the contract that contained the fee provision that was being enforced. To the contrary here, plaintiffs sought to enforce a right provided by a specific term of the lease agreement. *Gil* therefore is inapposite.

*Fairchild v. Park (2001) 90 Cal.App.4th 919* is authority for the award of fees under a similar prevailing party fee provision where liability is premised on a duty in the lease agreement but tort claims are *also* alleged—as is the case here. Similarly, in *Yield Dynamics, Inc. v. Tea Systems Corporation (2007) 154 Cal.App.4th 547, 581*, the court rejected the argument that fraud claims were categorically excluded from any contractual fee award and concluded that "the language of the fee clause controls its scope." The court in *Yield*, at page 581, refused to apportion fees where the plaintiff had asserted that it was damaged by the

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1  alleged fraud "primarily by not receiving the benefit of its bargain" with the defendant, a phrase

2  which the court observed derived from contract.

3      Plaintiffs admit in the FAC that the "right" which plaintiffs sought to enforce in this

4  action is one that is in the lease agreement (Doc. 19 ¶ 93). Specifically, and as in *Yield*,

5  plaintiffs alleged in paragraph 93 that "[P]laintiffs performed their obligations under the

6  parties' lease agreements but defendants' fraudulent scheme unfairly deprived plaintiffs and the

7  plaintiff class of the benefits of the lease agreement, namely the ***right*** not to be charged for

8  ordinary wear and tear to the property…" [Emphasis added]

9

10  **OBJECTION NO. 9**

11      Defendant THOMAS J. TOMANEK objects to the conclusion that "*Chang* supports a

12  denial of fees here." (Doc. 62, R&R, 4:24-28, 5:1-10)

13      **REASON**: *Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996) confirms the right to

14  contractual attorney's fees upon dismissal of a RICO claim. In *Chang*, there was no term of the

15  contract that was being enforced by the claims and the *Chang* court interpreted a fee provision

16  that, unlike the fee provision here, required that the action "arise from" the contract.

17      **AUTHORITY**: In *Chang v. Chen*, 95 F.3d 27 (9th Cir. 1996), no express contractual

18  promises or terms were identified that the plaintiffs were seeking to enforce. The rationale for

19  denying fees in *Chang* was that there were three land transactions that were alleged as part of

20  the pattern of racketeering on the RICO claim. The fee provision specified that the action was

21  required to be "arising out of" the land transaction relating to the contract each plaintiff signed.

22  Because the action was based on three land transactions, the court concluded that the action

23  was not arising out of the respective contracts signed by the plaintiffs. Here, the specific

24

25

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

17

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

promise regarding the security deposit is in the lease agreement plaintiffs seek to enforce and there is no "arising out of" requirement in the fee provision. Because the *Chang* court focused only on "arising out of" language in the fee provision, it is not authority to deny fees here where that language is not contained in the fee provision. Whether or not there are multiple plaintiffs or lease agreements is not relevant to a fee provision that contains only "enforce the terms" language, in an action that, unlike *Chang*, enforces a term of the contract.

**OBJECTION NO. 10**

Defendant THOMAS J. TOMANEK objects to the finding that "[P]laintiffs' RICO action was predicated on a pattern of various individual tenants (and co-tenants) each giving defendants security deposits and subsequently receiving a series of individual fraudulent mailings." (Doc. 62, R&R, 5:10-14)

**REASON:** Paragraph 71 does not describe a "pattern of various tenants" giving security deposits and receiving fraudulent mailings. The existence of more than one lease agreement is irrelevant to the determination of fee entitlement because the fee provision here does not require that the action "arise out of" the lease agreement. The fee provision here requires the action "enforce the terms" of the lease agreement. A specific term (¶5a) is being enforced here.

**AUTHORITY:** *Chang v. Chen*, 95 F.3d 27 (9th Cir. 1996) is distinguishable as set forth in Objection No. 10. See also Doc 19; Doc. 38, pages 7-8;

**OBJECTION NO. 11**

Defendant THOMAS J. TOMANEK objects to the conclusion that "[T]he reasoning in *Stitt v. Williams*, 919 F.2d 516, 520, 529-530 (9th Cir. 1990) is also instructive." (Doc. 62, R&R, 5:15-26)

NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION; OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES; TRANSCRIPT OF MARCH 4, 2008 HEARING

18

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

**REASON**: *Stitt* was not an action to enforce a term of the contract between the parties.

**AUTHORITY**: In *Stitt v. Williams*, 919 F.2d 516 (9th Cir. 1990), no express contractual promises or terms were identified that the plaintiffs were seeking to enforce in the action as is the case here. The *Stitt* court held, at page 530:

> Appellees cannot recover attorneys' fees or costs under this provision because appellants brought this action not to "enforce" the limited partnership agreements but rather to collect damages based on the allegedly fraudulent conduct of Dale in connection with the partnerships' formation and operation or, alternatively, to rescind or reform the partnership agreements.

The *Stitt* court held, at page 531, that the plaintiff whose fee provision with the defendant provided for fees in "an action in any other way pertaining to Partnership affairs or this Agreement" could recover them against the defendant. Because there was no contractual term being enforced in *Stitt*, its holding is not instructive.

## V. CONCLUSION

For all the foregoing reasons, it is respectfully requested that this Court sustain the objections to the R&R, reject the R&R, and grant Tomanek's Motion to be Declared Prevailing Party and for an Award of Attorney Fees and Costs.

