1  Sara B. Allman, Esq., CSB #107932
   Steven A. Nielsen, Esq., CSB #133864
2  ■ ALLMAN & NIELSEN ■
   A Professional Corporation
3  100 Larkspur Landing Circle, Suite 212
   Larkspur, CA  94939
4  Telephone:   (415) 461-2700
   Facsimile:    (415) 461-2726
5
6  Attorneys for Defendant
   THOMAS J. TOMANEK
7
                IN THE UNITED STATES DISTRICT COURT
8
                NORTHERN DISTRICT OF CALIFORNIA
9

10  EDITH MACIAS, individually and on behalf          Case No.: C07 3437 JSW
    of similarly situated individuals; HOTON
11  DURAN; TIFFANY HUYNH; AURA
    MENDIETA: WILLIAM LABOY; MIGUEL          **NOTICE OF MOTION AND MOTION**
12  ACOSTA; CRUZ ACOSTA; CUAUHTEMOC          **FOR EXPANSION OF RECORD [L.R.**
    TORAL; and TERESA VILLEGAS, KAPIKA       **RULE 72.3 (b)]**
13  SALAMBUE and MARINA DURAN
14
15          Plaintiffs,
        vs.                                   JUDGE:   Hon. Jeffrey S. White
16
    THOMAS J. TOMANEK; and MARK
17  GARIBALDI, individually and doing business
    as THE GARIBALDI COMPANY,
18
            Defendants.
19
20
21
22
23
24
25

                              -1-            ALLMAN & NIELSEN, P.C.
                                              100 Larkspur Landing Circle
                                                      Suite 212
                                               Larkspur, CA  94939
                                     Telephone: (415) 461-2700 Facsimile: (415) 461-2726

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN to plaintiffs EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS, KAPIKA SALAMBUE and MARINA DURAN ("Plaintiffs") and to their attorneys of record that defendant Thomas J. Tomanek ("Tomanek") will, and hereby does, move this Court for expansion of the record to include cases not previously cited that are relevant to the Motion for De Novo Determination filed concurrently herewith, as well as to include the entire state court complaint filed by plaintiffs subsequent to dismissal of this suit. [L.R. Rule 72.3 (b)].

## STATEMENT OF THE RELIEF REQUESTED

Tomanek has cited case law authority in support of the Motion for De Novo Determination filed concurrently herewith that was not cited in the papers he submitted in connection with the underlying Motion to be Declared Prevailing Party and for an Award of Attorney's Fees and Costs. (Doc. 37) Tomanek requests that the court expand the record to include these cases, citations set forth below, as they bear on Tomanek's Objection No. 4 to the Report and Recommendation ("R&R") to deny the underlying motion. Tomanek further requests that the court expand the record to include the entire state court complaint which plaintiffs filed subsequent to dismissal of this suit, in order to demonstrate that plaintiffs have omitted from their state court complaint the RICO claim, the Negligence claim, and the Breach of Covenant of Good Faith and Fair Dealing re lease agreements that were brought in this action.

-2-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION FOR EXPANSION
OF RECORD [L.R. RULE 72.3 (b)]

## MEMORANDUM OF POINTS AND AUTHORITIES

At the time a party files an objection or response to the R&R, the party may make a motion for expansion or addition to the record of the proceedings before the magistrate judge or for an evidentiary hearing.  Civil Local Rule 72-3 (b).

The cases cited below pertain to the R&R's conclusion that the statutory interpretation of Civil Code section 1717 observed in *In re Baroff* , 105 F.3d 439 (9th Cir. 1997) that California courts liberally construe "on a contract" should not be followed here (Doc. 62, R&R, 2:28-3:1-13).   Tomanek cites these cases now in support of his argument that *In re Baroff* remains good law and that the liberal statutory interpretation to which it refers has been applied in cases subsequent to *Santisas v. Goodin* (1998) 17 Cal.4th 599 and in support of his argument that the bankruptcy appellate opinion, *In re Davison*, 289 B.A.P. 716, on which the R&R relies in reaching its conclusion, is not binding on the district courts.

Additional Case Law Authority:

1. *Bank of Maui v. Estate Analysis, Inc.* 904 F.2d 470, 472 (9th Cir. 1989)

2. *California Wholesale Material Supply, Inc. v.  Norm Wilson & Sons, Inc.* (2002) 96 Cal.App.4th 598

3. *In re Fobian*, 951 F. 2d 1149 (C.A.9 1991)

4. *Mitchell Land v. Ferrantelli* (2007) 158 Cal.App.4th 479

5. *Travelers Casualty and Surety Co. of America v. Pacific Gas & Electric* ___U.S.___ (2007), 127 S. Ct. 1199, 167 L.Ed.2d 178

//

//

//

-3-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

Additional Evidence:

The evidence of the state court complaint pertains to Tomanek's Objection No. 5 to the R&R and demonstrates that plaintiffs have not re-filed three of the claims brought originally in this action. The R&R found that plaintiffs have "re-filed their breach of contract and tort claims in state court." (Doc. 62, R&R, 3:17-18) The Reply Brief submitted by Tomanek referred to the state court complaint to show the state court causes of action brought by plaintiffs. (Doc. 54, p. 11) The caption page only, however, was attached as Exhibit 1 to plaintiffs' opposition to the underlying motion without including the entirety of the complaint (Doc. 44, p. 30). A true and correct copy of the entire state complaint is attached hereto as Exhibit "A" and the court is requested to take judicial notice of its filing. Fed. R. Evid. 201(b)(2).

<u>CONCLUSION</u>

For all the foregoing reasons, it is submitted that good cause exists to expand the record and it is respectfully requested that the Court grant the within motion to expand the record to include the case law and evidence cited above.


Respectfully Submitted,

Dated: March 25, 2008                    ALLMAN & NIELSEN, P. C.