Respectfully Submitted,

Dated:  March 25, 2008                           ALLMAN & NIELSEN, P. C.


By:___/s/ Sara B. Allman_____
Sara B. Allman, Esq.
Attorneys for Defendant
THOMAS J. TOMANEK

## PROOF OF SERVICE

I am a citizen of the United States and employed in Marin County, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

**NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION; OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES; TRANSCRIPT OF MARCH 4, 2008 HEARING**

on the interested parties in the action by placing [] the original [X] a true copy thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Christopher Brancart<br>Elizabeth Brancart<br>BRANCART & BRANCART<br>PO Box 686<br>Pescadero, CA 94060<br>Telephone: (650) 879-0141<br>Facsimile: (650) 879-1103<br>ebrancart@brancart.com<br>cbrancart@brancart.com | Attorney for Plaintiffs EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS |
| John S. Blackman<br>Farbstein & Blackman<br>411 Borel Ave #425<br>San Mateo, CA 94402-3518<br>(650) 554-6200<br>Fax Number (650) 554-6240 | Attorneys for Defendant MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY |
| Carl D. Ciochon<br>Wendel Rosen Black & Dean, LLP<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | Attorneys for Defendant MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY |

[X]    BY MAIL: I deposited such envelope with postage thereon fully prepaid in the United States Postal Service mailbox at Larkspur, California.

[ ]    BY PERSONAL SERVICE: I delivered such envelope by hand to the addressee.

NOTICE OF MOTION AND MOTION FOR DE
NOVO DETERMINATION; OBJECTIONS TO
REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO BE DECLARED
PREVAILING PARTIES AND FOR AN AWARD
OF ATTORNEYS' FEES; TRANSCRIPT OF
MARCH 4, 2008 HEARING

20

[ ]     BY FACSIMILE:  I sent such document via facsimile to the facsimile machine of the addressee.

[ ]     BY EXPRESS MAIL:  I deposited such envelope in a mailbox regularly maintained by the United States Postal Service for receipt of Express Mail postage paid to be delivered by Express Mail for overnight courier service to the addressee.

[ ]     BY OVERNIGHT DELIVERY:  I deposited the envelope, in an envelope designated by the express service carrier, with delivery fees provided for, in a box regularly maintained by the express service carrier for overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on March 25, 2008, at Larkspur, California.

NOLI VILLA

**NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION; OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO BE DECLARED PREVAILING PARTIES AND FOR AN AWARD OF ATTORNEYS' FEES; TRANSCRIPT OF MARCH 4, 2008 HEARING**

21

*Macias, et al. v. Tomanek, et al.*
Case #C07-3437 JSW (EDL)

# Transcript of Proceedings

# March 4, 2008

PAGES 1 - 18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE ELIZABETH D. LAPORTE, MAGISTRATE JUDGE

EDITH MACIAS, ET AL.,              )
                                   )
            PLAINTIFFS,            )
                                   )
   VS.                             )          NO. C 07-3437 JSW (EDL)
                                   )
THOMAS J. TOMANEK, ET AL.,         )
                                   )
            DEFENDANTS.            )
_____    )

SAN FRANCISCO, CALIFORNIA
TUESDAY, MARCH 4, 2008

**TRANSCRIPT OF PROCEEDINGS**

APPEARANCES:

FOR PLAINTIFF:            BRANCART & BRANCART
                         POST OFFICE BOX 686
                         PESCADERO, CA  94060
                   BY:   **ELIZABETH BRANCART**
                         **CHRISTOPHER BRANCART**
                         **ATTORNEYS AT LAW**


FOR DEFENDANT:           ALLMAN & NIELSEN
                         100 LARKSPUR LANDING CIRCLE
                         SUITE 212
                         LARKSPUR, CA  94939
                   BY:   **SARA B. ALLMAN**
                         **ATTORNEY AT LAW**


            (APPEARANCES CONTINUED ON FOLLOWING PAGE)


REPORTED BY:             JAMES YEOMANS, CSR #4039, RPR
                         OFFICIAL REPORTER

            COMPUTERIZED TRANSCRIPTION BY ECLIPSE

1    <u>APPEARANCES</u>:   (CONTINUED)

2    FOR DEFENDANT:              FARBSTEIN & BLACKMAN
                                411 BOREL AVENUE
3                               SUITE 425
                                SAN MATEO, CA  94402
4                        BY:   **JOHN SOMERS BLACKMAN**
                               **ATTORNEY AT LAW**
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    TUESDAY, MARCH 4, 2008                              9:00 A.M.