By:___/s/ Sara B. Allman
   Sara B. Allman, Esq.
   Attorneys for Defendant
   THOMAS J. TOMANEK

-4-

NOTICE OF MOTION AND MOTION FOR EXPANSION
OF RECORD [L.R. RULE 72.3 (b)]

## PROOF OF SERVICE

I am a citizen of the United States and employed in Marin County, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

**NOTICE OF MOTION AND MOTION FOR EXPANSION OF RECORD**
**[L.R. RULE 72.3 (b)]**

on the interested parties in the action by placing [] the original [X] a true copy thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Christopher Brancart<br>Elizabeth Brancart<br>BRANCART & BRANCART<br>PO Box 686<br>Pescadero, CA  94060<br>Telephone: (650) 879-0141<br>Facsimile:   (650) 879-1103<br>ebrancart@brancart.com<br>cbrancart@brancart.com | Attorney for Plaintiffs EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; and TERESA VILLEGAS |
| John S. Blackman<br>Farbstein & Blackman<br>411 Borel Ave #425<br>San Mateo, CA 94402-3518<br>(650) 554-6200<br>Fax Number (650) 554-6240 | Attorneys for Defendant MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY |
| Carl D. Ciochon<br>Wendel Rosen Black & Dean, LLP<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | Attorneys for Defendant MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY |

[X]    BY MAIL:  I deposited such envelope with postage thereon fully prepaid in the United States Postal Service mailbox at Larkspur, California.

[ ]    BY PERSONAL SERVICE:  I delivered such envelope by hand to the addressee.

[ ]    BY FACSIMILE:  I sent such document via facsimile to the facsimile machine of the addressee.

-5-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

[ ]    BY EXPRESS MAIL:  I deposited such envelope in a mailbox regularly maintained by the United States Postal Service for receipt of Express Mail postage paid to be delivered by Express Mail for overnight courier service to the addressee.

[ ]    BY OVERNIGHT DELIVERY:  I deposited the envelope, in an envelope designated by the express service carrier, with delivery fees provided for, in a box regularly maintained by the express service carrier for overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on March 25, 2008, at Larkspur, California.

_____
NOLI VILLA

-6-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

NOTICE OF MOTION AND MOTION FOR EXPANSION
OF RECORD [L.R. RULE 72.3 (b)]

Exhibit "A"

1 | BRANCART & BRANCART
   Christopher Brancart (SBN 128475)
2 |    cbrancart@brancart.com
   Elizabeth Brancart (SBN 122092)
3 |    ebrancart@brancart.com
*Mailing Address:*
4 | Post Office Box 686
Pescadero, CA 94060
5 | *Street Address:*
8205 Pescadero Road
6 | Loma Mar, CA 94021
Tel:   (650) 879-0141
7 | Fax:   (650) 879-1103
8 | Attorneys for Plaintiffs





**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

EDITH MACIAS, individually and on behalf of similarly situated individuals; HOTON DURAN; TIFFANY HUYNH; AURA MENDIETA; WILLIAM LABOY; MIGUEL ACOSTA; CRUZ ACOSTA; CUAUHTEMOC TORAL; TERESA VILLEGAS, KAPIKA SALAMBUE; and MARINA DURAN,

        Plaintiffs,

    vs.

THOMAS J. TOMANEK; and MARK GARIBALDI, individually and doing business as THE GARIBALDI COMPANY,

        Defendants.

Case No. 08366602

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1)  Violation of CC § 1950.5
2)  Violation of B&P Code § 17200
3)  Fraud
4)  Unjust Enrichment
5)  Defamation

**JURY TRIAL DEMANDED**

**[CLASS ACTION]**

BY FAX

## I. INTRODUCTION

1.    In this action, plaintiffs, former tenants of the Rancho Luna & Rancho Sol Apartments, a large rental complex located in Fremont, California, claim that defendant Thomas J. Tomanek and defendant Mark Garibaldi, doing business as The Garibaldi Company, have engaged in unlawful and unfair business practices in the operation and

---

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1   management of the Rancho Luna & Sol Apartments in violation of California Business &
2   Professions Code § 17200, et seq., Civil Code §1950.5, and the general common law,
3   by improperly charging vacating tenants for the ordinary wear and tear in their units,
4   retaining tenants' security deposits and demanding additional payments for alleged
5   property damage upon move-out.  The class representative plaintiff brings this action
6   on behalf of herself and similarly situated individuals.

7                          II.  **JURISDICTION AND VENUE**

8        2.       This court has jurisdiction over plaintiffs' claims under Civil Code § 1950.2
9   and Business & Professions Code §§ 17203 and 17204.

10       3.       Venue is proper in Alameda County and this judicial district pursuant to
11  Code of Civil Procedure § 395(a).  Plaintiffs are informed and believe that at least one
12  defendant, Thomas J. Tomanek, is a resident of Alameda County.

13                                III.  **PARTIES**

14       4.       Plaintiffs Edith Macias and Hoton Duran resided in apartment 246 in the
15  Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between
16  November 1, 2004 and  November 1, 2005.  Plaintiff Edith Macias brings this suit on
17  behalf of herself and a class of similarly situated individuals.

18       5.       Plaintiff Tiffany Huynh resided in apartment 115 in the Rancho Sol section
19  of the Rancho Luna & Rancho Sol Apartments between July 27, 2002, and October 3,
20  2005.

21       6.       Plaintiff Aura Mendieta resided in apartment 104 in the Rancho Luna
22  section of the Rancho Luna & Rancho Sol Apartments between October 19, 2002, and
23  October 31, 2005.

24       7.       Plaintiff William Laboy resided in apartment 108 in the Rancho Sol section
25  of the Rancho Luna & Rancho Sol Apartments between March 30, 2004, and April 1,
26  2005.

27  //
28  //

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF                                                                          2

1    8.    Plaintiffs Miguel Acosta and Cruz Acosta resided in apartment 202 in the

2  Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between February

3  23, 2002 and April 4, 2006.

4    9.    Plaintiffs Cuauhtemoc Toral and Teresa Villegas resided in apartment 205

5  in the Rancho Luna section of the Rancho Luna & Rancho Sol Apartments between

6  March 13, 2004, and March 30, 2005.

7    10.    Plaintiff Kapika Salambue resided in apartment 230 in the Rancho Luna

8  section of the Rancho Luna & Rancho Sol Apartments between  August 1, 2004, and

9  August 13, 2005.

10    11.    Plaintiff Marina Duran resided in apartment 119 in the Rancho Luna

11  section of the Rancho Luna & Rancho Sol Apartments between December 2001 and

12  December 2005.

13    12.    Plaintiffs are informed and believe and thereon allege that defendant

14  Thomas J. Tomanek owns the Rancho Luna & Rancho Sol Apartments and has done

15  so at all times relevant herein.