2              (THE FOLLOWING PROCEEDINGS WERE HEARD IN OPEN COURT:)

3              THE CLERK:  CALLING CIVIL 07-3437, EDITH MACIAS, ET

4    AL. VERSUS THOMAS TOMANEK, ET AL.

5              MS. ALLMAN:  SARAH ALLMAN FOR DEFENDANT TOMANEK.

6              MS. BRANCART:  ELIZABETH BRANCART FOR THE PLAINTIFFS.

7              MR. BRANCART:  CHRIS BRANCART FOR THE PLAINTIFF.

8              MR. BLACKMAN:  JOHN BLACKMAN FOR DEFENDANT GARIBALDI

9    COMPANY.

10             THE COURT:  GOOD MORNING.

11             ALL RIGHT.  WELL, SEEMS TO BE MORNING FOR ATTORNEYS'

12   FEES MOTIONS.  ALL RIGHT.  DO YOU WANT TO GO FIRST?

13             MS. ALLMAN:  SURE.  THIS IS A CASE THAT, BASICALLY,

14   TAKEN DOWN TO ITS ESSENCE, INVOLVES A CLAIM BY THE PLAINTIFFS

15   THAT CHARGES WERE IMPOSED WRONGFULLY AGAINST THEIR SECURITY

16   DEPOSIT.

17             THE LEASE AGREEMENT BETWEEN THE PARTIES SPECIFICALLY

18   PROVIDES THAT WEAR AND TEAR WILL NOT BE DEDUCTED FROM THE

19   SECURITY DEPOSIT WHEN THE TENANT MOVES OUT.

20             HERE THE PLAINTIFFS BROUGHT THIS CLAIM IN FEDERAL

21   COURT BASED ON A RICO ARGUMENT AND THE CLAIM SAYING THAT THE

22   SCHEME HERE INVOLVED WITHHOLDING UNLAWFUL AMOUNTS FROM THE

23   SECURITY DEPOSIT.

24             THE COURT:  A BASIS OF A PATTERN OF DOING THAT OVER

25   MULTIPLE TENANTS?

```
 1          MS. ALLMAN:  YES.  IT WAS -- I DON'T KNOW IF IT WAS

 2   THE PATTERN OF DOING IT OVER MULTIPLE TENANTS, THE -- SO MUCH

 3   AS -- I DON'T THINK THAT THE FACT THERE WERE MULTIPLE TENANTS

 4   WAS THE PREDICATE FOR THE CLAIM.

 5          THE COURT:  WHAT WAS THE PREDICATE?

 6          MS. ALLMAN:  THE PREDICATE WAS THAT THE DEFENDANTS

 7   MADE REPRESENTATIONS IN THE LEASE AGREEMENT AND THAT WAS --

 8          THE COURT:  RIGHT.  BUT MULTIPLE FALSE, EACH TENANT

 9   SIGNS ONE LEASE TYPICALLY, MULTIPLE FALSE STATEMENTS IN THESE

10   MULTIPLE LEASES THERE'S GOT TO BE A PATTERN OF RACKETEERING

11   ACTIVITY.  I'M GOING BACK TO LOOK AT THE COMPLAINT.  SO THAT'S

12   WHAT --

13          MS. ALLMAN:  I UNDERSTAND THE COMPLAINT DOES NOT

14   SPECIFICALLY ALLEGE THERE WERE MULTIPLE PLAINTIFFS AND THAT WAS

15   THE PATTERN, IT SIMPLY HAS MULTIPLE PLAINTIFFS IN IT AND PLEADS

16   CLASS ACTION ALLEGATIONS.

17          BUT THE PREDICATE ACT WAS THE REPRESENTATION IN THE

18   LEASE AGREEMENT AND THE SUBSEQUENT MAILING OF THE STATEMENTS

19   THAT SHOWED THE DEDUCTIONS FOR THE SECURITY DEPOSIT.

20          THE COURT:  AND THE COURT FOUND THE MAILING OCCURRED

21   AFTER THE MISREPRESENTATION, SO THERE WAS NO RICO CLAIMS,

22   CORRECT?

23          MS. ALLMAN:  CORRECT.  SO THE LEASE AGREEMENT ALSO

24   CONTAINED AN ATTORNEYS' FEES CLAUSE THAT PROVIDED THAT IN AN

25   ACTION TO ENFORCE A TERM OF THE LEASE OR IN A PROCEEDING THE
```