16    13.    Plaintiffs are informed and believe and thereon allege that defendant Mark

17  Garibaldi, doing business as The Garibaldi Company, acts as the property manager

18  operating the Rancho Luna & Rancho Sol Apartments, and has done so at all times

19  relevant herein, employed by defendant Thomas J. Tomanek as his managing agent.

20  Defendant Mark Garibaldi, doing business as The Garibaldi Company employs agents

21  to assist him in the operation of the Rancho Luna & Rancho Sol Apartments.  As used

22  herein, "The Garibaldi Company" refers to Mark Garibaldi, doing business as The

23  Garibaldi Company.

24    14.    Plaintiffs are informed and believe and thereon allege that, at all times

25  mentioned herein, each and every defendant is and was, in doing the things

26  complained of herein, the agent of its co-defendants herein and was acting within the

27  scope of said agency and/or representation, and that each and every defendant herein

28

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

1    is jointly and severally responsible and liable to plaintiffs for the damages hereinafter

2    alleged.

3                            IV. **FACTS**

4                        **A. INTRODUCTION**

5           15.    Pursuant to California Civil Code § 1950.5(e), a landlord may claim from a

6    tenant's security deposit only those amounts as are reasonably necessary (1) to

7    compensate the landlord for a tenant's default in the payment of rent; (2) to repair

8    damages to the premises, exclusive of ordinary wear and tear, caused by the tenant or

9    by a guest or licensee of the tenant; (3) to clean the premises upon termination of the

10   tenancy as necessary to return the unit to the same level of cleanliness it was in at the

11   inception of the tenancy; or (4) to remedy future defaults by the tenant in any obligation

12   under the rental agreement to restore, replace, or return personal property or

13   appurtenances, exclusive of ordinary wear and tear, if the security deposit is authorized

14   to be applied thereto by the rental agreement.  A landlord "may not assert a claim

15   against the tenant or the security for damages to the premises or any defective

16   conditions that preexisted the tenancy, for ordinary wear and tear or the effects thereof,

17   whether the wear and tear preexisted the tenancy or occurred during the tenancy, or for

18   the cumulative effects of ordinary wear and tear occurring during any one or more

19   tenancies."  California Civil Code § 1950.5(e).

20          16.    Defendants have engaged in a pattern or practice of  wrongfully

21   withholding the security deposits of vacating tenants as a method of funding

22   renovations and updates to units that have suffered only ordinary wear and tear during

23   the tenancy.  Defendants unlawfully assert claims against tenants and their security

24   deposits for alleged damages to units at the Rancho Luna & Rancho Sol Apartments

25   that preexisted tenancy or consisted of ordinary wear and tear during the tenancy.  This

26   unlawful practice is generally applicable to defendants' former, current and future

27   tenants as a class.

28   //

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**                                                              4

## B. EDITH MACIAS AND HOTON DURAN

17.    On October 21, 2004, plaintiffs Edith Macias and Hoton Duran entered into a written lease agreement with The Garibaldi Company at the Rancho Luna & Rancho Sol Apartments for rental of apartment 246 in the Rancho Luna section of the complex. Plaintiffs were assisted in the execution of the lease agreement by an individual, whom plaintiffs are informed and believe was an employee of The Garibaldi Company, who countersigned the lease agreement on behalf of The Garibaldi Company.  Pursuant to the agreement, Ms. Macias and Mr. Duran paid $1,700 as a security deposit before commencing their tenancy.  Under the terms of the agreement, The Garibaldi Company agreed to return the $1,700 security deposit by mail within three weeks of the tenants' vacating the unit, less any charges for damage to the premises, fixtures or furnishings, but not including charges for reasonable wear and tear.  Pursuant to Civil Code § 1950.5(e), The Garibaldi Company was prohibited by law from assert a claim against the tenant or the security for damages to the premises or any defective conditions that preexisted the tenancy, for ordinary wear and tear or the effects thereof, whether the wear and tear preexisted the tenancy or occurred during the tenancy, or for the cumulative effects of ordinary wear and tear occurring during any one or more tenancies.

18.    In giving The Garibaldi Company the $1,700 security deposit, Ms. Macias and Mr. Duran reasonably relied on The Garibaldi Company to abide by its representations and the law, including California Civil Code § 1950.5(e), and not to charge them for reasonable wear and tear to the unit.

19.    The  representation of The Garibaldi Company in the lease agreement that it would not charge Ms. Macias and Mr. Duran for reasonable wear and tear to the unit was false, or made with reckless disregard to its falsity, because The Garibaldi Company intentionally followed a policy and practice of unlawfully charging vacating tenants for reasonable wear and tear to their unit.

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

5

20.   On November 1, 2005, Ms. Macias and Mr. Duran vacated apartment 246. Before vacating that apartment, Ms. Macias and Mr. Duran requested an initial inspection by defendants. The purpose of that inspection was to allow Ms. Macias and Mr. Duran the opportunity to remedy deficiencies identified by defendants in order to avoid deductions from his security deposit. But defendants failed or refused to conduct that inspection in accordance with California Civil Code § 1950.5(f)(1). At the time that Ms. Macias and Mr. Duran vacated apartment 246, that dwelling had been returned to the same condition, except for normal wear and tear, and same level of cleanliness as it was at the inception of their tenancy.

21.   Nonetheless, defendants unlawfully, and acting in bad faith, charged $2,818.75 for cleaning and damage to apartment 246, deducting that sum from the security deposit paid by Ms. Macias and Mr. Duran. Defendants retained, and continue to retain, the full amount of plaintiffs' security deposit. Because the charges exceed the amount of the security deposit, defendants claim that Ms. Macias and Mr. Duran owe defendants $1,160.75. Defendants have sought to collect those unlawful charges from Ms. Macias and Mr. Duran through the use of a collection agency, T.A. Ross Collections. In July 2006, defendants placed the alleged debt with T.A. Ross Collections for attempted collection. Since that time, T.A. Ross Collections has made a report to the national credit reporting agencies regarding Ms. Macias, stating that the alleged debt is in collection, resulting in a negative mark on Ms. Macias' credit report.