1    PREVAILING PARTY WOULD GET ATTORNEYS' FEES.

2           **THE COURT:**  RIGHT.  AND SO, I MEAN, A LOT OF THIS

3    BOILS DOWN TO WHETHER, THAT'S A RELATIVELY NARROW ATTORNEYS'

4    FEES CLAUSE AS COMPARED TO SOME OTHERS, ANYTHING ARISING OUT OF

5    ANY DISPUTE BETWEEN THE PARTIES OR ANYTHING PERTAINING IN ANY

6    WAY SOME OF THE LANGUAGE IN OTHER CASE.

7           FAIRLY NARROW ITS ENFORCEMENT, AND SEEMS TO BOIL DOWN

8    TO WHETHER A RICO CLAIM, WHICH IS NOT ON ITS FACE A CONTRACT

9    CLAIM, IT'S MUCH MORE LIKE A TORT CLAIM THEN IT IS A FRAUD

10   CLAIM.

11          ESSENTIALLY THIS IS REALLY A FRAUD BASED RICO CLAIM,

12   IS NONETHELESS A CONTRACT CLAIM BECAUSE THE BASIS OF THE FRAUD

13   IS A CONTRACTUAL MISREPRESENTATION.

14          AND IT SEEMS AS THOUGH THE RECENT CASES, CALIFORNIA

15   COURTS AND THE SUPREME COURT CASE CONSTRUE THE CONTRACT CLAIM

16   FAIRLY NARROWLY, AND WHETHER OR NOT YOU CAN BREACH A TORT CLAIM

17   THEN DEPENDS ON HOW BROAD THE ATTORNEYS' FEES CLAUSE IS.  THIS

18   CLAUSE IS NOT VERY BROAD, SO THINK THAT'S THE CRUX OF THE

19   ISSUE.

20          **MS. ALLMAN:**  RELATIVE TO OTHER FEES PROVISIONS, I

21   THINK, THAT'S CORRECT.  THE DIFFERENCE HERE IS THAT PLAINTIFFS

22   ARE SPECIFICALLY, HAD THEY PREVAILED TO THIS CLAIM AND IN THIS

23   ACTION IN THIS COURT, THEY WOULD HAVE ENFORCED PARAGRAPH 5A OF

24   THE LEASE AGREEMENT SPECIFIC TERM OF THE LEASE.

25          **THE COURT:**  RIGHT.  BUT WHICH CASE WOULD APPLY IT THAT

1    WAY?

2            AS A LOGICAL MATTER I CAN UNDERSTAND THE ARGUMENT.  IN

3    TERMS OF THE CASE LAW, IF -- THE CASE LAW SEEMS TO, FOR THE

4    MOST PART, TAKE A MUCH NARROWER VIEW WHAT IS, IN FACT, A

5    CONTRACT CLAIM AS OPPOSED TO A NON-CONTRACT CLAIM IN THE

6    CONTEXT OF ENFORCEMENT.

7            **MS. ALLMAN:**  THE CASES THAT ARE CITED FOR THAT DID NOT

8    INVOLVE A SPECIFIC TERM THAT WAS BEING ENFORCED.  I DON'T THINK

9    THAT THERE IS A CASE THAT DENIES ATTORNEY'S FEES WHERE THERE IS

10   A SPECIFIC CONTRACTUAL TERM THAT'S BEING ENFORCED.

11           THAT'S WHAT MAKES THIS UNIQUE, IS THAT EVEN THOUGH

12   IT'S PLED AS A RICO CLAIM OR A FRAUD WHAT IT'S DOING IS

13   ENFORCING THAT SPECIFIC TERM OF THE LEASE AGREEMENT.

14           THE OTHER CASES THAT ARE CITED BY THE PLAINTIFF DON'T

15   HAVE THAT SPECIFIC TERM.  THERE'S NOT ONE CASE THAT DENIES

16   RELIEF THAT I'M AWARE OF WHERE A TERM OF THE CONTRACT WOULD BE

17   ENFORCED BY THE LITIGATION.

18           **THE COURT:**  ALL RIGHT.  DOES IT MATTER THAT JUDGE

19   WHITE DID NOT HAVE TO INTERPRET THE CONTRACT, HE ONLY RULED ON

20   THE FEDERAL CLAIM AND ON THAT CLAIM?

21           ALBEIT IT COULD HAVE IMPLICATED THE ISSUE OF THE LEASE

22   PROVISION, HIS RULING HAD NOTHING TO DO WITH THAT, IT HAD TO DO

23   WITH THE MAILING BEING AFTER THE FACT.

24           **MS. ALLMAN:**  RIGHT.