### C.  TIFFANY HUYNH

22.   On July 27, 2002, plaintiff Tiffany Huynh entered into a written agreement with The Garibaldi Company at the Rancho Luna & Rancho Sol Apartments for rental of apartment 115 in the Rancho Sol section of the complex. Plaintiff was assisted in the execution of the lease agreement by an individual, whom plaintiff is informed and believes was an employee of The Garibaldi Company, who countersigned the lease agreement on behalf of The Garibaldi Company. Pursuant to that agreement, Ms. Huynh paid $400 as a security deposit before commencing her tenancy. Under the

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   terms of the agreement, The Garibaldi Company agreed to return the $400 security

2   deposit by mail within three weeks of the tenants' vacating the unit, less any charges for

3   damage to the premises, fixtures or furnishings, but not including charges for

4   reasonable wear and tear.  Pursuant to Civil Code § 1950.5(e), The Garibaldi Company

5   was prohibited by law from assert a claim against the tenant or the security for

6   damages to the premises or any defective conditions that preexisted the tenancy, for

7   ordinary wear and tear or the effects thereof, whether the wear and tear preexisted the

8   tenancy or occurred during the tenancy, or for the cumulative effects of ordinary wear

9   and tear occurring during any one or more tenancies.

10       23.    In giving The Garibaldi Company the $400 security deposit, Ms. Huynh

11   reasonably relied on The Garibaldi Company to abide by its representations and the

12   law, including California Civil Code § 1950.5(e), and not to charge her for reasonable

13   wear and tear to the unit.

14       24.    The  representation of The Garibaldi Company in the lease agreement

15   that it would not charge Ms. Huynh for reasonable wear and tear to the unit was false,

16   or made with reckless disregard to its falsity, because The Garibaldi Company

17   intentionally followed a policy and practice of unlawfully charging vacating tenants for

18   reasonable wear and tear to their unit.

19       25.    On October 3, 2005, Ms. Huynh vacated apartment 115.  At the time that

20   Ms. Huynh vacated apartment 115, that dwelling had been returned to the same

21   condition, except for normal wear and tear, and same level of cleanliness as it was at

22   the inception of her tenancy.

23       26.    Nonetheless, defendants unlawfully, and acting in bad faith, charged

24   $452.04 for cleaning and damage to apartment 115, deducting that sum from Ms.

25   Huynh's security deposit.  After deducting for charges from the security deposit,

26   defendants returned only $50.45 to Ms. Huynh.  Defendants retained, and continue to

27   retain, the remaining balance of plaintiff's security deposit.

28   //

---

### D.  AURA MENDIETA

27.    On October 19, 2002, plaintiff Aura Mendieta entered into a written agreement with The Garibaldi Company at the Rancho Luna & Rancho Sol Apartments for rental of apartment 104 in the Rancho Luna section of the complex. Plaintiff was assisted in the execution of the lease agreement by an individual, whom plaintiff is informed and believes was an employee of The Garibaldi Company, who countersigned the lease agreement on behalf of The Garibaldi Company.  Pursuant to that agreement, Ms. Mendieta paid $400 as a security deposit before commencing her tenancy.  Under the terms of the agreement, The Garibaldi Company agreed to return the $400 security deposit by mail within three weeks of the tenants' vacating the unit, less any charges for damage to the premises, fixtures or furnishings, but not including charges for reasonable wear and tear.  Pursuant to Civil Code § 1950.5(e), The Garibaldi Company was prohibited by law from assert a claim against the tenant or the security for damages to the premises or any defective conditions that preexisted the tenancy, for ordinary wear and tear or the effects thereof, whether the wear and tear preexisted the tenancy or occurred during the tenancy, or for the cumulative effects of ordinary wear and tear occurring during any one or more tenancies.

28.    In giving The Garibaldi Company the $400 security deposit, Ms. Mendieta reasonably relied on The Garibaldi Company to abide by its representations and the law, including California Civil Code § 1950.5(e), and not to charge her for reasonable wear and tear to the unit.

29.    The  representation of The Garibaldi Company in the lease agreement that it would not charge Ms. Mendieta for reasonable wear and tear to the unit was false, or made with reckless disregard to its falsity, because The Garibaldi Company intentionally followed a policy and practice of unlawfully charging vacating tenants for reasonable wear and tear to their unit.

30.    On September 30, 2005, Ms. Mendieta gave written notice of intent to move out and made a written request for an inspection of her unit prior to her move out.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1  The manager refused to conduct that inspection in accordance with California Civil
2  Code § 1950.5(f)(1).  On October 31, 2005, Ms. Mendieta vacated apartment 104.  At
3  the time that Ms. Mendieta vacated apartment 104, that dwelling had been returned to
4  the same condition, except for normal wear and tear, and same level of cleanliness as it
5  was at the inception of her tenancy.

6      31.    Nonetheless, defendant unlawfully, and acting in bad faith, charged
7  $652.16 for cleaning and damage to apartment 104, deducting that sum from Ms.
8  Mendieta's security deposit.  Defendants retained, and continue to retain, the full
9  amount of plaintiff's security deposit.  Because the charges exceed the amount of the
10  security deposit, defendants claim that Ms. Mendieta owes defendants $252.16.
11  Subsequently, defendants referred that alleged debt to T.A. Ross Collections, which
12  attempted to collect it from Ms. Mendieta.