25           **THE COURT:**  SO IT WAS PURELY RICO TYPE OF ISSUE THAT

1    HAD NOTHING DO WITH THE ENFORCEMENT OF THE CONTRACT.  THEN HE,

2    OF COURSE, DISMISSED WITHOUT PREJUDICE ALL THE PENDENT OR

3    SUPPLEMENTAL CLAIMS, THE STATE CLAIMS, INCLUDING THE CONTRACT

4    CLAIM BASED ON BREACH OF THE COVENANT.

5             MS. ALLMAN:  RIGHT.  THE EFFECT OF THE RULING WAS TO

6    DENY PLAINTIFFS THE ABILITY TO ENFORCE THAT TERM IN THIS COURT.

7             THE COURT:  IN THIS COURT, BUT NOT IN THE STATE COURT.

8             MS. ALLMAN:  NO, THE RICO CLAIM IS OVER.

9             THE COURT:  RICO ONLY FEDERAL CLAIM, OF COURSE, BUT

10   IT'S A TORT CLAIM, NOT A CONTRACT CLAIM.  IF YOU HAVE TO

11   CHARACTERIZE THE STATUTE AS A CONTRACTS OR TORT.

12            MS. ALLMAN:  IF YOU CHARACTERIZE IT AS A TORT CLAIM,

13   HOWEVER, WHAT'S UNDERLYING IT IS THE CONTRACTUAL OBLIGATION

14   THAT'S SPECIFIED IN THE LEASE.

15            AND IT'S DEFINITELY A DECISION ON THE MERITS THAT

16   CANNOT BE RENEWED IN ANY COURT, SO IT IS A FAVORABLE

17   DETERMINATION AND IN THE LEASE TERM.

18            THE COURT:  IT'S A FAVORABLE TERMINATION OF THE RICO

19   CLAIM, IS IT A FAVORABLE TERMINATION OF THE CONTRACT CLAIM?

20   THAT'S THE QUESTION HERE, BECAUSE THE ONLY BASIS FOR FEES IS

21   ENFORCEMENT --

22            MS. ALLMAN:  I THINK --

23            THE COURT:  -- OF THE CONTRACT.

24            MS. ALLMAN:  IF YOU'RE LOOKING AT 1717 ONLY BECAUSE

25   IT, THE UNDERLYING FACT IS A CONTRACTUAL OBLIGATION.  THE CASES

```
1    I CITED, FOR EXAMPLE, PERRY VERSUS ROBERTSON INDICATE THAT EVEN

2    IF IT'S CHARACTERIZED AS A TORT OR FRAUD WHERE THERE'S

3    UNDERLYING CONTRACTUAL OBLIGATION THE COURTS WILL AWARD FEES

4    UNDER 1717, BUT APART FROM 1717 YOU HAVE 1021.

5           THE COURT:  RIGHT.  I THINK THAT, YEAH, OKAY, 1021

6    COULD APPLY TO A TORT CLAIM IF THE PROVISION IS BROAD ENOUGH TO

7    COVER A TORT CLAIM, THAT'S WHAT SANTISAS TELLS US.

8           MS. ALLMAN:  CORRECT.  AND YOU HAVE TO LOOK AT THE

9    LANGUAGE OF THE FEE PROVISION IN RELATION TO WHAT THE GIST OF

10   THE ACTION IS AND HERE IT WAS TO ENFORCE SPECIFICALLY PARAGRAPH

11   5A.

12          THE COURT:  LET ME ASK YOU A QUESTION.  NOBODY RAISED

13   THIS AND SO I'M PROBABLY GOING OFF ON A TANGENT, THEREFORE, BUT

14   IT OCCURRED TO ME IF WE'RE NOT WITHIN THE REALM OF 1717 THEN

15   WERE IN THE REALM OF 1021, THEN THERE'S NO RECIPROCITY.

16          1717 APPLIES RECIPROCITY FEES, 1021 THERE'S NO

17   RECIPROCITY, THEN THE QUESTION WOULD BE, WAS THE DEFENDANT

18   BRINGING SUIT TO ENFORCE THE CONTRACT?

19          ANSWER, NO.

20          SO THEN HOW COULD -- IS THAT ANOTHER ISSUE THAT -- FOR

21   FEES UNDER 1021?

22          MS. ALLMAN:  NO, RECIPROCITY DOESN'T APPLY HERE.

23   YOU'RE CORRECT IN THAT 1717 BASICALLY INVOLVES RECIPROCITY.

24   SAYS, WHERE ONE PARTY ENTITLED TO FEES, THEN THE OTHER PARTIES

25   CAN GET FEES IF THEY PREVAIL.
```