13                      **E.  WILLIAM LABOY**

14      32.    On March 30, 2004, plaintiff William Laboy entered into a written
15  agreement with The Garibaldi Company at the Rancho Luna & Rancho Sol Apartments
16  for rental of apartment 108 in the Rancho Sol section of the complex.  Plaintiff was
17  assisted in the execution of the lease agreement by an individual, whom plaintiff is
18  informed and believes was an employee of The Garibaldi Company, who countersigned
19  the lease agreement on behalf of The Garibaldi Company.  Pursuant to that agreement,
20  Mr. Laboy paid $400 as a security deposit before commencing his tenancy.  Under the
21  terms of the agreement, The Garibaldi Company agreed to return the $400 security
22  deposit by mail within three weeks of the tenants' vacating the unit, less any charges for
23  damage to the premises, fixtures or furnishings, but not including charges for
24  reasonable wear and tear.  Pursuant to Civil Code § 1950.5(e), The Garibaldi Company
25  was prohibited by law from assert a claim against the tenant or the security for
26  damages to the premises or any defective conditions that preexisted the tenancy, for
27  ordinary wear and tear or the effects thereof, whether the wear and tear preexisted the
28

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

1   tenancy or occurred during the tenancy, or for the cumulative effects of ordinary wear
2   and tear occurring during any one or more tenancies.

3      33.   In giving The Garibaldi Company the $400 security deposit, Mr. Laboy
4   reasonably relied on The Garibaldi Company to abide by its representations and the
5   law, including California Civil Code § 1950.5(e), and not to charge him for reasonable
6   wear and tear to the unit.

7      34.   The representation of The Garibaldi Company in the lease agreement
8   that it would not charge Mr. Laboy for reasonable wear and tear to the unit was false, or
9   made with reckless disregard to its falsity, because The Garibaldi Company
10  intentionally followed a policy and practice of unlawfully charging vacating tenants for
11  reasonable wear and tear to their unit.

12     35.   On April 1, 2005, Mr. Laboy vacated apartment 108.  Before vacating that
13  apartment, Mr. Laboy requested an initial inspection by defendant.  The purpose of that
14  inspection was to allow Mr. Laboy the opportunity to remedy deficiencies identified by
15  defendants in order to avoid deductions from his security deposit.  But defendants
16  failed or refused to conduct that inspection in accordance with California Civil Code §
17  1950.5(f)(1).  At the time that Mr. Laboy vacated apartment 108, that dwelling had been
18  returned to the same condition, except for normal wear and tear, and the same level of
19  cleanliness as it was at the inception of his tenancy.

20     36.   Nonetheless, defendants unlawfully, and acting in bad faith, charged
21  $512.20 for cleaning and damage to apartment 108, deducting that sum from Mr.
22  Laboy's security deposit.  Defendants retained, and continue to retain, the full amount
23  of plaintiff's security deposit.  Because the charges exceed the amount of the security
24  deposit, defendants claim that Mr. Laboy owes defendants $112.20 in cleaning and
25  damages charges.

26                   **F.  MIGUEL ACOSTA AND CRUZ ACOSTA**

27     37.   On February 22, 2002, plaintiffs Miguel and Cruz Acosta entered into a
28  written lease agreement with The Garibaldi Company at the Rancho Luna & Rancho

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

1  Sol Apartments for rental of apartment 202 in the Rancho Luna section of the complex.

2  Plaintiffs were assisted in the execution of the lease agreement by an individual, whom

3  plaintiffs are informed and believe was an employee of The Garibaldi Company, who

4  countersigned the lease agreement on behalf of The Garibaldi Company.  Pursuant to

5  the agreement, the Acostas paid $1,150 as a security deposit before commencing their

6  tenancy.  Under the terms of the agreement, The Garibaldi Company agreed to return

7  the $1,150 security deposit by mail within three weeks of the tenants' vacating the unit,

8  less any charges for damage to the premises, fixtures or furnishings, but not including

9  charges for reasonable wear and tear.  Pursuant to Civil Code § 1950.5(e), The

10  Garibaldi Company was prohibited by law from assert a claim against the tenant or the

11  security for damages to the premises or any defective conditions that preexisted the

12  tenancy, for ordinary wear and tear or the effects thereof, whether the wear and tear

13  preexisted the tenancy or occurred during the tenancy, or for the cumulative effects of

14  ordinary wear and tear occurring during any one or more tenancies.

15      38.    In giving The Garibaldi Company the $1,150 security deposit, the Acostas

16  reasonably relied on The Garibaldi Company to abide by its representations and the

17  law, including California Civil Code § 1950.5(e), and not to charge them for reasonable

18  wear and tear to the unit.

19      39.    The  representation of The Garibaldi Company in the lease agreement

20  that it would not charge the Acostas for reasonable wear and tear to the unit was false,

21  or made with reckless disregard to its falsity, because The Garibaldi Company

22  intentionally followed a policy and practice of unlawfully charging vacating tenants for

23  reasonable wear and tear to their unit.

24      40.    On April 4, 2006, the Acostas vacated apartment 202.  At the time that the

25  Acostas vacated apartment 202, that dwelling had been returned to the same condition,

26  except for normal wear and tear, and same level of cleanliness as it was at the

27  inception of their tenancy.

28  //

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

11

41.     Nonetheless, defendant unlawfully, and acting in bad faith, charged the Acostas $1,180.43 for cleaning and damage to apartment 202, deducting that sum from the Acostas' security deposit. Defendants retained the full amount of plaintiffs' security deposit. Because the charges exceed the amount of the security deposit, defendants claimed that the Acostas owe defendants $30.43

42.     On or about August 20, 2007 (over one year after they vacated their unit), the Acostas received a check from The Garibaldi Company in the amount of $848.08, and a statement to the effect that the accounting of the damages assessed against their security deposit had been in error. That statement and check were forwarded to the Acostas only after plaintiffs had initiated a lawsuit.

## G. CUAUHTEMOC TORAL AND TERESA VILLEGAS

43.     On March 13, 2004, plaintiffs Cuauhtemoc Toral and Teresa Villegas entered into a written lease agreement with The Garibaldi Company at the Rancho Luna & Rancho Sol Apartments for rental of apartment 205 in the Rancho Luna section of the complex. Plaintiffs were assisted in the execution of the lease agreement by an individual, whom plaintiffs are informed and believe was an employee of The Garibaldi Company, who countersigned the lease agreement on behalf of The Garibaldi Company. Pursuant to the agreement, Mr. Toral and Ms. Villegas paid a total security deposit of $1,100 in connection with their tenancy. Under the terms of the agreement, The Garibaldi Company agreed to return the $1,100 security deposit by mail within three weeks of the tenants' vacating the unit, less any charges for damage to the premises, fixtures or furnishings, but not including charges for reasonable wear and tear. Pursuant to Civil Code § 1950.5(e), The Garibaldi Company was prohibited by law from assert a claim against the tenant or the security for damages to the premises or any defective conditions that preexisted the tenancy, for ordinary wear and tear or the effects thereof, whether the wear and tear preexisted the tenancy or occurred during the tenancy, or for the cumulative effects of ordinary wear and tear occurring during any one or more tenancies.