1        BUT HERE THE CONTRACT TERM DID NOT SPECIFY THAT IT WAS

2  THE DEFENDANT WHO HAD TO BRING THE ACTION.  IT JUST SIMPLY SAID

3  AN ACTION OR PROCEEDING, SO THE ISSUE --

4        THE COURT:  WHOEVER PREVAILS IN SUCH AN ACTION?

5        MS. ALLMAN:  CORRECT.  DIDN'T APPLY JUST TO ONE,

6  RECIPROCITY IS NOT AN ISSUE.

7        THE COURT:  ALL RIGHT.  NOT A PROBLEM.  ALL RIGHT.

8  LET ME HEAR FROM THE OTHER SIDE.

9        MS. BRANCART:  THANK YOU, YOUR HONOR.

10        YOUR ANALYSIS IS CORRECT, AS FAR AS GOING YOU LOOK

11  FIRST AT 1021 AND 1021, SAYS PEOPLE CAN CONTRACT, HOWEVER

12  BROADLY THEY WISH, IF A CONTRACT FOR FEES AND IN A FEE

13  AGREEMENT IN A CONTRACT HAS AS ITS PROVISION TO ENFORCE A

14  CONTRACT OR TO ENFORCE A TERM OF A CONTRACT, THEN THE

15  CALIFORNIA LAW IS CLEAR THAT THAT MEANS THAT CAN ONLY BE,

16  RECOVERED FEES CAN ONLY BE RECOVERED UNDER THAT, UNDER 1717.

17        BECAUSE THAT IS A CONTRACT, A CONTRACT CLAIM THAT CAN

18  ONLY -- YOU CAN ONLY RECOVER FEES FOR CONTRACT ACTIONS OR

19  CONTRACT CLAIMS BY THAT LANGUAGE.

20        THE COURT:  THOUGH, IT LOOKS LIKE UNDER THE NINTH

21  CIRCUIT BAROFF CASE THAT THE DEFENDANT WOULD HAVE A PRETTY GOOD

22  ARGUMENT THAT YOU LOOK BEYOND THE LABEL AND YOU LOOK AT, YOU

23  KNOW, DID IT SOMEHOW INVOLVE A CONTRACT AND THAT WOULD BE

24  SUFFICIENT.

25        ON THE OTHER HAND, THERE'S THE ARGUMENT SANTISAS CASTS

```
 1   DOUBT ON.
 2         MS. BRANCART:  BAROFF PREDATES SANTISAS, AND AS --
 3   BESIDE IT THE NINTH CIRCUIT APPELLATE, BANKRUPTCY APPELLATE
 4   PANEL OPINION SAYING WE CAN'T REALLY FOLLOW BAROFF, CALIFORNIA
 5   LAW HAS CHANGED OR BEEN CLARIFIED SINCE THAT TIME.
 6         AND THE CALIFORNIA CASES ARE JUST CLEAR IF IT'S A
 7   CONTRACT ACTION BROUGHT ON A CONTRACT THAT HAS A CONTRACTUAL
 8   FEE PROVISION THEN 1717 APPLIES.  AND IF IT'S NOT, IF IT'S A
 9   TORT CLAIM THEN 1717 DOES NOT APPLY.
10         AND THEN YOU HAVE TO LOOK AT THE LANGUAGE OF THE
11   AGREEMENT ITSELF TO DETERMINE WHETHER TORTS WERE CONTEMPLATED
12   TO BE COVERED BY THE FEE PROVISION.
13         THE COURT:  BUT THERE'S CERTAINLY AN ARGUMENT THAT THE
14   RICO CLAIM REALLY ITS ESSENCE WAS TO ENFORCE THE TERM OF THE
15   LEASE REGARDING NOT DEDUCTING NORMAL WEAR AND TEAR FROM A
16   SECURITY DEPOSIT.  THAT WAS THE GRAVAMEN OF THE
17   MISREPRESENTATION.
18         MS. BRANCART:  YOU CAN ARGUE THAT, BUT CALIFORNIA LAW
19   ALSO CLEAR THAT A TORT CLAIM TO ENFORCE A PROVISION OF A
20   CONTRACT IS NOT A CONTRACT UNDER -- PROCEEDING TO ENFORCE A
21   CONTRACT UNDER 1717.
22         THE COURT:  NOW, I'M MORE LOOKING AT 1021.
23         MS. BRANCART:  WELL, 1021, I SEE WHAT YOU MEAN.  1021
24   HOWEVER, I THINK, IF YOU CAN'T GO TO 1021 AND SAY, WELL, IN
25   THIS CASE THEY WERE ACTUALLY ENFORCING A TERM OF THE CONTRACTS
```

1    BECAUSE THE RICO CLAIM ALLEGED THAT THE MISREPRESENTATION WAS

2    MADE IN THE COURSE OF ENTERING INTO THE CONTRACT.

3         YOU CAN'T THEN SAY, WELL, THIS WAS A CONTRACTUAL -- A

4    CONTRACTUAL OBLIGATION, AND WHAT I'M TRYING TO SAY ONCE YOU GET

5    INTO THE CONTRACT LAND SAYING YOUR ENFORCING A TERM OF THE

6    AGREEMENT YOU AUTOMATICALLY ARE KICKED OUT OF 1021, THE ONLY

7    WAY YOU CAN PROCEED IS THROUGH 1717.

8         THE COURT:  UH-HUH.

9         MS. BRANCART:  SO YOU CAN'T --

10        THE COURT:  WHICH TAKES --

11        MS. BRANCART:  HAVE A TORT, WE CAN'T HAVE A TORT THAT

12   IS ENFORCING A TERM OF A CONTRACT AND THEN STAY IN 1021 LAND.

13   YOU HAVE TO IMMEDIATELY GO TO 1717 IF YOU ARE ENFORCING SOME

14   SORT OF TERM OF A CONTRACT.

15        EVEN IF IT'S -- I MEAN, AND YOU CAN'T -- THE LAW IS

16   CLEAR THAT TORTS DON'T ENFORCE TERMS OF CONTRACTS.  EVEN THOUGH

17   THE TORT AND THE CONTRACT MAY ARISE AT THE SAME TIME.

18        THE COURT:  WHAT'S YOUR BEST CASE ON THAT?

19        MS. BRANCART:  I THINK, IT'S THE CASES WITH THE

20   RESTATEMENT, AND SEE PAGE 12 OF OUR BRIEF TALKING ABOUT THE

21   FACT THAT IF YOU ENTER INTO A CONTRACT AND THERE'S

22   MISREPRESENTATIONS IN THE CONTRACT, MADE IN THE CONTRACT AND

23   BASICALLY PROMISSORY FRAUD, THAT'S A TORT, THAT'S YOU MAY ALSO

24   BE ABLE TO SUE FOR BREACH OF CONTRACT.

25        BUT YOU ALSO HAVE A TORT CLAIM AND THE TORT CLAIM IS

```
 1   BASED ON THE DUTY THAT THE DEFENDANTS HAVE IN THIS CASE UNDER

 2   CIVIL CODE 1950.5, WHICH WAS TO NOT CHARGE FOR WEAR AND FAIR,

 3   AND THEY ALSO HAVE A DUTY NOT TO COMMIT FRAUD, JUST A GENERAL

 4   COMMON LAW DUTY AND UNDER RICO THEY HAVE THAT DUTY AS WELL.

 5        THE COURT:  WHAT ABOUT HER POINT THAT YOU DON'T HAVE

 6   ANY CASE IN WHICH FEES WEREN'T AWARDED WHERE THE VERY PREDICATE

 7   OF THE FRAUD WAS HERE CONTRACTUAL PROVISION?

 8        MS. BRANCART:  WELL, FIRST OF ALL, I DON'T -- I COULD

 9   NOT FIND A CASE THAT'S EXACTLY LIKE OURS, BUT I DON'T THINK

10   THAT THAT IS THE TEST.

11        THE TEST IS WHETHER THE CONTRACT WAS EVEN NECESSARY TO

12   GO FORWARD ON THE RICO CLAIMS.  IT DIDN'T MATTER WHETHER THERE

13   WAS A CONTRACT.

14        THE COURT:  THERE HAD TO BE A MISREPRESENTATION, IT

15   COULD HAVE BEEN ORAL.

16        MS. BRANCART:  COULD HAVE BEEN ORAL.  WHAT MATTERED

17   FOR RICO WAS THAT THERE WAS MISREPRESENTATION, KNOWLEDGE OF

18   FALSITY, INTENT TO DEFRAUD, TO INDUCE RELIANCE, JUSTIFIABLE

19   RELIANCE AND DAMAGES, THAT'S FRAUD AND THAT'S WHAT WE ALLEGED.

20        AND, I THINK, IF YOU READ -- I'M SURE YOU HAVE READ

21   THE FIRST AMENDED COMPLAINT, BUT IF YOU READ IT IT'S CLEAR THAT

22   IT'S NOT A COMPLAINT TO ENFORCE A LITTLE PROVISION OF A

23   CONTRACT, IT'S A TORT, IT'S A FRAUD, IT'S ALLEGING THAT THERE'S

24   A SCHEME TO DEFRAUD MULTIPLE TENANTS.

25        NOT JUST THE TENANTS HERE TO INDUCE THEM TO PART WITH
```