1    44.    In giving The Garibaldi Company the $1,100 security deposit, Mr. Toral
2    and Ms. Villegas reasonably relied on The Garibaldi Company to abide by its
3    representations and the law, including California Civil Code § 1950.5(e), and not to
4    charge them for reasonable wear and tear to the unit.

5    45.    The  representation of The Garibaldi Company in the lease agreement
6    that it would not charge Mr. Toral an Ms. Villegas for reasonable wear and tear to the
7    unit was false, or made with reckless disregard to its falsity, because The Garibaldi
8    Company intentionally followed a policy and practice of unlawfully charging vacating
9    tenants for reasonable wear and tear to their unit.

10    46.    On March 30, 2005, Mr. Villegas and Ms. Villegas vacated apartment 205.
11    Before vacating their apartment, the dwelling had been returned to the same condition,
12    except for normal wear and tear, and same level of cleanliness as it was at the
13    inception of their tenancy.

14    47.    Nonetheless, defendant unlawfully, and acting in bad faith, charged for
15    cleaning and damage to apartment 205, and refused to return any portion of Mr. Toral
16    and Ms. Villegas' security deposit.  Defendants retained, and continue to retain, the full
17    amount of plaintiffs' security deposit.

18                              **H.  KAPIKA SALAMBUE**

19    48.    On or about August 2, 2004, plaintiff Kapika Salambue entered into a
20    written agreement with The Garibaldi Company at the Rancho Luna & Rancho Sol
21    Apartments for rental of apartment 230 in the Rancho Luna section of the complex.
22    Plaintiff was assisted in the execution of the lease agreement by an individual, whom
23    plaintiff is informed and believes was an employee of The Garibaldi Company, who
24    countersigned the lease agreement on behalf of The Garibaldi Company.  Pursuant to
25    that agreement, Ms. Salambue paid $500 as a security deposit before commencing her
26    tenancy.  Under the terms of the agreement, The Garibaldi Company agreed to return
27    the $500 security deposit by mail within three weeks of the tenants' vacating the unit,
28    less any charges for damage to the premises, fixtures or furnishings, but not including

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**
                                                                                      13

1  charges for reasonable wear and tear.  Pursuant to Civil Code § 1950.5(e), The

2  Garibaldi Company was prohibited by law from assert a claim against the tenant or the

3  security for damages to the premises or any defective conditions that preexisted the

4  tenancy, for ordinary wear and tear or the effects thereof, whether the wear and tear

5  preexisted the tenancy or occurred during the tenancy, or for the cumulative effects of

6  ordinary wear and tear occurring during any one or more tenancies.

7      49.    In giving The Garibaldi Company the $500 security deposit, Ms.

8  Salambue reasonably relied on The Garibaldi Company to abide by its representations

9  and the law, including California Civil Code § 1950.5(e), and not to charge her for

10  reasonable wear and tear to the unit.

11      50.    The  representation of The Garibaldi Company in the lease agreement

12  that it would not charge Ms. Salambue for reasonable wear and tear to the unit was

13  false, or made with reckless disregard to its falsity, because The Garibaldi Company

14  intentionally followed a policy and practice of unlawfully charging vacating tenants for

15  reasonable wear and tear to their unit.

16      51.    On July 13, 2005, Ms. Salambue gave written notice of intent to move.

17  On August 13, 2005, Ms. Salambue vacated apartment 230.  At the time that Ms.

18  Salambue vacated apartment 230, that dwelling had been returned to the same

19  condition, except for normal wear and tear, and same level of cleanliness as it was at

20  the inception of her tenancy.

21      52.    Nonetheless, defendant unlawfully, and acting in bad faith, charged

22  $1,415.73 for cleaning and damage to apartment 230, deducting that sum from Ms.

23  Salambue's security deposit.  Defendants retained, and continue to retain, the full

24  amount of plaintiff's security deposit.  Because the charges exceed the amount of the

25  security deposit, defendants claim that Ms. Salambue owes defendants $915.73.

26      53.    Ms. Salambue recently received a communication from T.A. Ross

27  Collections demanding payment of that $915.73.

28  //

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**
                                                                14

### I. MARINA DURAN

54.     In December 2001, plaintiff Marina Duran entered into a written agreement with The Garibaldi Company at the Rancho Luna & Rancho Sol Apartments for rental of apartment 119 in the Rancho Luna section of the complex. Plaintiff was assisted in the execution of the lease agreement by an individual, whom plaintiff is informed and believes was an employee of The Garibaldi Company.  Pursuant to that agreement, Ms. Duran paid $99 as a security deposit before commencing her tenancy. Under the terms of the agreement, The Garibaldi Company agreed to return the $99 security deposit by mail within three weeks of the tenants' vacating the unit, less any charges for damage to the premises, fixtures or furnishings, but not including charges for reasonable wear and tear.  Pursuant to Civil Code § 1950.5(e), The Garibaldi Company was prohibited by law from assert a claim against the tenant or the security for damages to the premises or any defective conditions that preexisted the tenancy, for ordinary wear and tear or the effects thereof, whether the wear and tear preexisted the tenancy or occurred during the tenancy, or for the cumulative effects of ordinary wear and tear occurring during any one or more tenancies.

55.     In giving The Garibaldi Company the $99 security deposit, Ms. Duran reasonably relied on The Garibaldi Company to abide by its representations and the law, including California Civil Code § 1950.5(e), and not to charge her for reasonable wear and tear to the unit.