1    THEIR SECURITY DEPOSITS KNOWING ALL THE WHILE THEY HAD NO

2    INTENTION OF RETURNING THE SECURITY DEPOSITS PURSUANT TO

3    STATUTORY 1950.5 OR THEIR AGREEMENT.

4         IF YOU TAKE THE POSITION THAT THE DEFENDANTS WANT,

5    BASICALLY ANY LANDLORD COULD WRITE INTO THEIR AGREEMENT WE

6    PROMISE WE WON'T DISCRIMINATE AGAINST YOU, WE PROMISE WE WON'T

7    ASSAULT YOU, WE PROMISE WE WON'T COMMIT WASTE UPON THE

8    PROPERTY, WELL, THEN, AUTOMATICALLY THAT MAKES IT TO SUE FOR

9    HOUSING DISCRIMINATION, TO SUE FOR BEING ASSAULTED OR BATTERED

10   OR SEXUALLY HARASSED BY YOUR LANDLORD AUTOMATICALLY MAKES THAT

11   INTO A SUIT TO ENFORCE THE TERM OF THE CONTRACT I.E. NOT TO DO

12   THOSE THINGS.

13        THE COURT:  LET ME ASK YOU THIS, THOUGH.  IT WAS IN

14   YOUR RICO CLAIM WHAT -- DOESN'T THERE TO BE A PATTERN OF

15   RACKETEERING ACTIVITY?

16        MS. ALLMAN:  YES.

17        THE COURT:  WHAT WAS --

18        MS. BRANCART:  YES.

19        THE COURT:  WHAT WAS THE ALLEGED PATTERN?

20        MS. BRANCART:  THE ALLEGED PATTERN WAS, LET'S SEE . .

21   . AT PAGE 20 AND 21 OF THE FIRST AMENDED COMPLAINT.  GO BACK TO

22   ACTUALLY PROBABLY TO . . . PARAGRAPH 71 STARTS AT 18.

23        AND THAT'S IT ALLEGES THE SCHEME TO DEFRAUD AND IT

24   GOES THROUGH THE VARIOUS PLAINTIFFS' EXPERIENCES, EXPERIENCES

25   AND THEN --

1          THE COURT:  SO THE PATTERN WITH RESPECT TO, NOT TO ONE

2    PLAINTIFF DOING SOMETHING OVER AND OVER AGAIN, BUT A VARIETY OF

3    PEOPLE DOING IT ONCE EACH TIME.  THE REASON I'M ASKING THAT,

4    ISN'T THAT SOMEWHAT LIKE --

5          MS. BRANCART:  CHANGE?

6          THE COURT:  YEAH.

7          MS. BRANCART:  YEAH.

8          THE COURT:  IN OTHER WORDS, IN THERE THE COURTS DENIED

9    FEES IN PART FOR THAT VERY REASON, THAT IT WASN'T A SIMPLE

10   BREACH OF CONTRACT CASE, BUT A PATTERN OF RACKETEERING

11   ACTIVITY.

12         MS. BRANCART:  YES.  THAT'S ANOTHER WAY OF LOOKING AT

13   THE FACT THAT RICO, THE CONTRACT ISN'T ESSENTIAL TO THE RICO

14   CLAIM.

15         THE COURT:  OR IT MIGHT BE PART OF IT, BUT IT'S NOT --

16   CERTAINLY FAR FROM SUFFICIENT.

17         MS. BRANCART:  EXACTLY.  NOT THE GRAVAMEN OF THE RICO

18   CLAIM ITSELF, WHICH IS FRAUD.

19         THE COURT:  ALL RIGHT.  DO YOU WANT TO RESPOND TO THE

20   CHANG CASE, I THINK, THAT CASE IS RATHER HARMFUL TO YOUR SIDE.

21         MS. BRANCART:  WELL, CHANG INVOLVED A SERIES OF THREE

22   LAND TRANSACTIONS INVOLVING DIFFERENT PLAINTIFFS AND IT ALSO

23   INVOLVED A CONTRACTUAL PROVISION THAT COVERED OR ALLOWED FOR

24   FEES ARISING OUT OF AN AGREEMENT THAT IS NOT --

25         THE COURT:  WHICH IS BROADER.  IF ANYTHING, THAT HURTS

1    YOU, THAT DISTINCTION RATHER THEN HELPS YOU, BECAUSE HERE IT'S

2    TO ENFORCE ARISING OUT OF IS A BROADER THEN JUST TO ENFORCE, I

3    THINK.

4        **MS. ALLMAN:**  WHAT THE COURT FOCUSED ON WAS THAT THE

5    RICO SCHEME DID NOT JUST ARISE OUT OF ONE TRANSACTION, IT HAD

6    TO ARISE OUT OF ALL THREE TRANSACTIONS AND EACH PLAINTIFF HAD

7    NOT SIGNED EACH CONTRACT FOR THE TRANSACTION, THAT'S DIFFERENT