56.     The  representation of The Garibaldi Company in the lease agreement that it would not charge Ms. Mendieta for reasonable wear and tear to the unit was false, or made with reckless disregard to its falsity, because The Garibaldi Company intentionally followed a policy and practice of unlawfully charging vacating tenants for reasonable wear and tear to their unit.

57.     In December 2005, Ms. Duran gave notice and moved out of apartment 119.  At the time that Ms. Duran vacated apartment 119, that dwelling had been

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

15

1  returned to the same condition, except for normal wear and tear, and same level of

2  cleanliness as it was at the inception of her tenancy.

3      58.    Nonetheless, defendant unlawfully, and acting in bad faith, charged

4  $1,084.86 for cleaning and damage to apartment 119, deducting that sum from Ms.

5  Duran's security deposit.  Because the charges exceed the amount of the security

6  deposit, defendants claimed that Ms. Duran owes defendants $985.86.

7      59.    Thereafter, Ms. Duran received a demand for payment of the $985.86

8  from defendants or their agent.  She paid that amount for fear of being sent to

9  collections.

## V. CLASS ACTION ALLEGATIONS

11      60.    _Class._  Plaintiff Edith Macias seeks to bring this case on behalf of herself

12  and on behalf of a class of similarly situated individuals.  Ms. Macias, as class

13  representative, seeks to represent a class of tenants who have resided at the Rancho

14  Luna & Rancho Sol Apartments at any time since June 29, 2003, to the present, and

15  future tenants, who have had, or in the future will have, claims asserted against them or

16  their security deposits by defendants for alleged damages to units at the Rancho Luna

17  & Rancho Sol Apartments.

18      61.    _Commonality._  This suit poses questions of law and fact that are common

19  to and affect the rights of all members of the class.  The common questions of law and

20  fact shared by all class members include, but are not limited to:

21          a.    Whether defendants had and continue to have a pattern and

22              practice of arbitrarily and fraudulently deducting portions of all

23              security deposits required to be returned;

24          b.    Whether defendants are engaging in and have engaged in

25              conduct, as a practice, that constitutes an unfair business practice;

26          c.    Whether defendants have a practice of failing to comply with

27              Civil Code § 1950.5; and

28

---

1          d.    Whether defendants have acted with malice, oppression and

2   fraud entitling plaintiffs to punitive damages.

3        62.   Typicality. The claims of the lass representative are typical of the claims

4   of class members as a whole, because defendants have implemented and pursued a

5   policy or practice of unlawfully asserting claims against class members or their security

6   deposits for alleged damages to units at the Rancho Luna & Rancho Sol Apartments

7   that preexisted their tenancy or consisted of ordinary wear and tear during the tenancy,

8   or to clean the premises beyond the same level of cleanliness it was in at the inception

9   of the tenancy. The experience of class representative Edith Macias, as alleged in

10  paragraphs 17-21 above, is typical of the experience of members of the plaintiff class.

11       63.   Numerosity. The number of members of the class on whose behalf

12  plaintiff sues is unknown, but it is estimated to be so numerous that joinder of all such

13  members is impracticable. The number of persons possibly affected by defendants'

14  unlawful policies and practices is indeterminate, but it is larger than can be addressed

15  by joinder.

16       64.   Superiority. A class action is superior to other available methods for the

17  fair and efficient adjudication of the controversy of the claims of the class plaintiffs. The

18  damages suffered by the individual class members, although not inconsequential, may

19  be relatively small and the expense and burden of individual litigation for each class

20  member makes it impractical for class members to seek individual redress for the

21  wrongful conduct alleged herein. In addition, the prosecution of separate actions woudl

22  create risk of inconsistent rulings, which may harm the interests of individual class

23  members who are not parties to the adjudications and/or may substantially impeded

24  their ability to protect their interests.

25       65.   Adequacy of Representation. Plaintiff will fairly and adequately protect

26  the interests of the class because plaintiff's counsel possesses the requisite resources

27  and ability to prosecute this action and because the class representative's interests are

28  consistent with the interests of the class.

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

# VI. CAUSES OF ACTION

## A. FIRST CAUSE OF ACTION

### [Civil Code § 1950.5]

*All Plaintiffs and the Plaintiff Class v. All Defendants*

66.     Plaintiffs and the plaintiff class reallege and incorporate by reference all previous paragraphs alleged in the complaint herein.

67.     Defendants' course of conduct described above injured plaintiffs and the members of the plaintiff class who have vacated the complex by failing to comply with the requirements of Civil Code § 1950.5, making defendants liable for actual damages.

68.     Defendants acted in bad faith towards plaintiffs and the members of the plaintiff class who have vacated the complex within the meaning of Civil Code § 1950.5(l), entitling plaintiffs and those members of the plaintiff class to damages of up to twice the amount of their security deposits, in addition to actual damages.

69.     Defendants acted with oppression, fraud and malice in engaging in the business practices described above, such that plaintiffs and those members of the plaintiff class are entitled to punitive damages in an amount to be established at trial. ongoing.

## B. SECOND CAUSE OF ACTION

### [California Unfair Business Practices]

*All Plaintiffs and the Plaintiff Class v. All Defendants*

70.     Plaintiffs and the plaintiff class reallege and incorporate by reference all previous paragraphs alleged in the complaint herein.

71.     In acting as herein alleged, defendants have engaged in a pattern or practice of unlawful and unfair conduct in the operation of the Rancho Luna & Rancho Sol Apartments, and therefore have engaged in acts of unfair competition as the same is defined in California Business and Professions Code § 17200, et seq.

72.     The acts of unfair competition in which defendants have engaged include, but are not limited to, violating Civil Code § 1950.5 governing the return and retention of

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

1   security deposits, and by engaging in unfair policies and practices with respect to

2   making claims against vacating tenants and vacating tenants' security deposits for

3   alleged damage to their units.

4       73.    In bringing this action, plaintiffs and the plaintiff class are acting in the

5   interest of themselves and the general public pursuant to the California Business and

6   Professions Code § 17204.

7       74.    Plaintiffs and the plaintiff class seek injunctive relief ordering defendants

8   to stop their unlawful practices and restitution of the security deposits wrongfully

9   withheld and the charges unlawfully assessed against them by defendants.