8    THEN THE PROVISION HERE WHICH HAS NO ARISING OUT OF

9    REQUIREMENT.

10        AND THAT'S EXACTLY WITH THE CHANG COURT FOCUSED ON,

11   WAS THAT EACH TRANS -- IT HAD TO BE ARISING OUT OF EACH

12   TRANSACTION.

13        HERE WE HAVE A SPECIFIC FEE PROVISION THAT SAYS YOU

14   CAN GET FEES IN AN ACTION ENFORCE A TERM, THERE'S NOTHING THAT

15   REQUIRES THAT THE ACTION BE ARISING OUT OF EACH PLAINTIFF'S

16   CONTRACT.

17        SO CHANG, I THINK, IS DISTINGUISHABLE.  AND CHANG ALSO

18   IS THE AUTHORITY FOR THE PROPOSITION THAT CONTRACTUAL

19   ATTORNEYS' FEES ARE ALLOWED IN RICO CLAIMS AND THERE IS NOT A

20   CASE THAT SAYS YOU CANNOT RECOVER FOR FEES INCURRED IN TORT AND

21   CONTRACT UNDER 1021.

22        AND I THINK THE XUEREB CASE ACTUALLY SAYS QUITE THE

23   OPPOSITE.  SAYS THAT IRRESPECTIVE WHAT THE THEORY IS, WHETHER

24   IT'S CONTRACT OR TORT WHERE YOU HAVE A FEE PROVISION THAT

25   APPLIES, 1021 WILL GIVE YOU THE RIGHT TO RECOVER THE FEES.

```
 1        THE COURT:  BUT ONLY, BUT 1021 JUST TELLS YOU THAT THE

 2   SUPREME COURT, CALIFORNIA SUPREME COURT CASE IS, YOU GOT TO

 3   LOOK AT THE EXACT LANGUAGE OF THE PROVISION AND THIS ONE IS

 4   FAIRLY NARROW.

 5        ANYWAY I'LL LET YOU WRAP UP.  I HAVE READ THE CASES IN

 6   THE BRIEF, SO WE NEED TO GET TO SOME OF MY OTHER MOTIONS.

 7   ANYTHING FURTHER?

 8        MS. ALLMAN:  ONLY THAT IT DOESN'T MATTER WHAT THE

 9   THEORY IS, WHETHER IT'S STATUTE, TORT OR CONTRACT, HERE THE

10   SPECIFIC PROVISION EVEN THOUGH RELATIVE TO OTHER PROVISIONS

11   MAYBE CONSIDERED NARROW, IT IS RIGHT ON POINT.

12        THIS ACTION WOULD HAVE ENFORCED A VERY SPECIFIC TERM

13   OF THE LEASE AGREEMENT, WHETHER OR NOT 1717 APPLIES, 1021

14   CLEARLY DOES.

15        THE COURT:  OKAY.  ANYTHING FURTHER?

16        MS. BRANCART:  WELL, WHETHER OR NOT IT WOULD HAVE

17   ENFORCED THE TERM OF THE AGREEMENT ISN'T THE TEST, THE TEST IS

18   LOOKING AT WHAT TYPE OF CLAIM IT WAS, IT WAS A TORT CLAIM, A

19   RICO CLAIM.

20        I JUST WANT TO SAY ABOUT DISTINGUISHING CHANG, IN

21   THEIR CLAIM FOR FEES IS THAT PLAINTIFF'S ACTION WAS TO ENFORCE

22   A TERM OF THE CONTRACT THEN, I THINK, THAT CHANGE SUPPORTS US

23   BECAUSE WE ARE HAVING MULTIPLE PEOPLE SIGNING INDIVIDUAL

24   CONTRACTS EACH ENFORCING THE CONTRACT DOING THAT GIVES RISE TO

25   THE RICO PATTERN.
```

1          THE COURT:  ALL RIGHT.   THANK YOU.

2          MS. BRANCART:   THANKS.

3

4                    (PROCEEDINGS ADJOURNED.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS.

I FURTHER CERTIFY THAT I AM NOT OF COUNSEL OR ATTORNEY FOR EITHER OR ANY OF THE PARTIES IN THE FOREGOING PROCEEDINGS AND CAPTION NAMED, OR IN ANY WAY INTERESTED IN THE OUTCOME OF THE CAUSE NAMED IN SAID CAPTION.

THE FEE CHARGED AND THE PAGE FORMAT FOR THE TRANSCRIPT CONFORM TO THE REGULATIONS OF THE JUDICIAL CONFERENCE.

FURTHERMORE, I CERTIFY THE INVOICE DOES NOT CONTAIN CHARGES FOR THE SALARIED COURT REPORTER'S CERTIFICATION PAGE.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS 19TH DAY OF MARCH, 2008.


_____

JAMES YEOMANS, CSR, RPR