10                      **C.  THIRD CAUSE OF ACTION**

11                            **[Fraud]**

12           ***All Plaintiffs and the Plaintiff Class v. All Defendants***

13      75.    Plaintiffs and the plaintiff class reallege and incorporate by reference all

14  previous paragraphs alleged in the complaint herein.

15      76.    As alleged above in paragraphs 17-59 and incorporated herein, defendant

16  Mark Garibaldi, doing business as The Garibaldi Company, has engaged in a practice

17  of making false representations to plaintiffs and members of the plaintiff class with

18  respect to the return of their security deposits.  Defendant and his agents knew that

19  those representations were false, or acted with reckless disregard as to their falsity.

20      77.    By making those misrepresentations, defendant and his agents intended

21  to induce plaintiffs and the plaintiff class to entrust defendant with their security

22  deposits.  Plaintiffs and the plaintiff class justifiably relied upon those

23  misrepresentations.

24      78.    As a result of defendants' wrongful conduct, plaintiffs and the members of

25  the plaintiff class who have vacated the complex have suffered and continue to suffer

26  economic losses, and other general and specific damages, all in an amount to be

27  determined according to proof at the time of trial.

28

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

79.    In doing those unlawful acts and making those representations, defendant Mark Garibaldi, doing business as The Garibaldi Company, was acting as the agent of Thomas J. Tomanek within the scope of his agency, thus making Thomas J. Tomanek vicariously liable for that conduct as principal.

80.    Defendants acted with oppression, fraud and malice in engaging in the business practices described above, such that plaintiffs and the plaintiff class are entitled to punitive damages in an amount to be established at trial.

81.    Defendant Thomas J. Tomanek, as principal, is vicariously liable for the fraudulent acts of its agent, Mark Garibaldi, doing business as The Garibaldi Company, conducted in the course of their agency relationship, and for all compensatory damages awarded by the jury.  Thomas J. Tomanek, as owner of the  Rancho Luna & Rancho Sol Apartments, knew or should have known of the fraudulent conduct of its agent Mark Garibaldi, doing business as The Garibaldi Company, but continued to employ him to manage the Rancho Luna & Rancho Sol Apartments, thus making Thomas J. Tomanek vicariously liable for punitive damages.

## D.  FOURTH CAUSE OF ACTION

### [UNJUST ENRICHMENT]

*All Plaintiffs and the Plaintiff Class v. All Defendants*

82.    Plaintiffs reallege and incorporate by reference all previous paragraphs alleged in the complaint herein.

83.    In making unlawful claims against the security deposits of plaintiffs and the plaintiff class, defendants unjustly obtained a benefit from plaintiffs in the form of payments neither due nor owing, which defendants retained.  Defendants accepted and has retained those payments from plaintiffs for their own use, unjustly depriving plaintiffs of those funds.  Allowing defendants to retain those benefits would be inequitable.  Those benefits belong, in equity and good conscience, to plaintiffs.

84.    Accordingly, plaintiffs and the plaintiff class pray for an order of this Court directing defendants to disgorge all profits, benefits and other compensation obtained

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  by defendants from plaintiff and the plaintiff class by their unlawful conduct, and

2  imposing a constructive trust thereon.

3  ### E.  FIFTH CAUSE OF ACTION

4  ### [DEFAMATION]

5  ### *Plaintiffs Edith Macias, Hoton Duran, Aura Mendieta*

6  ### *and Kapika Salambue v. All Defendants*

7       85.    Plaintiffs Edith Macias, Hoton Duran, Aura Mendieta and Kapika

8  Salambue reallege and incorporate by reference all previous paragraphs alleged in the

9  complaint herein.

10       86.    In or about July 2006, defendants defamed plaintiff Edith Macias and

11  plaintiff Hoton Duran and plaintiff Aura Mendieta by communicating to T.A. Ross

12  Collections that each refused to pay a just debt, and authorizing T.A. Ross Collections

13  to commence collection efforts against them.  At some time within the applicable statute

14  of limitations, at a time currently unknown to plaintiffs, defendants defamed plaintiff

15  Kapika Salambue by communicating to T.A. Ross Collections that she refused to pay a

16  just debt, and authorizing T.A. Ross Collections to commence collection efforts against

17  her.  Those alleged debts were not just debts, in that they were the result of defendants'

18  unlawful pattern and practice of withholding tenants' security deposits and making

19  unlawful claims against those deposits, as set forth herein.  Each of those

20  communications was defamatory on its face, causing damage to plaintiffs' credit

21  ratings, and causing them to suffer general and special damages to be proved at trial.

22  ### VII.  RELIEF

23      Wherefore, plaintiffs and all class members pray for the following relief against

24  defendants:

25       1.    That the classes described above be certified in this action pursuant to

26  Code of Civil Procedure 382;

27       2.    For an order declaring unlawful defendants' pattern and practices

28  complained of herein;

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

3.      For an order enjoining all unlawful practices complained about herein;

4.      For an order requiring defendants to make restitution to plaintiffs and the plaintiff class;

5.      For an order awarding actual or compensatory damages to plaintiffs and the plaintiff class according to proof;

6.      For an order awarding statutory damages to plaintiffs and the plaintiff class according to proof;

7.      For an order awarding punitive damages to plaintiffs and the plaintiff class according to proof;

8.      For an order requiring defendants to disgorge their profits and benefits obtained unjustly from plaintiffs and the plaintiff class, together with statutory interest thereon, and imposing a constructive trust thereon;

9.      For costs of suit, including reasonable attorneys' fees pursuant to Code of Civil Procedure § 1021.5; and,

10.     For all such other relief as the Court deems just.

Dated:  January 17, 2008.

Respectfully submitted,

BRANCART & BRANCART

Elizabeth Brancart
Attorneys for Plaintiffs

//
//
//
//
//
//

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

VIII.  **JURY DEMAND**

Plaintiffs and the plaintiff class hereby request a jury trial.

Dated:  January 17, 2008.

Respectfully submitted,

BRANCART & BRANCART

Elizabeth Brancart
Attorneys for Plaintiffs

**CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

23